UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BILLI-JO CLUNEY, individually and as Personal Representative for the Estate of James M. Cluney, Sr.<br><br>                  Plaintiffs,<br><br>v.<br><br>BROWNELLS, INC., and<br>MDX CORP., and<br>FEDEX CORPORATE SERVICES, INC.<br><br>                  Defendants. | Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant FedEx Corporate Services ("FedEx") hereby files its Notice of Removal under 28 U.S.C. §1441 to effect removal of this matter which was commenced in the Superior Court of Waldo County, State of Maine, under case number BELSC-CV-2024-042, to the United States District Court for the District of Maine. Defendant states that removal is proper under 28 U.S.C. § 1332 for the following reasons:

## BACKGROUND

1.  On or about May 1, 2024, Plaintiff filed a Complaint styled *Billi-Jo Cluney v. Brownells et al.*, Docket Number BELSC-CV-2024-042, pending in the Waldo County Superior Court in the State of Maine. FedEx's records indicate that it was served notice of this action on May 7, 2024. Copies of the complaint and summons are attached hereto as Exhibit A. These documents constitute all pleadings, process and other documents served upon Defendant in this action and upon which Plaintiff's action is based.

1

2. The above-styled suit is a civil action for money damages in which Plaintiff alleges, inter alia, that Defendants engaged in negligent acts in the sale and transportation of gun parts which were eventually used to kill James M. Cluney, Sr. The alleged conduct occurred in the state of Maine.

3. FedEx has not responded to the Complaint in state court. Plaintiffs consented to an extension of the responsive pleading deadline up to and including June 7, 2024.

## TIMELINESS

4. Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty days of May 7, 2024, the date FedEx first received the initial pleading upon which this action is based. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day removal period begins to run upon service of summons and complaint).

## VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the Superior Court in the County of Waldo, State of Maine, where the state court action was pending prior to removal, is a state court within this federal district and division.

## REMOVAL IS PROPER BASED ON THE DIVERSITY OF THE PARTIES UNDER 28 U.S.C. § 1332

6. This Court has original jurisdiction over Plaintiff's claims by virtue of diversity of citizenship and satisfaction of the amount in controversy requirement of 28 U.S.C. § 1332.

7. Defendant FedEx Corporate Services, Inc. was and is incorporated in the state of Delaware and at all relevant times has had its principal place of business in the state of Tennessee. Thus, FedEx is a citizen of Delaware and Tennessee. 28 U.S.C. §§ 1332(c)(1). Plaintiff's complaint admits that FedEx is a citizen of Tennessee. *See* Ex. A (Complaint), ¶ 5.

8.      Defendant Brownells Incorporated was and is incorporated in the state of Iowa and at all relevant times has had its principal place of business in the state of Iowa. Thus, Brownells is a citizen of Iowa. 28 U.S.C. §§ 1332(c)(1). Plaintiff's complaint admits that Brownells is a citizen of Iowa. *See* Ex. A (Complaint), ¶ 3.

9.      Defendant MDX Corp. was and is incorporated in the state of Arizona and at all relevant times has had its principal place of business in either the state of California or Arizona. Thus, MDX is a citizen of California and/or Arizona. 28 U.S.C. §§ 1332(c)(1). Plaintiff's complaint admits that MDX is a citizen of California. *See* Ex. A (Complaint), ¶ 4.

10.     Upon information and belief, Plaintiff is currently, and was at the commencement of this action, a citizen of the State of Maine. *See* Ex. A (Complaint), ¶¶ 2, 7, 87 (alleging that plaintiff resides in Waldo County, Maine). Decedent likewise was a citizen of the State of Maine. *Id.* Plaintiff's complaint admits that Plaintiff is a citizen of Maine. *See id.*

11.     Plaintiff's Complaint contemplates an amount in controversy that exceeds $75,000.00, exclusive of interest and costs, in that Plaintiff seeks damages for negligence, intentional infliction of emotional distress, conscious pain and suffering, loss of consortium, expenses of medical hospital care and funeral expenses, damages for wrongful death, and punitive damages related to that death. *See* Ex. A (Complaint), at 71; *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87-89 (2014) (removal notice need only make "short and plain statement" of amount-in-controversy, absent any allegations of amount-in-controversy in the plaintiff's complaint); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62, 1064-66 (11th Cir. 2010) (wrongful death claims supported conclusion that $75,000 amount-in-controversy requirement satisfied, despite lack of specific allegations regarding the amount of damages

sought); *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 67 (5th Cir. 2010) (same); *Barron v. Benchmark Senior Living, LLC*, 2023 WL 1782246, at *2-3 (D.N.H. Feb. 6, 2023) (same).

12. This action is thus properly removable to federal court pursuant to 28 U.S.C. § 1332 and § 1441(a).

## **MISCELLANEOUS**

13. Under 28 U.S.C. § 1446(b)(2)(A), all defendants that have been properly joined and served must join or consent to removal. Both MDX and Brownells have consented to the removal of this case to federal court, as indicated in the attached Exhibit B and as indicated by its counsel's signature below.

14. Written notice of the filing of this Notice of Removal will be given to the Plaintiff and, together with copies of its supporting papers, will be filed with the State Court as provided in 28 U.S.C. § 1446(d).

15. By filing this Notice of Removal, FedEx expressly reserves, and does not waive, any and all defenses that may be available to it, including those related to personal jurisdiction and service of process. If any question arises as to the propriety of the removal of this action, FedEx respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

**WHEREFORE,** FedEx Corporate Services, by and through counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the clerk of the State Court, effects the removal of said civil action to this Honorable Court.

Dated: June 6, 2024.

        Respectfully submitted,

        FedEx Corporate Services, Inc.
        By its Attorneys,

        */s/  Joshua D. Dunlap*
        Joshua D. Dunlap
        */s/ Julia B. MacDonald*
        Julia B. MacDonald

        PIERCE ATWOOD LLP
        Merrill's Wharf
        254 Commercial Street
        Portland, ME 04101
        (207) 791-1100
        jdunlap@pierceatwood.com
        jmacdonald@pierceatwood.com

        Jason Bernhardt
        (*pro hac vice* to be filed)
        Tom Murrey
        (*pro hac vice* to be filed)

        Federal Express Corporation
        3620 Hacks Cross Road, Building B, 3d Floor
        Memphis, TN 38125
        (901) 434-3213

**CONSENT TO REMOVAL**

*/s/ Christopher Renzulli*
Renzulli Law Firm, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
(914) 285-0700
crenzulli@renzullilaw.com

*Counsel for Brownells Incorporated*

*/s/ Ryan Erdreich*
Pisciotti Lallis Erdreich
30 Columbia Turnpike, Suite 205
Florham Park, NJ 07932
(973) 245-8100
rerdreich@pisciotti.com

*Counsel for MDX Corp.*

6

#17179955v2

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2024, I electronically filed the foregoing document, via email to the United States District Court for the District of Maine, and served the same, via email and U.S. Mail, postage prepaid to the following:

David Kreisler, Esq.
Peter Richard, Esq.
Garmey Law
482 Congress St., Suite 402
Portland, ME 04101
dkreisler@garmeylaw.com
prichard@garmeylaw.com
*Counsel for Plaintiff*

Ryan L. Erdreich, Esq.
Pisciotti Lallis Erdreich
30 Columbia Turnpike, Suite 205
Florham Park, NJ 07932
rerdreich@pisciotti.com
*Counsel for Defendant MDX Corp.*

Christopher Renzulli, Esq.
Renzulli Law Firm, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
crenzulli@renzullilaw.com
*Counsel for Defendant Brownells, Inc.*

DATED: June 6, 2024

/s/ Joshua D. Dunlap
Joshua D. Dunlap
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial St.
Portland, ME 04101
Phone: 207-791-1100
Email: jdunlap@pierceatwood.com

*Attorneys for Defendant
FedEx Corporate Services, Inc.*

#17179955v2