# EXHIBIT A

CONTAINS NONPUBLIC DIGITAL INFORMATION

**MAINE JUDICIAL BRANCH**

COPY

Billi-Jo Cluney, individually and as PR of the Estate of James M. Cluney, Sr. **Plaintiff**

v.

FedEx Corporate Services, Inc. **Defendant**
Agent: C T Corporation System **Address**
3 Chase Avenue
Augusta, ME 04330

*"X" the court for filing:*
[X] Superior Court  [ ] District Court
County: **Waldo**
Location (Town): _____
Docket No.: _____

**SUMMONS**
M. R. Civ. P. 4(d)

The Plaintiff has begun a lawsuit against you in the [ ] District [X] Superior Court, which holds sessions at (*street address*) **11 Market Street**, in the Town/City of **Belfast**, County of **Waldo**, Maine. If you wish to oppose this lawsuit, you or your attorney **MUST PREPARE AND SERVE A WRITTEN ANSWER** to the attached Complaint **WITHIN 20 DAYS** from the day this Summons was served upon you. You or your attorney must serve your Answer by delivering a copy of it in person, by mail, or by email to the Plaintiff's attorney, whose name and address, including email address appear below, or by delivering a copy of it in person or by mail to the Plaintiff, if the Plaintiff's name and address appear below. You or your attorney must also file the original of your Answer with the court by mailing it to: Clerk of [ ] District [X] Superior Court,
**11 Market Street**, **Belfast**, Maine **04915**
(*Mailing Address*)        (*Town, City*)        (*Zip*)
before, or within a reasonable time after, it is served. Court rules governing the preparation and service of Answers are found at www.courts.maine.gov.

---

**IMPORTANT WARNING**: If you fail to serve an answer within the time stated above, or if, after you answer, you fail to appear at any time the Court notifies you to do so, a judgment by default may be entered against you in your absence for the money damages or other relief demanded in the Complaint. If this occurs, your employer may be ordered to pay part of your wages to the Plaintiff or your personal property, including bank accounts and your real estate may be taken to satisfy the judgment. **If you intend to oppose this lawsuit, do not fail to answer within the requested time.**

---

If you believe the plaintiff is not entitled to all or part of the claim set forth in the Complaint or if you believe you have a claim of your own against the Plaintiff, you should talk to a lawyer. If you feel you cannot afford to pay a fee to a lawyer, you may ask the clerk of court for information as to places where you may seek legal assistance.

Date (*mm/dd/yyyy*): **05/01/2024**

Peter Richard, Esq.        ([X] Attorney for) Plaintiff
46974        Bar # (if applicable)
482 Congress St. Suite 402  Address
Portland ME 04101
207-899-4644        Telephone/Email

(Seal of Court)

*Shelley Sawyer*
Clerk

---

**ADA Notice:** The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
**Language Services:** For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

Harry McKenney
Chief Civil Deputy
Kennebec County
Sheriff's Office

MAY 07 2024

CONTAINS NONPUBLIC DIGITAL INFORMATION

# MAINE JUDICIAL BRANCH

## STATE OF MAINE

_____ County

On (*date*) _____, I served the Complaint (and Summons, and <u>Notice Regarding Electronic Service</u>) upon Defendant _____ by delivering a copy of the same at the following address:

_____

☐ to the above-named Defendant in hand.

☐ to (*name*) _____, a person of suitable age and discretion who was then residing at Defendant's usual residence.

☐ to (*name*) _____, who is authorized to receive service for Defendant.

☐ by (*describe other manner of service*): _____
_____
_____.

Date (*mm/dd/yyyy*): _____    ▶ _____
                                              Deputy Sheriff Signature

                                           _____
                                                   Printed Name

**Costs of Service:**                      _____
                                                      Agency

Service:      $ _____
Travel:       $ _____
Postage:      $ _____
Other:        $ _____

**Total**     $ _____

---

**ADA Notice:** The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
**Language Services:** For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

CONTAINS NONPUBLIC DIGITAL INFORMATION   **MAINE JUDICIAL BRANCH**

| *Complete the caption that applies to your case:* | | *"X" the court for filing:* |
|---|---|---|
| ☒  BILLI-JO CLUNEY | Plaintiff/Petitioner | ☒ Superior Court ☐ District Court |
| | | ☐ Unified Criminal Docket |
| | | ☐ Supreme Judicial Court |
| V. | | County:  WALDO |
| FEDEX CORPORATE SERVICES, INC. | Defendant/Respondent | Location (Town): |
| | Other Party | Docket No.: |

**OR**

☐ IN RE:

## NOTICE REGARDING ELECTRONIC SERVICE

**NOTICE TO PARTIES**: All parties who are represented by an attorney are subject to the requirements of Electronic Service under Rule 5 of the Maine Rules of Civil Procedure, and Rule 49(d) of the Maine Rules of Unified Criminal Procedure.

**OPT IN**: *If you do not have an attorney*, papers that must be served on you <u>by other parties</u> in this case will be sent to you through the regular mail to your address of record. But **you have a choice** to allow other parties to serve you by sending documents electronically to your designated email address.

> **PLEASE NOTE:  Any electronic service that you opt into applies only to papers served on you by other parties.** It does not apply to documents that are sent to you by the court or documents that you file with the court.
>
> **Even if you opt in to allow service by email, you can only send documents to the other parties by email if (1) they also opt in by completing this form, and (2) you can scan and create .pdf files of documents.**

<u>**If you choose not to opt in, you do not need to do anything.**</u> If you would like to receive papers electronically, you must meet the requirements set forth below. Check the appropriate box(es), sign, and mail or email the form to all other parties in the case. <u>Do not file this form with the Court.</u>

☐ **Electronic Receipt**: I choose to OPT IN to allow other parties to email me documents in this case. I have reviewed and meet all of the following electronic receipt requirements:

    ☐ I have a trusted email account and I have daily access to this account;
    ☐ I understand that **I will receive time-sensitive documents** through this email address including documents that may require me to take action in this case;
    ☐ This email account has available electronic storage of at least 1 gigabyte;
    ☐ This email account accepts emails with attachments of up to 10 megabytes; and
    ☐ I will be able to maintain this email account throughout this case.

Date (*mm/dd/yyyy*): _____

▶ _____
Signature of Self-Represented Party
*(You do not have to print and sign this form. Typing your name above after /s/ will be accepted as an electronic signature.)*

Print name: _____

Print email address: _____

> **ADA Notice:** The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
> **Language Services:** For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

STATE OF MAINE                          SUPERIOR COURT
WALDO, SS                               CIVIL ACTION
                                        DOCKET NO. CV-24-


**BILLI-JO CLUNEY, INDIVIDUALLY
AND AS PERSONAL
REPRESENTATIVE FOR THE
ESTATE OF JAMES M. CLUNEY, SR.,**

        **PLAINTIFFS,**

    v.

**BROWNELLS, INC.,**                    **COMPLAINT**
                                        **AND**
**and**                                 **REQUEST FOR JURY TRIAL**

**MDX CORP.,**

**and**

**FEDEX CORPORATE SERVICES,
INC.,**

        **DEFENDANTS.**


NOW COMES the Plaintiff, Billi-Jo Cluney, as Personal Representative for the Estate of James M. Cluney, Sr. by and through undersigned counsel, Garmey Law, and complains against the Defendants Brownells, Inc., MDX Corp, and FedEx Corporate Services, Inc., (collectively "Defendants") for wrongful death and other counts detailed below caused by Defendants' negligence.  Plaintiff also demands a Jury Trial on all counts.


## PARTIES AND JURISDICTION


1.      Decedent James M. Cluney, Sr. was a resident of the Town of Brooks, County of Waldo, and State of Maine.

2.      Plaintiff Billi-Jo Cluney is the Personal Representative of the Estate of decedent

James M. Cluney, Sr. and is a resident of the Town of Brooks, County of Waldo, and State of Maine.

3.     Upon information and belief, Defendant Brownells, Inc., was and continues to be a business entity organized under the laws of the State of Iowa, with a principal place of business in the City of Montezuma, County of Poweshiek, and State of Iowa.

4.     Upon information and belief, MDX Corp., was and continues to be a business entity organized under the laws of the State of California, with a principal place of business in the City of Riverside, County of Riverside, and State of California.

5.     Upon information and belief, Defendant FedEx Corporate Services, Inc., was and continues to be a business corporation doing business in the State of Maine, by and through the authority vested in them by the State of Maine Department of the Secretary of State, and operates and maintains multiple established physical business locations in Waldo County, Maine, with a principal corporate office in the City of Memphis, County of Shelby, and State of Tennessee.

6.     The Court has jurisdiction over this action pursuant to 4 M.R.S.A. §105.

7.     Venue is proper in accordance with 14 M.R.S.A. §501 because the controversy arises in Waldo County, the Plaintiff and Decedent reside and resided in Waldo County, and at least one Defendant has sufficient business ties in Waldo County.

## FACTS RELATED TO ALL COUNTS

8.     Plaintiff repeats and re-alleges the above allegations as if set forth fully herein.

## BROWNELLS, INC.

9.     Brownells, Inc. is a business founded in 1939 in Montezuma, Iowa that has been a retail distributor of firearms, firearm parts including handgun frames, and ammunition

2

through the present day.

      10.    These parts and kits are effectively known as 'ghost gun kits' among the law enforcement community as the parts are not sold through the firearms background screening and age verification processes.

      11.    Brownells, Inc. has, and at the time of this incident had, instructions and videos on its website detailing how to assemble handguns from kits and components to create a complete operational handgun.

      12.    Brownells, Inc. controls, owns, and operates retail sales of firearms, firearm parts including gun frames, and ammunition in both a physical store located in Iowa and through online retail at www.Brownells.com.

      13.    Brownells, Inc. uses FedEx to ship and deliver its products that are purchased online.

      14.    Brownells, Inc. ships its products from the Grinnell Distribution Center in Grinnell, Iowa.

      15.    Brownells, Inc., as a firearms and ammunition distributor, is subject to the laws and provisions of Federal law, including 18 U.S.C. §922 and all its affiliated provisions and the Regulations codified in the Federal Register, specifically related to the Department of Alcohol, Tobacco, and Firearms, or "ATF".

## MDX CORP

      16.    MDX Corp is a business founded in Riverside, California, which sells and distributes firearm parts including build kits for assembling a handgun from separate unrefined and unpolished parts.

      17.    These parts are effectively known as 'ghost gun kits' among law enforcement and the law enforcement community as the parts are not sold through the firearms background screening and age verification processes.

      18.    MDX Corp has, and at the time of this incident had, instructions on its website

3

for how to assemble its kits and components.

19.     MDX Corp cannot sell its products in a retail store in California due to the fact that the parts sold by MDX Corp are "unserialized firearm precursor parts" and cannot be sold into the State of California.

20.     MDX Corp sells its products online through its internet retail store located at https://mdxarms.com.

21.     MDX Corp used to sell frame build kits, with frames included.

22.     MDX Corp has, as of the filing of this complaint, stopped the sale of those build kits that contain frames as stated on its website at https://mdxarms.com/how-to-order-build-kits.

23.     MDX Corp ships its products using FedEx, among other shipping carrier services.

24.     MDX Corp, as a firearms distributor, is subject to the laws and provisions of Federal law, including 18 U.S.C. §922 and all its affiliated provisions and the Regulations codified in the Federal Register, specifically related to the Department of Alcohol, Tobacco, and Firearms, or "ATF".

### FEDEX CORPORATE SERVICES, INC.

25.     FedEx is a shipping company incorporated in the United States with distribution and receiving centers all around the world, including at least four to five retail locations in Waldo County.

26.     FedEx delivers packages for Brownells, Inc. and for MDX Corp.

27.     FedEx knows that Brownells, Inc. and MDX Corp sell firearms, firearm parts including handgun frames, and/or ammunition which are subject to regulation under federal and state laws.

28.     FedEx knows that a majority of the items that it is shipping to customers from

4

these two (2) companies are firearms, firearm parts including gun frames, and ammunition.

29.     As a shipping company transferring what are or could be firearms, firearm parts including gun frames, and ammunition, FedEx is subject to the laws and provisions of Federal law, including 18 U.S.C. §922 and all its affiliated provisions and the Regulations codified in the Federal Register, specifically related to the Department of Alcohol, Tobacco, and Firearms, or "ATF".

## FEDERAL LAW 18 U.S.C. §921-923

30.     Brownells, Inc., MDX, Inc., and FedEx are also subject to the requirements of Federal Laws 18 U.S.C. §921-923 regarding the manufacture, sale, distribution, transfer, conveyance, shipping, and receiving of firearms, firearm parts including handgun frames, and ammunition.

31.     Federal Law 18 U.S.C. §922 defines unlawful acts relate to the purchase, sale, transport, manufacturing, and issuance of firearms and ammunition.

32.     18 U.S.C. §922(a)(2) states that it shall be unlawful for any importer, manufacturer, dealer, or collector licensed under the provisions of this chapter to ship or transport in interstate or foreign commerce any firearm to any person other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector.

33.     18 U.S.C. §922(b)(1) states that it shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver any firearm or ammunition to any individual who the licensee knows or has reasonable cause to believe is less than eighteen years of age, and, if the firearm, or ammunition is other than a shotgun or rifle, or ammunition for a shotgun or rifle, to any individual who the licensee knows or has reasonable cause to believe is less than twenty-one years of age.

34.     18 U.S.C. §922(b)(2) states that it shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver any firearm to any person in any State where the purchase or possession by such person of such firearm would be in violation of any State law or any published ordinance applicable at the place of

5

sale, delivery or other disposition, unless the licensee knows or has reasonable cause to believe that the purchase or possession would not be in violation of such State law or such published ordinance.

35. 18 U.S.C. §922(c)(1)-(3) states in any case not otherwise prohibited by this chapter, a licensed importer, licensed manufacturer, or licensed dealer may sell a firearm to a person who does not appear in person at the licensee's business premises (other than another licensed importer, manufacturer, or dealer) only if— (1) the transferee submits to the transferor a sworn statement in the following form:

*"Subject to penalties provided by law, I swear that, in the case of any firearm other than a shotgun or a rifle, I am twenty-one years or more of age, or that, in the case of a shotgun or a rifle, I am eighteen years or more of age; that I am not prohibited by the provisions of chapter 44 of title 18, United States Code, from receiving a firearm in interstate or foreign commerce; and that my receipt of this firearm will not be in violation of any statute of the State and published ordinance applicable to the locality in which I reside. Further, the true title, name, and address of the principal law enforcement officer of the locality to which the firearm will be delivered are* _____

_____

*Signature* _____ *Date* ____."

and containing blank spaces for the attachment of a true copy of any permit or other information required pursuant to such statute or published ordinance; (2) the transferor has, prior to the shipment or delivery of the firearm, forwarded by registered or certified mail (return receipt requested) a copy of the sworn statement, together with a description of the firearm, in a form prescribed by the Attorney General, to the chief law enforcement officer of the transferee's place of residence, and has received a return receipt evidencing delivery of the statement or has had the statement returned due to the refusal of the named addressee to accept such letter in accordance with United States Post Office Department regulations; and (3) the transferor has delayed shipment or delivery for a period of at least seven days following receipt of the

notification of the acceptance or refusal of delivery of the statement. A copy of the sworn statement and a copy of the notification to the local law enforcement officer, together with evidence of receipt or rejection of that notification shall be retained by the licensee as a part of the records required to be kept under section 923(g).

36.     18 U.S.C. §922(e) states it shall be unlawful for any person knowingly to deliver or cause to be delivered to any common or contract carrier for transportation or shipment in interstate or foreign commerce, to persons other than licensed importers, licensed manufacturers, licensed dealers, or licensed collectors, any package or other container in which there is any firearm or ammunition without written notice to the carrier that such firearm or ammunition is being transported or shipped; except that any passenger who owns or legally possesses a firearm or ammunition being transported aboard any common or contract carrier for movement with the passenger in interstate or foreign commerce may deliver said firearm or ammunition into the custody of the pilot, captain, conductor or operator of such common or contract carrier for the duration of the trip without violating any of the provisions of this chapter. No common or contract carrier shall require or cause any label, tag, or other written notice to be placed on the outside of any package, luggage, or other container that such package, luggage, or other container contains a firearm.

37.     18 U.S.C. §922 (f)(1)-(2) states that it shall be unlawful for any common or contract carrier to transport or deliver in interstate or foreign commerce any firearm or ammunition with knowledge or reasonable cause to believe that the shipment, transportation, or receipt thereof would be in violation of the provisions of this chapter. (2) It shall be unlawful for any common or contract carrier to deliver in interstate or foreign commerce any firearm without obtaining written acknowledgement of receipt from the recipient of the package or other container in which there is a firearm.

38.     18 U.S.C. §921(a)(3)(A) & (B) defines "firearm" as (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon.

39.     A handgun's frame is the legal definition of a firearm according to the definitions of the Federal Statutes and the definitions from the Department of Alcohol, Tobacco, and Firearms.

7

40.     18 U.S.C. §923 states that any licensed dealer, manufacturer, or distributor must keep and maintain records of all transactions, sales, shipments, and other documents related to the sale or transfer or distribution of firearms and ammunition.

41.     An updated Federal rule was submitted to the Federal Register through the Department of Justice and published on August 24, 2022, at cite 87 FR 24652 adding additional stringency to what is considered a firearm by legal definition, to include kits that permit the assembly of guns from parts.

42.     Federal law requires that all commercial sales of firearms, including handgun frames, take place through a Federal Firearm Licensee ("FFL").

43.     FFL's are legally required to run background checks on firearm purchasers through the National Instant Criminal Background Check System ("NICS") or a similar government-run system; these background checks seek to verify that the purchaser is eligible to possess the firearm.

44.     FFLs also have recordkeeping requirements that allow law enforcement officials to trace lost or stolen firearms or guns involved in criminal investigations.

45.     Defendant Brownells, Inc. is a company subject to the requirements of an FFL.

46.     Defendant Brownells, Inc. has sold handgun frame and receiver blanks without abiding by the conditions lawfully required for the commercial sale of those firearms without conducting background checks to verify that the purchaser is eligible to possess a firearm or handgun, through prohibition or age, and without maintaining the types of records that FFLs selling "frames" and "receivers" must maintain.

47.     Defendant Brownells, Inc. has sold handgun ammunition without abiding by the conditions lawfully required for the commercial sale of handgun ammunition without conducting background checks to verify that the purchaser is eligible to possess ammunition, through prohibition or age, and without maintaining the types of records that FFLs selling ammunition must maintain.

48.     As a result, Brownells, Inc. has sold firearms and ammunition out of compliance with federal serialization, point-of-sale regulations, and background screening

and eligibility criteria.

49.    Defendant Brownells, Inc. has violated Federal Law with regard to the online sale of handguns, handgun frames, and handgun ammunition.

50.    Defendant MDX Corp is a company subject to the requirements of an FFL.

51.    Defendant MDX Corp has sold frame and receiver blanks without serial numbers on them, without abiding by the conditions lawfully required for the commercial sale of handgun frame or receiver blanks, without conducting background checks to verify that the purchaser is eligible to possess a firearm or handgun, through prohibition or age, and without maintaining the types of records that FFLs selling "frames" and "receivers" must maintain.

52.    As a result, MDX Corp has sold unserialized guns out of compliance with federal serialization, point-of-sale regulations, and background screening and eligibility criteria.

53.    Defendant MDX Corp has violated Federal Law with regard to the online sale of handguns and handgun frames.

54.    FedEx, as a shipping carrier also subject to the laws and provisions outlined above, in shipping packages for Brownells, Inc. and MDX Corp, are likewise subject to the requirements of prohibition and age verification requirements outlined by Federal and State laws.

55.    FedEx has specific requirements it must follow when transferring a firearm, including ensuring that the recipient who receives the package with the firearm is a licensed eligible recipient under the FFL for the interstate transfer of firearms.

56.    FedEx can only ship firearms from licensed FFL dealers or sellers, and that seller or dealer must be registered with FedEx.

57.    FedEx therefore has knowledge that packages from those licensed FFL dealers or sellers are likely to contain either firearms, firearm parts including frames, or ammunition.

58.    FedEx has delivered packages from Brownells, Inc. without verifying the package contents, without verifying the eligibility of the recipient to possess a firearm or

9

ammunition under Federal law, without verifying the age of the recipient of the package, and without obtaining confirmation that the recipient is a licensed FFL dealer for interstate transfer of firearms or firearm parts including frames or a legally eligible recipient of handgun ammunition.

59.    FedEx has delivered packages from MDX Corp without verifying the package contents, without verifying the eligibility of the recipient to possess a firearm or ammunition under Federal law, without verifying the age of the recipient of the package, and without obtaining confirmation that the recipient is a licensed FFL dealer for interstate transfer of firearms or firearm parts including frames.

60.    FedEx, as the entity in sole possession of the package that contains a firearm, firearm part including the frame, or ammunition that is sent from a FFL such as Brownells Inc. or MDX Corp, is legally responsible for ensuring that the recipient of any package from a FFL corporation that could reasonably be foreseeable to contain a firearm, firearm parts including the frame, or ammunition is delivered to a person who is legally eligible to receive any of the possible contents that the package could contain, including a firearm, firearm parts including the frame, or ammunition.

61.    Defendant FedEx has violated Federal Law in regard to the shipping, carrying, transport, and delivery of handguns, handgun frames, handgun parts, and ammunition.

62.    FedEx continues to deliver packages from Brownells Inc. and MDX Corp as of the date of the filing of this Complaint.

## MAINE LAW 17-A M.R.S.A. §2, 394, & 554-B

63.    Brownells, Inc., MDX, Inc., and FedEx are also subject to State laws when distributing products to consumers within those states, including Maine Law 17-A M.R.S.A. §554-B.

64.    17-A M.R.S.A. §2 Section 12-A states that "Firearm" means "any weapon, whether loaded or unloaded, which is designed to expel a projectile by the action of an explosive and includes any such weapon commonly referred to as a pistol, revolver, rifle,

10

gun, machine gun, or shotgun. Any weapon which can be made into a firearm by the insertion of a firing pin, or other similar thing, or by repair, is a firearm."

65.    17-A M.R.S.A. §554-B defines a "Handgun" as "a firearm that has a short stock and is designed to be held and fired by the use of a single hand, or in any combination of parts from which a handgun can be assembled."

66.    17-A M.R.S.A. §554-B defines a "Minor" as "a person under 18 years of age."

67.    17-A M.R.S.A. §554-B defines a "Transfer" to mean "to sell, furnish, give, lend, deliver or otherwise provide, with or without consideration."

68.    17-A M.R.S.A. §554-B states that it is unlawful under the laws of the State of Maine for a handgun to be transferred, sold, or furnished to a minor, absent the specific exceptions listed in the statute.

69.    15 M.R.S.A. §394 states that "a person may not knowingly or intentionally sell or transfer a firearm to a person who is prohibited from owning, possessing, or having under that person's control a firearm.

70.    Defendant Brownells, Inc. is a company subject to the requirements of the laws of the State of Maine as it sells products to persons in the State of Maine.

71.    Defendant Brownells, Inc. has sold handgun frames and receiver blanks without abiding by the conditions lawfully required for the commercial sale of those firearms, without conducting background checks to verify that the purchaser is eligible to possess a firearm or handgun under Maine law, through prohibition or age, and without maintaining the types of records that FFLs selling "frames" and "receivers" must maintain as proof of verification for eligibility to possess a handgun as defined under Maine Law in direct violation of Maine Laws.

72.    Defendant Brownells, Inc. has violated Maine Law with regard to the online sale of handguns, handgun frames, and handgun ammunition.

73.    Defendant MDX Corp is a company subject to the requirements of the laws of the State of Maine as it sells products to persons in the State of Maine.

74. Defendant MDX Corp has sold frame and receiver blanks and parts from which a handgun can be assembled without abiding by the conditions lawfully required for the commercial sale of handgun frame or receiver blanks or the transfer of handgun parts to a minor without conducting background checks or age checks to verify that the purchaser is eligible to possess a firearm or handgun or handgun parts from which a handgun can be assembled, and without maintaining the types of records that FFLs selling "frames" and "receivers" must maintain as proof of verification for eligibility to possess a handgun as defined under Maine Law in direct violation of Maine Laws.

75. Defendant MDX Corp has violated Maine Law with regard to the online sale of handguns and handgun frames.

76. FedEx, as a shipping carrier also subject to the laws and provisions outlined above, in shipping packages for Brownells, Inc. and MDX Corp, are likewise subject to the requirements of prohibition and age verification requirements outlined by Federal and State laws.

77. FedEx has specific requirements it must follow when transferring a firearm or handgun to a recipient in Maine, including ensuring that the recipient who receives the package with the firearm is a licensed eligible recipient under the FFL and under Maine Law for the interstate transfer of firearms and handguns.

78. FedEx has knowledge that packages from licensed FFL dealers or sellers are likely to contain either firearms, firearm parts including frames, or ammunition.

79. FedEx has delivered packages from Brownells, Inc. to Maine without verifying the package contents, without verifying the eligibility of the recipient to possess a firearm or ammunition under Federal law, without verifying the age of the recipient, and without obtaining confirmation that the recipient is a licensed FFL dealer for interstate transfer of firearms and handguns in direct violation of Maine Laws.

80. FedEx has delivered packages from MDX Corp without verifying the package contents, without verifying the eligibility of the recipient to possess a firearm or ammunition under Federal law, without verifying the age of the recipient, and without obtaining confirmation that the recipient is a licensed FFL dealer for interstate transfer of firearms and

12

handguns in direct violation of Maine Laws.

81.     FedEx, as the entity in sole possession of the package that contains a firearm or handgun, firearm parts including the frame, or ammunition that is sent from a FFL such as Brownells Inc. or MDX Corp, is legally responsible for ensuring that the recipient of any package from a FFL corporation that could reasonably be foreseeable to contain a firearm or handgun, firearm parts including the frame, or ammunition is not delivered to a person who is ineligible or disqualified to receive any of the possible contents that the package could contain, including a firearm or handgun, firearm parts including the frame, or ammunition in direct violation of Maine Laws.

82.     FedEx has delivered those packages from Brownells, Inc. and MDX Corp without verifying age or eligibility to receive firearms or handguns, firearm parts including the frame, or ammunition to individuals in Maine without verifying eligibility to receive items from a FFL distributor where the contents of the package delivered could very well be a firearm or handgun, firearm parts including the frame, or ammunition which would be illegal for a minor person to receive.

83.     Defendant FedEx has violated Maine Law in regard to the shipping, carrying, transport, and delivery of handguns, handgun frames, handgun parts, and ammunition.

84.     FedEx continues to deliver packages from Brownells Inc. and MDX Corp as of the date of the filing of this Complaint.

## THE DEATH OF JAMES M. CLUNEY, SR.

85.     Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

86.     Plaintiff Billi-Jo Cluney was married to James M. Cluney, Sr.

87.     Plaintiff and Mr. Cluney, collectively herein after referred to as the "Cluneys", lived together with their two children at their home located at 1108 Littlefield Road in Brooks, Maine.

13

88.     The Cluneys informally took in two underprivileged children, Atilio Delgado and his younger brother, into their home in Brooks, Maine sometime between 2018-2019.

89.     Atilio Delgado was born on May 15, 2005.

90.     Atilio Delgado was an acquaintance of the Cluneys' children through school and reported that his parents were "drug addicts" and did not take care of him.

91.     The Cluneys allowed Atilio Delgado to live in their home most days and nights of the week, and the family treated him as one of their own.

92.     The Cluneys did not apply for or take aid from the State for caring for the Delgados and did not take money from their parents for the care of the two boys; they did this out of the kindness of their hearts and at their own financial expense.

93.     By 2022, Atilio Delgado had been living at the Cluneys' home for approximately three and a half years and was 16 years old.

94.     On or around October 8, 2021, Atilio Delgado used a pre-paid Visa gift card issued through SecureSpend to pre-load $440.00 onto card, number 4097 5807 5588 1700, expiration date 07/29 with the 'issued to' name of CARDHOLDER.

95.     On or around October 10, 2021, Atilio Delgado used that same SecureSpend Visa gift card number 4097 5807 5588 1700, expiration date 07/29 with the 'issued to' name of CARDHOLDER to purchase an item or items from MDX CORP in California totaling $434.74, which were parts to construct a handgun.

96.     On or around November 9, 2021 at 3:33 AM, Atilio Delgado made a purchase from Brownells.com totaling $69.01 with a OneVanilla pre-paid Visa gift card with the 'issued to' name of CARDHOLDER with one of the following numbering sequences:

4941 6050 4911 8615  Exp: 12/28

4941 6050 4622 1578  Exp: 12/28

4941 6050 0295 3743  Exp: 12/28

14

97.   On or around November 10, 2021 at 4:06 AM, Atilio Delgado made a purchase from Brownells.com totaling $26.81 with a OneVanilla pre-paid Visa gift card with the 'issued to' name of CARDHOLDER with one of the following numbering sequences:

4941 6050 4911 8615  Exp: 12/28

4941 6050 4622 1578  Exp: 12/28

4941 6050 0295 3743  Exp: 12/28

98.   On or around December 18, 2021 at 3:27 AM, Atilio Delgado made a purchase from Brownells.com totaling $52.12 with a OneVanilla pre-paid Visa gift card with the 'issued to' name of CARDHOLDER with one of the following numbering sequences:

4941 6050 4911 8615  Exp: 12/28

4941 6050 4622 1578  Exp: 12/28

4941 6050 0295 3743  Exp: 12/28

99.   These purchases from Brownells, Inc. included the purchase of handgun ammunition.

100.   From the combination of these four (4) transactions from Brownells, Inc. and MDX CORP, Atilio Delgado purchased all the necessary components to build a handgun and to load it with handgun ammunition.

101.   In May of 2022, Mrs. Cluney learned from her children that Atilio Delgado had purchased a handgun and ammunition online and that he had the loaded handgun in his possession in their home.

102.   Mrs. Cluney informed Mr. Cluney of this and the Cluneys arranged to speak to Atilio Delgado about this.

103.   Atilio Delgado was not over 21 years of age when he purchased and received

15

the handgun frame.

104.    Atilio Delgado was not over 21 years of age when he purchased and received the handgun parts.

105.    Atilio Delgado was not over 21 years of age when he purchased and received the handgun ammunition.

106.    The Cluneys were the only persons in the home who were over the age of 21.

107.    The Cluneys did not take possession of any shipment packages that they knew contained or reasonably would have known contained a handgun frame, handgun parts, or handgun ammunition.

108.    Mrs. Cluney learned that the gun was delivered to their home by FedEx as Atilio Delgado had told this to the Cluneys' children.

109.    Mr. Cluney spoke to Atilio Delgado and informed him that the Cluneys were not comfortable with him having the gun in the house, and requested that the gun be kept in the Cluneys' locked gun cabinet or to have Atilio Delgado remove it from the home.

110.    Atilio Delgado refused to lock up the gun or give it to Mr. Cluney.

111.    The Cluneys believed Atilio Delgado kept the gun on his person at all times, as they were told by their children, and that he would bring it to school with him.

112.    The Cluneys searched Atilio Delgado's room multiple times while he was out of the home searching for the handgun or ammunition, and would search through his belongings for the handgun and ammunition when Atilio Delgado was not in the home, but were unable to find it.

113.    On the morning of May 6, 2022, the Cluneys' daughter and Mr. Cluney got in an argument about her needing to hurry because she would be late for school.

114.    Their daughter went out of the house and Mrs. Cluney followed her.

115.    Atilio Delgado took the handgun out from his pants and shot Mr. Cluney with it six (6) times, killing him.

116.    Mrs. Cluney heard the shots and ran outside to see Atilio Delgado with the

gun pointed at Mr. Cluney, who was on the ground bleeding to death.

117.    Atilio Delgado was taken into custody and is currently being held at Long Creek Youth Development Center, charged with intentional or knowing murder.

## COUNT I
## NEGLIGENCE OF BROWNELLS, INC.

118.    Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

119.    Defendant Brownells, Inc., owed Decedent and Mrs. Cluney a duty as a distributor of both handguns, handgun frames, and ammunition for handguns to ensure that it was compliant with Federal law and not place either handguns, handgun frames, or handgun ammunition into the hands of a minor who was precluded by law from possessing those items.

120.    Defendant Brownells, Inc. owed Decedent and Mrs. Cluney a duty as a retail supplier of handguns, handgun frames, and ammunition to verify the transactions that they complete with a consumer is a permissible, lawful transaction and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frames, or handgun ammunition in violation of Federal or State law.

121.    Defendant Brownells, Inc. did not verify that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of a handgun, a handgun frame, handgun parts, or handgun ammunition.

122.    Defendant Brownells, Inc. did in fact sell to Atilio Delgado a handgun, a handgun frame, handgun parts, and/or handgun ammunition as defined by Federal and State law.

123.    Defendant Brownells, Inc. did take money from Visa gift cards in exchange for this transfer of ownership of a handgun, a handgun frame, handgun parts, and/or handgun ammunition from Brownells, Inc. to Atilio Delgado.

124.    Defendant Brownells, Inc. did cause, through shipping the handgun, handgun frame, handgun parts, and/or handgun ammunition Atilio Delgado to come into possession of the

17

essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor without verifying his eligibility to legally possess those items.

125.    But for the actions of Brownells, Inc., Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and/or handgun ammunition.

126.    But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

127.    Defendant Brownells, Inc. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and handgun ammunition in violation of Federal and State laws when it shipped three (3) shipments to Atilio Delgado that contained any combination of a handgun frame, handgun parts, or handgun ammunition.

128.    Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor a handgun, handgun frame, handgun parts, and/or handgun ammunition.

129.    Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to purchase the products he purchased from the Brownells.com website, which were ultimately purchased transferred, and furnished in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of his purchase, as required by Federal law and as required of an FFL.

130.    Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of a handgun, handgun frame, handgun parts, and/or handgun ammunition was lawful upon delivery due to the lack of appropriate instructions, packaging marking, shipping requirements, FFL transfer requirements, and/or direction to the shipping carrier service used to transfer the package from Brownells, Inc.'s possession to Atilio Delgado, to ensure the transfer of ownership from Brownells, Inc. to Atilio Delgado was lawful and completed only if compliant with Federal law.

131.    This breach of duty by Brownells, Inc. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts, and handgun ammunition so as

to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

132.    As a direct and proximate cause of Defendant Brownells, Inc.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney.

133.    As a direct and proximate cause of Defendant Brownells, Inc.'s negligent, careless, and/or reckless conduct, Decedent experienced physical and emotional injuries, pre-incident fear and terror, fear of imminent and impending death, loss of enjoyment of life, lost opportunities, conscious pain and suffering, and other economic and non-economic damages.

134.    Upon hearing the shot, Mrs. Cluney experienced immediate terror and fear.

135.    Upon seeing her husband shot, Mrs. Cluney experienced immense emotional distress and fear for the safety of herself, her children, and her injured husband.

136.    After getting to her husband, Mrs. Cluney experienced unimaginable emotional distress as a result of holding her husband as he died in her arms.

137.    As a direct and proximate cause of Defendant Brownells, Inc.'s negligent, careless, and/or reckless conduct, Mrs. Cluney experienced imminent fear of bodily injury, post-incident terror, pain and suffering, lost consortium from her husband, and other non-economic and economic damages.

138.    As a direct and proximate cause of Defendant Brownells, Inc.'s negligent, careless, and/or reckless conduct, Mrs. Cluney experienced the negligent infliction of emotional distress upon hearing the shot and fearing what had happened, then running outside only to see her worst fears coming true.

**WHEREFORE** Plaintiff seeks judgement against the Defendant Brownells, Inc. for Count I and all damages that may be given by a Jury to the Plaintiff under the law.

19

## COUNT II

## NEGLIGENCE OF BROWNELLS, INC. – WRONGFUL DEATH

139.    Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

140.    Defendant Brownells, Inc., owed Decedent and Mrs. Cluney a duty as a distributor of both handguns, handgun frames, and ammunition for handguns to ensure that it was compliant with Federal law and not place either handguns, handgun frames, or handgun ammunition into the hands of a minor who was precluded by law from possessing those items.

141.    Defendant Brownells, Inc. owed Decedent and Mrs. Cluney a duty as a retail supplier of handguns, handgun frames, and ammunition to verify the transactions that they complete with a consumer is a permissible, lawful transaction and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frames, or handgun ammunition in violation of Federal or State law.

142.    Defendant Brownells, Inc. did not verify that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of a handgun, a handgun frame, handgun parts, or handgun ammunition.

143.    Defendant Brownells, Inc. did in fact sell to Atilio Delgado a handgun, a handgun frame, handgun parts, and/or handgun ammunition as defined by Federal and State law.

144.    Defendant Brownells, Inc. did take money from Visa gift cards in exchange for this transfer of ownership of a handgun, a handgun frame, handgun parts, and/or handgun ammunition from Brownells, Inc. to Atilio Delgado.

145.    Defendant Brownells, Inc. did cause, through shipping the handgun, handgun frame, handgun parts, and/or handgun ammunition Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor without verifying his eligibility to legally possess those items.

146.    But for the actions of Brownells, Inc., Atilio Delgado would not have been in

20

possession of a handgun, handgun frame, handgun parts, and/or handgun ammunition.

147.    But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

148.    Defendant Brownells, Inc. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and handgun ammunition in violation of Federal and State laws when it shipped three (3) shipments to Atilio Delgado that contained any combination of a handgun frame, handgun parts, or handgun ammunition.

149.    Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor a handgun, handgun frame, handgun parts, and/or handgun ammunition.

150.    Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to purchase the products he purchased from the Brownells.com website, which were ultimately purchased transferred, and furnished in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of his purchase, as required by Federal law and as required of an FFL.

151.    Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of a handgun, handgun frame, handgun parts, and/or handgun ammunition was lawful upon delivery due to the lack of appropriate instructions, packaging marking, shipping requirements, FFL transfer requirements, and/or direction to the shipping carrier service used to transfer the package from Brownells, Inc.'s possession to Atilio Delgado, to ensure the transfer of ownership from Brownells, Inc. to Atilio Delgado was lawful and completed only if compliant with Federal law.

152.    This breach of duty by Brownells, Inc. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts, and handgun ammunition so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

21

153.    As a direct and proximate cause of Defendant Brownells, Inc.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney, killing him.

154.    As a direct and proximate cause of Defendant Brownells, Inc.'s negligent, careless, and/or reckless conduct, Decedent experienced his untimely and wrongful death.


**WHEREFORE** Plaintiff seeks judgement against the Defendant Brownells, Inc. for Count II and all damages that may be given by a Jury for Wrongful Death to the Plaintiff under the law.


## COUNT III

## NEGLIGENCE AGAINST BROWNELLS, INC. – WRONGFUL DEATH
## - CONSCIOUS PAIN AND SUFFERING


155.    Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

156.    Defendant Brownells, Inc., owed Decedent and Mrs. Cluney a duty as a distributor of both handguns, handgun frames, and ammunition for handguns to ensure that it was compliant with Federal law and not place either handguns, handgun frames, or handgun ammunition into the hands of a minor who was precluded by law from possessing those items.

157.    Defendant Brownells, Inc. owed Decedent and Mrs. Cluney a duty as a retail supplier of handguns, handgun frames, and ammunition to verify the transactions that they complete with a consumer is a permissible, lawful transaction and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frames, or handgun ammunition in violation of Federal or State law.

158.    Defendant Brownells, Inc. did not verify that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of a handgun, a handgun frame, handgun parts, or handgun ammunition.

22

159.   Defendant Brownells, Inc. did in fact sell to Atilio Delgado a handgun, a handgun frame, handgun parts, and/or handgun ammunition as defined by Federal and State law.

160.   Defendant Brownells, Inc. did take money from Visa gift cards in exchange for this transfer of ownership of a handgun, a handgun frame, handgun parts, and/or handgun ammunition from Brownells, Inc. to Atilio Delgado.

161.   Defendant Brownells, Inc. did cause, through shipping the handgun, handgun frame, handgun parts, and/or handgun ammunition Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor without verifying his eligibility to legally possess those items.

162.   But for the actions of Brownells, Inc., Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and/or handgun ammunition.

163.   But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

164.   Defendant Brownells, Inc. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and handgun ammunition in violation of Federal and State laws when it shipped three (3) shipments to Atilio Delgado that contained any combination of a handgun frame, handgun parts, or handgun ammunition.

165.   Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor a handgun, handgun frame, handgun parts, and/or handgun ammunition.

166.   Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to purchase the products he purchased from the Brownells.com website, which were ultimately purchased transferred, and furnished in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of his purchase, as required by Federal law and as required of an FFL.

167.   Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of a handgun, handgun frame,

23

handgun parts, and/or handgun ammunition was lawful upon delivery due to the lack of appropriate instructions, packaging marking, shipping requirements, FFL transfer requirements, and/or direction to the shipping carrier service used to transfer the package from Brownells, Inc.'s possession to Atilio Delgado, to ensure the transfer of ownership from Brownells, Inc. to Atilio Delgado was lawful and completed only if compliant with Federal law.

168.   This breach of duty by Brownells, Inc. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts, and handgun ammunition so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

169.   As a direct and proximate cause of Defendant Brownells, Inc.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney.

170.   Upon the weapon being brandished by Atilio Delgado, Decedent James Cluney experienced terror and fear of imminent death in the moments prior to being shot.

171.   Upon being shot, Decedent James Cluney experienced indescribable pain and suffering as the bullet fired from the handgun pierced his flesh and organs.

172.   Upon being shot, Decedent James Cluney feared losing his life and his family prior to dying.

173.   After being shot, Decedent James Cluney experienced conscious pain and suffering from the gunshot wound as he lay in his own front yard until he died.

174.   The emotional distress, conscious pain and suffering, and fear of imminent death suffered by the Decedent James Cluney was severe and no reasonable person could be expected to endure it.

175.   As a direct and proximate cause of Defendant Brownells, Inc.'s negligent, careless, and/or reckless conduct, Decedent James Cluney experienced significant conscious pain and suffering and conscious terror and fear of imminent death until his untimely and wrongful death.

**WHEREFORE** Plaintiff seeks judgement against the Defendant Brownells, Inc. for Count III and all damages that may be given by a Jury to the Plaintiff under the law.

## COUNT IV

## NEGLIGENCE AGAINST BROWNELLS, INC. – LOSS OF CONSORTIUM

176.    Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

177.    Defendant Brownells, Inc., owed Decedent and Mrs. Cluney a duty as a distributor of both handguns, handgun frames, and ammunition for handguns to ensure that it was compliant with Federal law and not place either handguns, handgun frames, or handgun ammunition into the hands of a minor who was precluded by law from possessing those items.

178.    Defendant Brownells, Inc. owed Decedent and Mrs. Cluney a duty as a retail supplier of handguns, handgun frames, and ammunition to verify the transactions that they complete with a consumer is a permissible, lawful transaction and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frames, or handgun ammunition in violation of Federal or State law.

179.    Defendant Brownells, Inc. did not verify that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of a handgun, a handgun frame, handgun parts, or handgun ammunition.

180.    Defendant Brownells, Inc. did in fact sell to Atilio Delgado a handgun, a handgun frame, handgun parts, and/or handgun ammunition as defined by Federal and State law.

181.    Defendant Brownells, Inc. did take money from Visa gift cards in exchange for this transfer of ownership of a handgun, a handgun frame, handgun parts, and/or handgun ammunition from Brownells, Inc. to Atilio Delgado.

182.    Defendant Brownells, Inc. did cause, through shipping the handgun, handgun frame, handgun parts, and/or handgun ammunition Atilio Delgado to come into possession of the

essential components necessary to construct a loaded and operating handgun, in combination with the other defendant's, despite his legal status as a minor without verifying his eligibility to legally possess those items.

183.   But for the actions of Brownells, Inc., Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and/or handgun ammunition.

184.   But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

185.   Defendant Brownells, Inc. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and handgun ammunition in violation of Federal and State laws when it shipped three (3) shipments to Atilio Delgado that contained any combination of a handgun frame, handgun parts, or handgun ammunition.

186.   Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor a handgun, handgun frame, handgun parts, and/or handgun ammunition.

187.   Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to purchase the products he purchased from the Brownells.com website, which were ultimately purchased transferred, and furnished in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of his purchase, as required by Federal law and as required of an FFL.

188.   Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of a handgun, handgun frame, handgun parts, and/or handgun ammunition was lawful upon delivery due to the lack of appropriate instructions, packaging marking, shipping requirements, FFL transfer requirements, and/or direction to the shipping carrier service used to transfer the package from Brownells, Inc.'s possession to Atilio Delgado, to ensure the transfer of ownership from Brownells, Inc. to Atilio Delgado was lawful and completed only if compliant with Federal law.

189.   This breach of duty by Brownells, Inc. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts, and handgun ammunition so as

to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

190.    As a direct and proximate cause of Defendant Brownells, Inc.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney, killing him.

191.    As a direct and proximate cause of Defendant Brownells, Inc.'s negligent, careless, and/or reckless conduct, Mrs. Cluney experienced the death of her husband and the deprivation of his companionship, loss of his function of household duties, loss of caregiving for Mrs. Cluney and their two (2) children, and loss of sexual intimacy.

**WHEREFORE** Plaintiff seeks judgement against the Defendant Brownells, Inc. for Count IV and all damages that may be given by a Jury to the Plaintiff under the law.

## COUNT V

## PUNITIVE DAMAGES AGAINST BROWNELLS, INC.

192.    Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

193.    Defendant Brownells, Inc., owed Decedent and Mrs. Cluney a duty as a distributor of both handguns, handgun frames, and ammunition for handguns to ensure that it was compliant with Federal law and not place either handguns, handgun frames, or handgun ammunition into the hands of a minor who was precluded by law from possessing those items.

194.    Defendant Brownells, Inc. owed Decedent and Mrs. Cluney a duty as a retail supplier of handguns, handgun frames, and ammunition to verify the transactions that they complete with a consumer is a permissible, lawful transaction and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frames, or handgun ammunition in violation of Federal or

27

State law.

195.    Defendant Brownells, Inc. did not verify that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of a handgun, a handgun frame, handgun parts, or handgun ammunition.

196.    Defendant Brownells, Inc.'s conduct in not verifying that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of a handgun, handgun frame, handgun parts, or handgun ammunition was done with the intent to circumvent the legal requirements put in place by Federal and State laws to prevent prohibited individuals from obtaining or possessing a handgun, handgun frame, handgun parts, or handgun ammunition.

197.    Defendant Brownells, Inc. did in fact sell to Atilio Delgado a handgun, a handgun frame, handgun parts, and/or handgun ammunition as defined by Federal and State law.

198.    Defendant Brownells, Inc. did take money from Visa gift cards in exchange for this transfer of ownership of a handgun, a handgun frame, handgun parts, and/or handgun ammunition from Brownells, Inc. to Atilio Delgado.

199.    Defendant Brownells, Inc. did cause, through shipping the handgun, handgun frame, handgun parts, and/or handgun ammunition Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor without verifying his eligibility to legally possess those items.

200.    But for the actions of Brownells, Inc., Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and/or handgun ammunition.

201.    But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

202.    Defendant Brownells, Inc. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and handgun ammunition in violation of Federal and State laws when it shipped three (3) shipments to Atilio Delgado that contained any combination of a handgun frame, handgun parts, or handgun ammunition.

203.    Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney

28

by, including but not limited to, transferring to a minor a handgun, handgun frame, handgun parts, and/or handgun ammunition.

204.    Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to purchase the products he purchased from the Brownells.com website, which were ultimately purchased transferred, and furnished in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of his purchase, as required by Federal law and as required of an FFL.

205.    Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of a handgun, handgun frame, handgun parts, and/or handgun ammunition was lawful upon delivery due to the lack of appropriate instructions, packaging marking, shipping requirements, FFL transfer requirements, and/or direction to the shipping carrier service used to transfer the package from Brownells, Inc.'s possession to Atilio Delgado, to ensure the transfer of ownership from Brownells, Inc. to Atilio Delgado was lawful and completed only if compliant with Federal law.

206.    This breach of duty by Brownells, Inc. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts, and handgun ammunition so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

207.    As a direct and proximate cause of Defendant Brownells, Inc.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney, killing him.

208.    Defendant Brownells, Inc.'s conduct in the indifference to the Federal and State laws for providing through commercial purchase a handgun, handgun frame, handgun parts, or handgun ammunition in exchange for money constitutes an implied malice against the Plaintiff and their safety and is unconscionable and outrageous conduct.

209.    Defendant Brownells, Inc.'s conduct was deliberate in that no age verification or

29

eligibility verification was sufficiently performed on Atilio Delgado to ensure Brownells, Inc. complied with Federal or State law prior to shipping the items purchased by Atilio Delgado to him.

210.    This deliberate conduct was so outrageous and was such a clear circumvention of the Federal laws that regulate Defendant Brownells, Inc. that it constitutes implied malice toward not only the Plaintiff, but to the entire public.

211.    Defendant Brownells, Inc. has still, to this day, not put into place adequate eligibility confirmation criteria that are sufficient to comply with the Federal law and its age and eligibility requirements to preclude minors or prohibited persons from obtaining handgun ammunition, as they can order handgun ammunition online through Brownells, Inc.'s website and receive it delivered to their doorstep through the mail without ever providing eligibility or age verification.

212.    Defendant Brownells, Inc. acted and continues to act in a deliberate and intentional manner when its sale of a handgun, handgun frame, handgun parts, and/or ammunition to Atilio Delgado, an individuals who obtained their products without Defendant Brownells, Inc. requiring age or eligibility verifications for the purchase, is an incomprehensible intentional act on its part to sell product to receive profits of $69.01, $26.81, and $52.12 over the safety of the public and over compliance with its requirements under Federal and State laws.

213.    Defendant Brownells, Inc.'s conduct in selling prohibited items to the legal minor Atilio Delgado is intolerable conduct that Maine law permits the application of punitive damages to deter theirs and others similar conduct.

**WHEREFORE** Plaintiff seeks judgement against the Defendant Brownells, Inc. for Count V and punitive damages in an amount that will sufficiently punish and deter this conduct by the Defendant and send a message to others similarly conducting business as the Defendant intentionally did.

## COUNT VI

## PUNITIVE DAMAGES AGAINST BROWNELLS, INC.

## – WRONGFUL DEATH

214.   Plaintiffs repeats and re-alleges the above allegations as if set forth herein in full.

215.   Defendant Brownells, Inc., owed Decedent and Mrs. Cluney a duty as a distributor of both handguns, handgun frames, and ammunition for handguns to ensure that it was compliant with Federal law and not place either handguns, handgun frames, or handgun ammunition into the hands of a minor who was precluded by law from possessing those items.

216.   Defendant Brownells, Inc. owed Decedent and Mrs. Cluney a duty as a retail supplier of handguns, handgun frames, and ammunition to verify the transactions that they complete with a consumer is a permissible, lawful transaction and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frames, or handgun ammunition in violation of Federal or State law.

217.   Defendant Brownells, Inc. did not verify that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of a handgun, a handgun frame, handgun parts, or handgun ammunition.

218.   Defendant Brownells, Inc.'s conduct in not verifying that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of a handgun, handgun frame, handgun parts, or handgun ammunition was done with the intent to circumvent the legal requirements put in place by Federal and State laws to prevent prohibited individuals from obtaining or possessing a handgun, handgun frame, handgun parts, or handgun ammunition.

219.   Defendant Brownells, Inc. did in fact sell to Atilio Delgado a handgun, a handgun frame, handgun parts, and/or handgun ammunition as defined by Federal and State law.

220.   Defendant Brownells, Inc. did take money from Visa gift cards in exchange for this transfer of ownership of a handgun, a handgun frame, handgun parts, and/or handgun ammunition from Brownells, Inc. to Atilio Delgado.

221.   Defendant Brownells, Inc. did cause, through shipping the handgun, handgun frame, handgun parts, and/or handgun ammunition Atilio Delgado to come into possession of the

31

essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor without verifying his eligibility to legally possess those items.

222.    But for the actions of Brownells, Inc., Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and/or handgun ammunition.

223.    But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

224.    Defendant Brownells, Inc. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and handgun ammunition in violation of Federal and State laws when it shipped three (3) shipments to Atilio Delgado that contained any combination of a handgun frame, handgun parts, or handgun ammunition.

225.    Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor a handgun, handgun frame, handgun parts, and/or handgun ammunition.

226.    Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to purchase the products he purchased from the Brownells.com website, which were ultimately purchased transferred, and furnished in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of his purchase, as required by Federal law and as required of an FFL.

227.    Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of a handgun, handgun frame, handgun parts, and/or handgun ammunition was lawful upon delivery due to the lack of appropriate instructions, packaging marking, shipping requirements, FFL transfer requirements, and/or direction to the shipping carrier service used to transfer the package from Brownells, Inc.'s possession to Atilio Delgado, to ensure the transfer of ownership from Brownells, Inc. to Atilio Delgado was lawful and completed only if compliant with Federal law.

228.    This breach of duty by Brownells, Inc. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts, and handgun ammunition so as

to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

229.    As a direct and proximate cause of Defendant Brownells, Inc.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney, killing him.

230.    Defendant Brownells, Inc.'s conduct in the indifference to the Federal and State laws for providing through commercial purchase a handgun, handgun frame, handgun parts, or handgun ammunition in exchange for money constitutes an implied malice against the Plaintiff and their safety and is unconscionable and outrageous conduct as applicable to the award of punitive damages in wrongful death actions.

231.    Defendant Brownells, Inc.'s conduct was deliberate in that no age verification or eligibility verification was sufficiently performed on Atilio Delgado to ensure Brownells, Inc. complied with Federal or State law prior to shipping the items purchased by Atilio Delgado to him which was the proximate cause of Mr. Cluney's wrongful death.

232.    This deliberate conduct was so outrageous and was such a clear circumvention of the Federal laws that regulate Defendant Brownells, Inc. that it constitutes implied malice toward Mr. Cluney, causing his wrongful death.

233.    Defendant Brownells, Inc. acted and continues to act in a deliberate and intentional manner when its sale of a handgun, handgun frame, handgun parts, and/or ammunition to Atilio Delgado, an individual who obtained their products without Defendant Brownells, Inc. requiring age or eligibility verifications for the purchase, is an incomprehensible intentional act on its part to sell product to receive profits of $69.01, $26.81, and $52.12 over the safety of the public and over compliance with its requirements under Federal and State laws.

234.    Defendant Brownells, Inc.'s conduct in selling prohibited items to the legal minor Atilio Delgado is intolerable conduct that Maine law permits the application of punitive damages for the wrongful death to Mr. Cluney to deter theirs and others similar conduct.

**WHEREFORE** Plaintiff seeks judgement against the Defendant Brownells, Inc. for Count VI and punitive damages in the full amount authorized under the wrongful death punitive damages statute to punish Defendant for its outrageous conduct that contributed to the death of Mr. Cluney.

## COUNT VII
## NEGLIGENCE OF MDX CORP.

235.    Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

236.    Defendant MDX Corp. owed Decedent and Mrs. Cluney a duty as a retail supplier of handguns, handgun frames, and ammunition to verify the transactions that they complete with a consumer is a permissible, lawful transaction and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frames, or handgun parts in violation of Federal or State law.

237.    Defendant MDX Corp. did not verify that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of a handgun, a handgun frame, or handgun parts.

238.    Defendant MDX Corp. did in fact sell to Atilio Delgado a handgun, a handgun frame, and/or handgun parts as defined by Federal and State law.

239.    Defendant MDX Corp. did take money from a Visa gift card in exchange for this transfer of ownership of a handgun, a handgun frame, and/or handgun parts from MDX Corp. to Atilio Delgado.

240.    Defendant MDX Corp. did cause, through shipping the handgun, handgun frame, and/or handgun parts Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor without verifying his eligibility to legally possess those items.

241.    But for the actions of MDX Corp. Atilio Delgado would not have been in

34

possession of a handgun, handgun frame, handgun parts, and/or handgun ammunition.

242.    But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

243.    Defendant MDX Corp. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and handgun ammunition in violation of Federal and State laws when it shipped one (1) shipment to Atilio Delgado that contained any combination of a handgun frame, handgun parts, or handgun ammunition.

244.    Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor a handgun, handgun frame, and/or handgun parts.

245.    Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to purchase the products he purchased from the MDX Corp. website, which were ultimately purchased transferred, and furnished in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of his purchase, as required by Federal law and as required of an FFL.

246.    Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of a handgun, handgun frame, and/or handgun parts was lawful upon delivery due to the lack of appropriate instructions, packaging marking, shipping requirements, FFL transfer requirements, and/or direction to the shipping carrier service used to transfer the package from MDX Corp.'s possession to Atilio Delgado, to ensure the transfer of ownership from MDX Corp. to Atilio Delgado was lawful and completed only if compliant with Federal law.

247.    This breach of duty by MDX Corp. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts, and handgun ammunition so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

35

248.    As a direct and proximate cause of Defendant MDX Corp.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney.

249.    As a direct and proximate cause of Defendant MDX Corp.'s negligent, careless, and/or reckless conduct, Decedent experienced physical and emotional injuries, pre-incident fear and terror, fear of imminent and impending death, loss of enjoyment of life, lost opportunities, conscious pain and suffering, and other economic and non-economic damages.

250.    Upon hearing the shot, Mrs. Cluney experienced immediate terror and fear.

251.    Upon seeing her husband shot, Mrs. Cluney experienced immense emotional distress and fear for the safety of herself, her children, and her injured husband.

252.    After getting to her husband, Mrs. Cluney experienced unimaginable emotional distress as a result of holding her husband as he died in her arms.

253.    As a direct and proximate cause of Defendant MDX Corp.'s negligent, careless, and/or reckless conduct, Mrs. Cluney experienced imminent fear of bodily injury, post-incident terror, pain and suffering, lost consortium from her husband, and other non-economic and economic damages.

254.    As a direct and proximate cause of Defendant MDX Corp.'s negligent, careless, and/or reckless conduct, Mrs. Cluney experienced the negligent infliction of emotional distress upon hearing the shot and fearing what had happened, then running outside only to see her worst fears coming true.

**WHEREFORE** Plaintiff seeks judgement against the Defendant MDX Corp. for Count VII and all damages that may be given by a Jury to the Plaintiff under the law.

## COUNT VIII

## NEGLIGENCE OF MDX CORP. – WRONGFUL DEATH

255.    Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

256.    Defendant MDX Corp. owed Decedent and Mrs. Cluney a duty as a distributor of both handguns, handgun frames, and handgun kits or parts for handguns to ensure that it was compliant with Federal law and not place either handguns, handgun frames, or handgun kits or parts into the hands of a minor who was precluded by law from possessing those items.

257.    Defendant MDX Corp. owed Decedent and Mrs. Cluney a duty as a retail supplier of handguns, handgun frames, and handgun kits or parts to verify the transactions that they complete with a consumer is a permissible, lawful transaction and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frames, or handgun ammunition in violation of Federal or State law.

258.    Defendant MDX Corp. did not verify that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of a handgun, a handgun frame, handgun parts, or handgun kits or parts.

259.    Defendant MDX Corp. did in fact sell to Atilio Delgado a handgun, a handgun frame, handgun parts, and/or a handgun kit as defined by Federal and State law.

260.    Defendant MDX Corp. did take money from a Visa gift card in exchange for this transfer of ownership of a handgun, a handgun frame, handgun parts, and/or a handgun kit from MDX Corp. to Atilio Delgado.

261.    Defendant MDX Corp. did cause, through shipping the handgun, handgun frame, handgun parts, and/or a handgun kit Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor without verifying his eligibility to legally possess those items.

262.    But for the actions of MDX Corp., Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and/or handgun ammunition.

263.    But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

264.    Defendant MDX Corp. independently created the dangerous situation by allowing

37

a minor to possess a handgun, handgun parts, and handgun ammunition in violation of Federal and State laws when it shipped one (1) shipment to Atilio Delgado that contained any combination of a handgun, a handgun frame, handgun parts, or a handgun kit.

265.    Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor a handgun, handgun frame, handgun parts, and/or a handgun kit.

266.    Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to purchase the products he purchased from the MDX Corp. website, which were ultimately purchased transferred, and furnished in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of his purchase, as required by Federal law and as required of an FFL.

267.    Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of a handgun, handgun frame, handgun parts, and/or a handgun kit was lawful upon delivery due to the lack of appropriate instructions, packaging marking, shipping requirements, FFL transfer requirements, and/or direction to the shipping carrier service used to transfer the package from MDX Corp.'s possession to Atilio Delgado, to ensure the transfer of ownership from MDX Corp. to Atilio Delgado was lawful and completed only if compliant with Federal law.

268.    This breach of duty by MDX Corp. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts, and handgun ammunition so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

269.    As a direct and proximate cause of Defendant MDX Corp.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney, killing him.

270.    As a direct and proximate cause of Defendant MDX Corp.'s negligent, careless,

and/or reckless conduct, Decedent experienced his untimely and wrongful death.

**WHEREFORE** Plaintiff seeks judgement against the Defendant MDX Corp. for Count VIII and all damages that may be given by a Jury for Wrongful Death to the Plaintiff under the law.

**COUNT IX**

**NEGLIGENCE AGAINST MDX CORP. – WRONGFUL DEATH**

**– CONSCIOUS PAIN AND SUFFERING**

271.    Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

272.    Defendant MDX Corp. owed Decedent and Mrs. Cluney a duty as a distributor of both handguns, handgun frames, and kits or parts for handguns to ensure that it was compliant with Federal law and not place either handguns, handgun frames, or handgun ammunition into the hands of a minor who was precluded by law from possessing those items.

273.    Defendant MDX Corp. owed Decedent and Mrs. Cluney a duty as a retail supplier of handguns, handgun frames, and kits or parts for handguns to verify the transactions that they complete with a consumer is a permissible, lawful transaction and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frames, or handgun kits or parts in violation of Federal or State law.

274.    Defendant MDX Corp. did not verify that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of a handgun, a handgun frame, handgun parts, or handgun kits or parts.

275.    Defendant MDX Corp. did in fact sell to Atilio Delgado a handgun, a handgun frame, handgun parts, and/or a handgun kit as defined by Federal and State law.

276.    Defendant MDX Corp. did take money from a Visa gift card in exchange for this

39

transfer of ownership of a handgun, a handgun frame, handgun parts, and/or a handgun kit from MDX Corp. to Atilio Delgado.

277.   Defendant MDX Corp. did cause, through shipping the handgun, handgun frame, handgun parts, and/or a handgun kit Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other defendant's, despite his legal status as a minor without verifying his eligibility to legally possess those items.

278.   But for the actions of MDX Corp., Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and/or a handgun kit.

279.   But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

280.   Defendant MDX Corp. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and a handgun kit in violation of Federal and State laws when it shipped one (1) shipment to Atilio Delgado that contained any combination of a handgun frame, handgun parts, or a handgun kit.

281.   Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor a handgun, handgun frame, handgun parts, and/or a handgun kit.

282.   Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to purchase the products he purchased from the MDX Corp. website, which were ultimately purchased transferred, and furnished in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of his purchase, as required by Federal law and as required of an FFL.

283.   Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of a handgun, handgun frame, handgun parts, and/or a handgun kit was lawful upon delivery due to the lack of appropriate instructions, packaging marking, shipping requirements, FFL transfer requirements, and/or direction to the shipping carrier service used to transfer the package from MDX Corp.'s possession to Atilio

40

Delgado, to ensure the transfer of ownership from MDX Corp. to Atilio Delgado was lawful and completed only if compliant with Federal law.

284.     This breach of duty by MDX Corp. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts, and a handgun kit so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

285.     As a direct and proximate cause of Defendant MDX Corp.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney.

286.     Upon the weapon being brandished by Atilio Delgado, Decedent James Cluney experienced terror and fear of imminent death in the moments prior to being shot.

287.     Upon being shot, Decedent James Cluney experienced indescribable pain and suffering as the bullet fired from the handgun pierced his flesh and organs.

288.     Upon being shot, Decedent James Cluney feared losing his life and his family prior to dying.

289.     After being shot, Decedent James Cluney experienced conscious pain and suffering from the gunshot wound as he lay in his own front yard until he died.

290.     The emotional distress, conscious pain and suffering, and fear of imminent death suffered by the Decedent James Cluney was severe and no reasonable person could be expected to endure it.

291.     As a direct and proximate cause of Defendant MDX Corp.'s negligent, careless, and/or reckless conduct, Decedent James Cluney experienced significant conscious pain and suffering and conscious terror and fear of imminent death until his untimely and wrongful death.


**WHEREFORE** Plaintiff seeks judgement against the Defendant MDX Corp. for Count IX and all damages that may be given by a Jury to the Plaintiff under the law.

41

## COUNT X

## NEGLIGENCE AGAINST MDX CORP. – LOSS OF CONSORTIUM

292.    Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

293.    Defendant MDX Corp. owed Decedent and Mrs. Cluney a duty as a distributor of both handguns, handgun frames, and kits or parts for handguns to ensure that it was compliant with Federal law and not place either handguns, handgun frames, or a handgun kit and parts into the hands of a minor who was precluded by law from possessing those items.

294.    Defendant MDX Corp. owed Decedent and Mrs. Cluney a duty as a retail supplier of handguns, handgun frames, and kits or parts for handguns to verify the transactions that they complete with a consumer is a permissible, lawful transaction and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frames, or a handgun kit and parts in violation of Federal or State law.

295.    Defendant MDX Corp. did not verify that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of a handgun, a handgun frame, handgun parts, or a handgun kit.

296.    Defendant MDX Corp. did in fact sell to Atilio Delgado a handgun, a handgun frame, handgun parts, and/or a handgun kit as defined by Federal and State law.

297.    Defendant MDX Corp. did take money from a Visa gift card in exchange for this transfer of ownership of a handgun, a handgun frame, handgun parts, and/or a handgun kit from MDX Corp. to Atilio Delgado.

298.    Defendant MDX Corp. did cause, through shipping the handgun, handgun frame, handgun parts, and/or a handgun kit Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor without verifying his eligibility to legally possess those items.

42

299.   But for the actions of MDX Corp., Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and/or a handgun kit.

300.   But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

301.   Defendant MDX Corp. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and a handgun kit in violation of Federal and State laws when it shipped one (1) shipment to Atilio Delgado that contained any combination of a handgun frame, handgun parts, or a handgun kit.

302.   Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor a handgun, handgun frame, handgun parts, and/or a handgun kit.

303.   Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to purchase the products he purchased from the MDX Corp. website, which were ultimately purchased transferred, and furnished in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of his purchase, as required by Federal law and as required of an FFL.

304.   Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of a handgun, handgun frame, handgun parts, and/or a handgun kit was lawful upon delivery due to the lack of appropriate instructions, packaging marking, shipping requirements, FFL transfer requirements, and/or direction to the shipping carrier service used to transfer the package from MDX Corp.'s possession to Atilio Delgado, to ensure the transfer of ownership from MDX Corp. to Atilio Delgado was lawful and completed only if compliant with Federal law.

305.   This breach of duty by MDX Corp. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts, and a handgun kit so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally

purchasing and possessing handguns.

306.    As a direct and proximate cause of Defendant MDX Corp.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney, killing him.

307.    As a direct and proximate cause of Defendant MDX Corp.'s negligent, careless, and/or reckless conduct, Mrs. Cluney experienced the death of her husband and the deprivation of his companionship, loss of his function of household duties, loss of caregiving for Mrs. Cluney and their two (2) children, and loss of sexual intimacy.

**WHEREFORE** Plaintiff seeks judgement against the Defendant MDX Corp. for Count X and all damages that may be given by a Jury to the Plaintiff under the law.

## COUNT XI

### PUNITIVE DAMAGES AGAINST MDX CORP.

308.    Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

309.    Defendant MDX Corp. owed Decedent and Mrs. Cluney a duty as a distributor of both handguns, handgun frames, and kits or parts for handguns to ensure that it was compliant with Federal law and not place either handguns, handgun frames, or a handgun kit or parts into the hands of a minor who was precluded by law from possessing those items.

310.    Defendant MDX Corp. owed Decedent and Mrs. Cluney a duty as a retail supplier of handguns, handgun frames, and handgun kits or parts to verify the transactions that they complete with a consumer is a permissible, lawful transaction and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frames, or a handgun kit or parts in violation of Federal or State law.

311.    Defendant MDX Corp. did not verify that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of a handgun, a

handgun frame, handgun parts, or a handgun kit.

312.   Defendant MDX Corp.'s conduct in not verifying that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of a handgun, handgun frame, handgun parts, or a handgun kit was done with the intent to circumvent the legal requirements put in place by Federal and State laws to prevent prohibited individuals from obtaining or possessing a handgun, handgun frame, handgun parts, or a handgun kit.

313.   Defendant MDX Corp. did in fact sell to Atilio Delgado a handgun, a handgun frame, handgun parts, and/or a handgun kit as defined by Federal and State law.

314.   Defendant MDX Corp. did take money from a Visa gift card in exchange for this transfer of ownership of a handgun, a handgun frame, handgun parts, and/or a handgun kit from MDX Corp. to Atilio Delgado.

315.   Defendant MDX Corp. did cause, through shipping the handgun, handgun frame, handgun parts, and/or a handgun kit Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor without verifying his eligibility to legally possess those items.

316.   But for the actions of MDX Corp., Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and/or a handgun kit.

317.   But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

318.   Defendant MDX Corp. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and a handgun kit in violation of Federal and State laws when it shipped one (1) shipment to Atilio Delgado that contained any combination of a handgun frame, handgun parts, or a handgun kit.

319.   Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor a handgun, handgun frame, handgun parts, and/or a handgun kit.

320.   Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to purchase

45

the products he purchased from the MDX Corp. website, which were ultimately purchased transferred, and furnished in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of his purchase, as required by Federal law and as required of an FFL.

321.    Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of a handgun, handgun frame, handgun parts, and/or a handgun kit was lawful upon delivery due to the lack of appropriate instructions, packaging marking, shipping requirements, FFL transfer requirements, and/or direction to the shipping carrier service used to transfer the package from MDX Corp.'s possession to Atilio Delgado, to ensure the transfer of ownership from MDX Corp. to Atilio Delgado was lawful and completed only if compliant with Federal law.

322.    This breach of duty by MDX Corp. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts, and a handgun kit so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

323.    As a direct and proximate cause of Defendant MDX Corp.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney, killing him.

324.    Defendant MDX Corp.'s conduct in the indifference to the Federal and State laws for providing through commercial purchase a handgun, handgun frame, handgun parts, or a handgun kit in exchange for money constitutes an implied malice against the Plaintiff and their safety and is unconscionable and outrageous conduct.

325.    Defendant MDX Corp.'s conduct was deliberate in that no age verification or eligibility verification was sufficiently performed on Atilio Delgado to ensure MDX Corp. complied with Federal or State law prior to shipping the items purchased by Atilio Delgado to him.

326.    This deliberate conduct was so outrageous and was such a clear circumvention of

the Federal laws that regulate Defendant MDX Corp. that it constitutes implied malice toward not only the Plaintiff, but to the entire public.

327.   Defendant MDX Corp. has still, to this day, not put into place adequate eligibility confirmation criteria that are sufficient to comply with the Federal law and its age and eligibility requirements to preclude minors or prohibited persons from obtaining a handgun kit, as they can order a handgun kit online through MDX Corp.'s website and receive it delivered to their doorstep through the mail without ever providing eligibility or age verification.

328.   Defendant MDX Corp. acted and continues to act in a deliberate and intentional manner when its sale of a handgun, handgun frame, handgun parts, and/or ammunition to Atilio Delgado, an individual who obtained their products without Defendant MDX Corp. requiring age or eligibility verifications for the purchase, is an incomprehensible intentional act on its part to sell product to receive profits of $434.74 over the safety of the public and over compliance with its requirements under Federal and State laws.

329.   Defendant MDX Corp.'s conduct in selling prohibited items to the legal minor Atilio Delgado is intolerable conduct that Maine law permits the application of punitive damages to deter theirs and others similar conduct.

**WHEREFORE** Plaintiff seeks judgement against the Defendant MDX Corp. for Count XI and punitive damages in an amount that will sufficiently punish and deter this conduct by the Defendant and send a message to others similarly conducting business as the Defendant intentionally did.

## COUNT XII

## PUNITIVE DAMAGES AGAINST MDX CORP. – WRONGFUL DEATH

330.   Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

331.   Defendant MDX Corp. owed Decedent and Mrs. Cluney a duty as a distributor of both handguns, handgun frames, and kits or parts for handguns to ensure that it was compliant

47

with Federal law and not place either handguns, handgun frames, or a handgun kit or parts into the hands of a minor who was precluded by law from possessing those items.

332.    Defendant MDX Corp. owed Decedent and Mrs. Cluney a duty as a retail supplier of handguns, handgun frames, and ammunition to verify the transactions that they complete with a consumer is a permissible, lawful transaction and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frames, or a handgun kit or parts in violation of Federal or State law.

333.    Defendant MDX Corp. did not verify that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of a handgun, a handgun frame, handgun parts, or a handgun kit.

334.    Defendant MDX Corp.'s conduct in not verifying that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of a handgun, handgun frame, handgun parts, or a handgun kit was done with the intent to circumvent the legal requirements put in place by Federal and State laws to prevent prohibited individuals from obtaining or possessing a handgun, handgun frame, handgun parts, or a handgun kit.

335.    Defendant MDX Corp. did in fact sell to Atilio Delgado a handgun, a handgun frame, handgun parts, and/or a handgun kit as defined by Federal and State law.

336.    Defendant MDX Corp. did take money from a Visa gift card in exchange for this transfer of ownership of a handgun, a handgun frame, handgun parts, and/or a handgun kit from MDX Corp. to Atilio Delgado.

337.    Defendant MDX Corp. did cause, through shipping the handgun, handgun frame, handgun parts, and/or a handgun kit Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor without verifying his eligibility to legally possess those items.

338.    But for the actions of MDX Corp., Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and/or a handgun kit.

339.    But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

340.    Defendant MDX Corp. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and a handgun kit in violation of Federal and State laws when it shipped one (1) shipment to Atilio Delgado that contained any combination of a handgun frame, handgun parts, or a handgun kit.

341.    Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor a handgun, handgun frame, handgun parts, and/or a handgun kit.

342.    Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to purchase the products he purchased from the MDX Corp. website, which were ultimately purchased transferred, and furnished in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of his purchase, as required by Federal law and as required of an FFL.

343.    Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of a handgun, handgun frame, handgun parts, and/or a handgun kit was lawful upon delivery due to the lack of appropriate instructions, packaging marking, shipping requirements, FFL transfer requirements, and/or direction to the shipping carrier service used to transfer the package from MDX Corp.'s possession to Atilio Delgado, to ensure the transfer of ownership from MDX Corp. to Atilio Delgado was lawful and completed only if compliant with Federal law.

344.    This breach of duty by MDX Corp. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts, and a handgun kit so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

345.    As a direct and proximate cause of Defendant MDX Corp.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney, killing him.

49

346.   Defendant MDX Corp.'s conduct in the indifference to the Federal and State laws for providing through commercial purchase a handgun, handgun frame, handgun parts, or a handgun kit in exchange for money constitutes an implied malice against the Plaintiff and their safety and is unconscionable and outrageous conduct as applicable to the award of punitive damages in wrongful death actions.

347.   Defendant MDX Corp.'s conduct was deliberate in that no age verification or eligibility verification was sufficiently performed on Atilio Delgado to ensure MDX Corp. complied with Federal or State law prior to shipping the items purchased by Atilio Delgado to him which was the proximate cause of Mr. Cluney's wrongful death.

348.   This deliberate conduct was so outrageous and was such a clear circumvention of the Federal laws that regulate Defendant MDX Corp. that it constitutes implied malice toward Mr. Cluney, causing his wrongful death.

349.   Defendant MDX Corp. acted and continues to act in a deliberate and intentional manner when its sale of a handgun, handgun frame, handgun parts, and/or ammunition to Atilio Delgado, an individual who obtained their products without Defendant MDX Corp. requiring age or eligibility verifications for the purchase, is an incomprehensible intentional act on its part to sell product to receive profits of $434.74 over the safety of the public and over compliance with its requirements under Federal and State laws.

350.   Defendant MDX Corp.'s conduct in selling prohibited items to the legal minor Atilio Delgado is intolerable conduct that Maine law permits the application of punitive damages for the wrongful death to Mr. Cluney to deter theirs and others similar conduct.


**WHEREFORE** Plaintiff seeks judgement against the Defendant MDX Corp. for Count XII and punitive damages in the full amount authorized under the wrongful death punitive damages statute to punish Defendant for its outrageous conduct that contributed to the death of Mr. Cluney.


## COUNT XIII
### NEGLIGENCE OF FEDEX CORPORATE SERVICES, INC.

351.   Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

352.   Defendant FedEx Corporate Services, Inc. owed Decedent and Mrs. Cluney a duty as a shipping carrier for both Brownells, Inc. and MDX Corp., who are known or should reasonably be known by FedEx to sell handguns, handgun frames, handgun parts or kits, and ammunition for handguns, and who require contracts from those entities as FFL shippers and dealers in firearms or handguns, to ensure that it was compliant with Federal law and not place a handgun, handgun frame, handgun parts or kits, or handgun ammunition into the hands of a minor who was precluded by law from possessing those items.

353.   Defendant FedEx Corporate Services, Inc. owed Decedent and Mrs. Cluney a duty as a shipping carrier for both Brownells, Inc. and MDX Corp., who are known or should reasonably be known by FedEx to sell handguns, handgun frames, handgun parts or kits, and ammunition, and who require contracts from those entities as FFL shippers and dealers in firearms or handguns, to verify every transaction that they transport and deliver to a consumer is a permissible and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frame, handgun parts or kits, or handgun ammunition in violation of Federal or State law.

354.   Defendant FedEx Corporate Services, Inc. did not verify that Atilio Delgado was legally eligible under Federal and State law to receive, own, possess, or obtain transfer of a handgun, a handgun frame, handgun parts or kits, or handgun ammunition.

355.   Defendant FedEx Corporate Services, Inc. did, in fact, transport and deliver to Atilio Delgado a handgun, a handgun frame, handgun parts or kit, and/or handgun ammunition as defined by Federal and State law from Brownells, Inc. and/or MDX Corp.

356.   Defendant FedEx Corporate Services, Inc. did take money from Brownells, Inc. and MDX Corp. in exchange for this shipping carrier transaction and transfer of a handgun, a handgun frame, handgun parts or kit, and/or handgun ammunition from FedEx Corporate Services, Inc. to Atilio Delgado.

357.   Defendant FedEx Corporate Services, Inc. did cause, through shipping the handgun, handgun frame, handgun parts or kit, and/or handgun ammunition, Atilio Delgado to

come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor without verifying his eligibility to legally possess those items.

358.    But for the actions of FedEx Corporate Services, Inc., Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and/or handgun ammunition.

359.    But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

360.    Defendant FedEx Corporate Services, Inc. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and handgun ammunition in violation of Federal and State laws when it failed to verify the legality of the shipments processed from Brownells, Inc. and MDX Corp., businesses known or reasonably foreseeable to FedEx that shipments of firearms, handgun frames, handgun parts or kits, or handgun ammunition were likely to be delivered from those entities when it received, processed, carried, and delivered four (4) shipments to Atilio Delgado that contained any combination of a handgun frame, handgun parts, or handgun ammunition, without verifying the recipient's age or eligibility to possess those items.

361.    Defendant FedEx Corporate Services, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor a handgun, handgun frame, handgun parts or kit, and/or handgun ammunition.

362.    Defendant FedEx Corporate Services, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to receive the products shipped from Brownells, Inc. or MDX Corp., which were ultimately transferred and furnished to him by FedEx in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of the delivery of those items, as required by Federal law and as required of an FFL shipping company or carrier.

363.    Defendant FedEx Corporate Services, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of a handgun,

52

handgun frame, handgun parts or kit, and/or handgun ammunition was lawful upon delivery to the residence due to the lack of appropriate inquiry or insight into the contents of the shipments, failure to obtain appropriate instructions, failure to ensure the packaging had appropriate markings, failing to obtain confirmation that there were no required shipping provisions under the FFL that had to be enforced or verified by FedEx, and failure to confirm eligibility to receive the packages under the FFL when possession was transferred from FedEx to Atilio Delgado.

364.    This breach of duty by FedEx Corporate Services, Inc. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts or kit, and handgun ammunition so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

365.    As a direct and proximate cause of Defendant FedEx Corporate Services, Inc.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney.

366.    As a direct and proximate cause of Defendant FedEx Corporate Services, Inc.'s negligent, careless, and/or reckless conduct, Decedent experienced physical and emotional injuries, pre-incident fear and terror, fear of imminent and impending death, loss of enjoyment of life, lost opportunities, conscious pain and suffering, and other economic and non-economic damages.

367.    Upon hearing the shot, Mrs. Cluney experienced immediate terror and fear.

368.    Upon seeing her husband shot, Mrs. Cluney experienced immense emotional distress and fear for the safety of herself, her children, and her injured husband.

369.    After getting to her husband, Mrs. Cluney experienced unimaginable emotional distress as a result of holding her husband as he died in her arms.

370.    As a direct and proximate cause of Defendant FedEx Corporate Services, Inc.'s negligent, careless, and/or reckless conduct, Mrs. Cluney experienced imminent fear of bodily injury, post-incident terror, pain and suffering, lost consortium from her husband, and other non-economic and economic damages.

371.    As a direct and proximate cause of Defendant FedEx Corporate Services, Inc.'s negligent, careless, and/or reckless conduct, Mrs. Cluney experienced the negligent infliction of emotional distress upon hearing the shot and fearing what had happened, then running outside only to see her worst fears coming true.

**WHEREFORE** Plaintiff seeks judgement against the Defendant FedEx Corporate Services, Inc. for Count XIII and all damages that may be given by a Jury to the Plaintiff under the law.

## COUNT XIV

## NEGLIGENCE OF FEDEX CORPORATE SERVICES, INC.

## – WRONGFUL DEATH

372.    Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

373.    Defendant FedEx Corporate Services, Inc. owed Decedent and Mrs. Cluney a duty as a shipping carrier for both Brownells, Inc. and MDX Corp., who are known or should reasonably be known by FedEx to sell handguns, handgun frames, handgun parts or kits, and ammunition for handguns, and who require contracts from those entities as FFL shippers and dealers in firearms or handguns, to ensure that it was compliant with Federal law and not place a handgun, handgun frame, handgun parts or kits, or handgun ammunition into the hands of a minor who was precluded by law from possessing those items.

374.    Defendant FedEx Corporate Services, Inc. owed Decedent and Mrs. Cluney a duty as a shipping carrier for both Brownells, Inc. and MDX Corp., who are known or should reasonably be known by FedEx to sell handguns, handgun frames, handgun parts or kits,  and ammunition, and who require contracts from those entities as FFL shippers and dealers in firearms or handguns, to verify every transaction that they transport and deliver to a consumer is a permissible and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frame,

handgun parts or kits, or handgun ammunition in violation of Federal or State law.

375.    Defendant FedEx Corporate Services, Inc. did not verify that Atilio Delgado was legally eligible under Federal and State law to receive, own, possess, or obtain transfer of a handgun, a handgun frame, handgun parts or kits, or handgun ammunition.

376.    Defendant FedEx Corporate Services, Inc. did, in fact, transport and deliver to Atilio Delgado a handgun, a handgun frame, handgun parts or kit, and/or handgun ammunition as defined by Federal and State law from Brownells, Inc. and/or MDX Corp.

377.    Defendant FedEx Corporate Services, Inc. did take money from Brownells, Inc. and MDX Corp. in exchange for this shipping carrier transaction and transfer of a handgun, a handgun frame, handgun parts or kit, and/or handgun ammunition from FedEx Corporate Services, Inc. to Atilio Delgado.

378.    Defendant FedEx Corporate Services, Inc. did cause, through shipping the handgun, handgun frame, handgun parts or kit, and/or handgun ammunition Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor without verifying his eligibility to legally possess those items.

379.    But for the actions of FedEx Corporate Services, Inc., Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and/or handgun ammunition.

380.    But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

381.    Defendant FedEx Corporate Services, Inc. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and handgun ammunition in violation of Federal and State laws when it failed to verify the legality of the shipments processed from Brownells, Inc. and MDX Corp., businesses known or reasonably foreseeable to FedEx that shipments of firearms, handgun frames, handgun parts or kits, or handgun ammunition were likely to be delivered from those entities when it received, processed, carried, and delivered four (4) shipments to Atilio Delgado that contained any combination of a handgun frame, handgun parts, or handgun ammunition, without verifying the recipient's age or eligibility

to possess those items.

382.    Defendant FedEx Corporate Services, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor a handgun, handgun frame, handgun parts or kit, and/or handgun ammunition.

383.    Defendant FedEx Corporate Services, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to receive the products shipped from Brownells, Inc. or MDX Corp., which were ultimately transferred and furnished to him by FedEx in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of the delivery of those items, as required by Federal law and as required of an FFL shipping company or carrier.

384.    Defendant FedEx Corporate Services, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of a handgun, handgun frame, handgun parts or kit, and/or handgun ammunition was lawful upon delivery to the residence due to the lack of appropriate inquiry or insight into the contents of the shipments, failure to obtain appropriate instructions, failure to ensure the packaging had appropriate markings, failing to obtain confirmation that there were no required shipping provisions under the FFL that had to be enforced or verified by FedEx, and failure to confirm eligibility to receive the packages under the FFL when possession was transferred from FedEx to Atilio Delgado.

385.    This breach of duty by FedEx Corporate Services, Inc. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts or kit, and handgun ammunition so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

386.    As a direct and proximate cause of Defendant FedEx Corporate Services, Inc.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney.

387.    As a direct and proximate cause of Defendant FedEx Corporate Services, Inc.'s

negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney, killing him.

388.    As a direct and proximate cause of Defendant FedEx Corporate Services, Inc.'s negligent, careless, and/or reckless conduct, Decedent experienced his untimely and wrongful death.


**WHEREFORE** Plaintiff seeks judgement against the Defendant FedEx Corporate Services, Inc. for Count XIV and all damages that may be given by a Jury for Wrongful Death to the Plaintiff under the law.


## COUNT XV

## NEGLIGENCE AGAINST FEDEX CORPORATE SERVICES, INC. –

## WRONGFUL DEATH - CONSCIOUS PAIN AND SUFFERING


389.    Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

390.    Defendant FedEx Corporate Services, Inc. owed Decedent and Mrs. Cluney a duty as a shipping carrier for both Brownells, Inc. and MDX Corp., who are known or should reasonably be known by FedEx to sell handguns, handgun frames, handgun parts or kits, and ammunition for handguns, and who require contracts from those entities as FFL shippers and dealers in firearms or handguns, to ensure that it was compliant with Federal law and not place a handgun, handgun frame, handgun parts or kits, or handgun ammunition into the hands of a minor who was precluded by law from possessing those items.

391.    Defendant FedEx Corporate Services, Inc. owed Decedent and Mrs. Cluney a duty as a shipping carrier for both Brownells, Inc. and MDX Corp., who are known or should reasonably be known by FedEx to sell handguns, handgun frames, handgun parts or kits,  and ammunition, and who require contracts from those entities as FFL shippers and dealers in firearms or handguns, to verify every transaction that they transport and deliver to a consumer is a permissible and lawful transfer of the product within their exclusive authority and control, so as

to prevent an individual from unlawfully being furnished with a handgun, handgun frame, handgun parts or kits, or handgun ammunition in violation of Federal or State law.

392.    Defendant FedEx Corporate Services, Inc. did not verify that Atilio Delgado was legally eligible under Federal and State law to receive, own, possess, or obtain transfer of a handgun, a handgun frame, handgun parts or kits, or handgun ammunition.

393.    Defendant FedEx Corporate Services, Inc. did, in fact, transport and deliver to Atilio Delgado a handgun, a handgun frame, handgun parts or kit, and/or handgun ammunition as defined by Federal and State law from Brownells, Inc. and/or MDX Corp.

394.    Defendant FedEx Corporate Services, Inc. did take money from Brownells, Inc. and MDX Corp. in exchange for this shipping carrier transaction and transfer of a handgun, a handgun frame, handgun parts or kit, and/or handgun ammunition from FedEx Corporate Services, Inc. to Atilio Delgado.

395.    Defendant FedEx Corporate Services, Inc. did cause, through shipping the handgun, handgun frame, handgun parts or kit, and/or handgun ammunition Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the.other Defendants, despite his legal status as a minor without verifying his eligibility to legally possess those items.

396.    But for the actions of FedEx Corporate Services, Inc., Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and/or handgun ammunition.

397.    But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

398.    Defendant FedEx Corporate Services, Inc. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and handgun ammunition in violation of Federal and State laws when it failed to verify the legality of the shipments processed from Brownells, Inc. and MDX Corp., businesses known or reasonably foreseeable to FedEx that shipments of firearms, handgun frames, handgun parts or kits, or handgun ammunition were likely to be delivered from those entities when it received, processed, carried, and delivered four (4) shipments to Atilio Delgado that contained any combination of a handgun

frame, handgun parts, or handgun ammunition, without verifying the recipient's age or eligibility to possess those items.

399.    Defendant FedEx Corporate Services, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor a handgun, handgun frame, handgun parts or kit, and/or handgun ammunition.

400.    Defendant FedEx Corporate Services, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to receive the products shipped from Brownells, Inc. or MDX Corp., which were ultimately transferred and furnished to him by FedEx in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of the delivery of those items, as required by Federal law and as required of an FFL shipping company or carrier.

401.    Defendant FedEx Corporate Services, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of a handgun, handgun frame, handgun parts or kit, and/or handgun ammunition was lawful upon delivery to the residence due to the lack of appropriate inquiry or insight into the contents of the shipments, failure to obtain appropriate instructions, failure to ensure the packaging had appropriate markings, failing to obtain confirmation that there were no required shipping provisions under the FFL that had to be enforced or verified by FedEx, and failure to confirm eligibility to receive the packages under the FFL when possession was transferred from FedEx to Atilio Delgado.

402.    This breach of duty by FedEx Corporate Services, Inc. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts or kit, and handgun ammunition so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

403.    As a direct and proximate cause of Defendant FedEx Corporate Services, Inc.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition when he confronted the Decedent, Mr. James Cluney.

404. Upon the weapon being brandished by Atilio Delgado, Decedent James Cluney experienced terror and fear of imminent death in the moments prior to being shot.

405. Upon being shot, Decedent James Cluney experienced indescribable pain and suffering as the bullet fired from the handgun pierced his flesh and organs.

406. Upon being shot, Decedent James Cluney feared losing his life and his family prior to dying.

407. After being shot, Decedent James Cluney experienced conscious pain and suffering from the gunshot wound as he lay in his own front yard until he died.

408. The emotional distress, conscious pain and suffering, and fear of imminent death suffered by the Decedent James Cluney was severe and no reasonable person could be expected to endure it.

409. As a direct and proximate cause of Defendant FedEx Corporate Services, Inc.'s negligent, careless, and/or reckless conduct, Decedent James Cluney experienced significant conscious pain and suffering and conscious terror and fear of imminent death until his untimely and wrongful death.

**WHEREFORE** Plaintiff seeks judgement against the Defendant FedEx Corporate Services, Inc. for Count XV and all damages that may be given by a Jury to the Plaintiff under the law.

## COUNT XVI

## NEGLIGENCE AGAINST FEDEX CORPORATE SERVICES, INC. – LOSS OF CONSORTIUM

410. Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

411. Defendant FedEx Corporate Services, Inc. owed Decedent and Mrs. Cluney a duty as a shipping carrier for both Brownells, Inc. and MDX Corp., who are known or should

60

reasonably be known by FedEx to sell handguns, handgun frames, handgun parts or kits, and ammunition for handguns, and who require contracts from those entities as FFL shippers and dealers in firearms or handguns, to ensure that it was compliant with Federal law and not place a handgun, handgun frame, handgun parts or kits, or handgun ammunition into the hands of a minor who was precluded by law from possessing those items.

412.    Defendant FedEx Corporate Services, Inc. owed Decedent and Mrs. Cluney a duty as a shipping carrier for both Brownells, Inc. and MDX Corp., who are known or should reasonably be known by FedEx to sell handguns, handgun frames, handgun parts or kits,  and ammunition, and who require contracts from those entities as FFL shippers and dealers in firearms or handguns, to verify every transaction that they transport and deliver to a consumer is a permissible and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frame, handgun parts or kits, or handgun ammunition in violation of Federal or State law.

413.    Defendant FedEx Corporate Services, Inc. did not verify that Atilio Delgado was legally eligible under Federal and State law to receive, own, possess, or obtain transfer of a handgun, a handgun frame, handgun parts or kits, or handgun ammunition.

414.    Defendant FedEx Corporate Services, Inc. did, in fact, transport and deliver to Atilio Delgado a handgun, a handgun frame, handgun parts or kit, and/or handgun ammunition as defined by Federal and State law from Brownells, Inc. and/or MDX Corp.

415.    Defendant FedEx Corporate Services, Inc. did take money from Brownells, Inc. and MDX Corp. in exchange for this shipping carrier transaction and transfer of a handgun, a handgun frame, handgun parts or kit, and/or handgun ammunition from FedEx Corporate Services, Inc. to Atilio Delgado.

416.    Defendant FedEx Corporate Services, Inc. did cause, through shipping the handgun, handgun frame, handgun parts or kit, and/or handgun ammunition Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other defendant's, despite his legal status as a minor without verifying his eligibility to legally possess those items.

417.    But for the actions of FedEx Corporate Services, Inc., Atilio Delgado would not

have been in possession of a handgun, handgun frame, handgun parts, and/or handgun ammunition.

418.    But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

419.    Defendant FedEx Corporate Services, Inc. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and handgun ammunition in violation of Federal and State laws when it failed to verify the legality of the shipments processed from Brownells, Inc. and MDX Corp., businesses known or reasonably foreseeable to FedEx that shipments of firearms, handgun frames, handgun parts or kits, or handgun ammunition were likely to be delivered from those entities when it received, processed, carried, and delivered four (4) shipments to Atilio Delgado that contained any combination of a handgun frame, handgun parts, or handgun ammunition, without verifying the recipient's age or eligibility to possess those items.

420.    Defendant FedEx Corporate Services, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor a handgun, handgun frame, handgun parts or kit, and/or handgun ammunition.

421.    Defendant FedEx Corporate Services, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to receive the products shipped from Brownells, Inc. or MDX Corp., which were ultimately transferred and furnished to him by FedEx in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of the delivery of those items, as required by Federal law and as required of an FFL shipping company or carrier.

422.    Defendant FedEx Corporate Services, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of a handgun, handgun frame, handgun parts or kit, and/or handgun ammunition was lawful upon delivery to the residence due to the lack of appropriate inquiry or insight into the contents of the shipments, failure to obtain appropriate instructions, failure to ensure the packaging had appropriate markings, failing to obtain confirmation that there were no required shipping provisions under the FFL that had to be enforced or verified by FedEx, and failure to confirm eligibility to receive

the packages under the FFL when possession was transferred from FedEx to Atilio Delgado.

423.    This breach of duty by FedEx Corporate Services, Inc. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts or kit, and handgun ammunition so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

424.    As a direct and proximate cause of Defendant FedEx Corporate Services, Inc.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney.

425.    As a direct and proximate cause of Defendant FedEx Corporate Services, Inc.'s negligent, careless, and/or reckless conduct, Mrs. Cluney experienced the death of her husband and the deprivation of his companionship, loss of his function of household duties, loss of caregiving for Mrs. Cluney and their two (2) children, and loss of sexual intimacy.

**WHEREFORE** Plaintiff seeks judgement against the Defendant FedEx Corporate Services, Inc. for Count XVI and all damages that may be given by a Jury to the Plaintiff under the law.

## COUNT XVII

## PUNITIVE DAMAGES AGAINST FEDEX CORPORATE SERVICES, INC.

426.    Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

427.    Defendant FedEx Corporate Services, Inc. owed Decedent and Mrs. Cluney a duty as a shipping carrier for both Brownells, Inc. and MDX Corp., who are known or should reasonably be known by FedEx to sell handguns, handgun frames, handgun parts or kits, and ammunition for handguns, and who require contracts from those entities as FFL shippers and dealers in firearms or handguns, to ensure that it was compliant with Federal law and not place a

handgun, handgun frame, handgun parts or kits, or handgun ammunition into the hands of a minor who was precluded by law from possessing those items.

428.    Defendant FedEx Corporate Services, Inc. owed Decedent and Mrs. Cluney a duty as a shipping carrier for both Brownells, Inc. and MDX Corp., who are known or should reasonably be known by FedEx to sell handguns, handgun frames, handgun parts or kits,  and ammunition, and who require contracts from those entities as FFL shippers and dealers in firearms or handguns, to verify every transaction that they transport and deliver to a consumer is a permissible and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frame, handgun parts or kits, or handgun ammunition in violation of Federal or State law.

429.    Defendant FedEx Corporate Services, Inc. did not verify that Atilio Delgado was legally eligible under Federal and State law to receive, own, possess, or obtain transfer of a handgun, a handgun frame, handgun parts or kits, or handgun ammunition.

430.    Defendant FedEx Corporate Services, Inc. did, in fact, transport and deliver to Atilio Delgado a handgun, a handgun frame, handgun parts or kit, and/or handgun ammunition as defined by Federal and State law from Brownells, Inc. and/or MDX Corp.

431.    Defendant FedEx Corporate Services, Inc. did take money from Brownells, Inc. and MDX Corp. in exchange for this shipping carrier transaction and transfer of a handgun, a handgun frame, handgun parts or kit, and/or handgun ammunition from FedEx Corporate Services, Inc. to Atilio Delgado.

432.    Defendant FedEx Corporate Services, Inc. did cause, through shipping the handgun, handgun frame, handgun parts or kit, and/or handgun ammunition Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor without verifying his eligibility to legally possess those items.

433.    But for the actions of FedEx Corporate Services, Inc., Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and/or handgun ammunition.

434.    But for Atilio Delgado's possession of this illegal handgun and illegal

ammunition, Mr. Cluney would not have been shot.

435.    Defendant FedEx Corporate Services, Inc. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and handgun ammunition in violation of Federal and State laws when it failed to verify the legality of the shipments processed from Brownells, Inc. and MDX Corp., businesses known or reasonably foreseeable to FedEx that shipments of firearms, handgun frames, handgun parts or kits, or handgun ammunition were likely to be delivered from those entities when it received, processed, carried, and delivered four (4) shipments to Atilio Delgado that contained any combination of a handgun frame, handgun parts, or handgun ammunition, without verifying the recipient's age or eligibility to possess those items.

436.    Defendant FedEx Corporate Services, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor a handgun, handgun frame, handgun parts or kit, and/or handgun ammunition.

437.    Defendant FedEx Corporate Services, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to receive the products shipped from Brownells, Inc. or MDX Corp., which were ultimately transferred and furnished to him by FedEx in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of the delivery of those items, as required by Federal law and as required of an FFL shipping company or carrier.

438.    Defendant FedEx Corporate Services, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of a handgun, handgun frame, handgun parts or kit, and/or handgun ammunition was lawful upon delivery to the residence due to the lack of appropriate inquiry or insight into the contents of the shipments, failure to obtain appropriate instructions, failure to ensure the packaging had appropriate markings, failing to obtain confirmation that there were no required shipping provisions under the FFL that had to be enforced or verified by FedEx, and failure to confirm eligibility to receive the packages under the FFL when possession was transferred from FedEx to Atilio Delgado.

439.    This breach of duty by FedEx Corporate Services, Inc. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts or kit, and

handgun ammunition so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

440.    As a direct and proximate cause of Defendant FedEx Corporate Services, Inc.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney.

441.    Defendant FedEx Corporate Services, Inc.'s conduct in the indifference to the Federal and State laws for providing through commercial shipping carrier transport a handgun, handgun frame, handgun parts or kit, or handgun ammunition in exchange for money constitutes an implied malice against the Plaintiff and their safety and is unconscionable and outrageous conduct.

442.    Defendant FedEx Corporate Services, Inc.'s conduct was deliberate in that no age verification or eligibility verification was sufficiently performed on Atilio Delgado to ensure FedEx Corporate Services, Inc. complied with Federal or State law prior to transferring ownership of the items purchased by Atilio Delgado to him.

443.    This deliberate conduct was so outrageous and was such a clear circumvention of the Federal laws that regulate Defendant FedEx Corporate Services, Inc. that it constitutes implied malice toward not only the Plaintiff, but to the entire public.

444.    Defendant FedEx Corporate Services, Inc. has still, to this day, not put into place adequate eligibility confirmation criteria that are sufficient to comply with the Federal law and its age and eligibility requirements to preclude minors or prohibited persons from obtaining handgun ammunition, as handgun ammunition can be ordered online and shipped from known distributors of handgun ammunition through FedEx Corporate Services, Inc. and received, delivered to their doorstep, without ever verifying eligibility or age.

445.    Defendant FedEx Corporate Services, Inc. acted and continues to act in a deliberate and intentional manner when its transfer of a handgun, handgun frame, handgun parts, and/or ammunition to Atilio Delgado, and other individuals who obtain illegal products without Defendant FedEx Corporate Services, Inc. requiring age or eligibility verifications for the

purchase, is an incomprehensible intentional act on its part to ship packages from known, contracted FFL vendors to private residences without verifying age or eligibly, in exchange for profits., placing profit over the safety of the public and over compliance with its requirements under Federal and State laws.

446.   Defendant FedEx Corporate Services, Inc.'s conduct in shipping and transferring prohibited items to the minor Atilio Delgado is intolerable conduct that Maine law permits the application of punitive damages to deter theirs and others similar conduct.

**WHEREFORE** Plaintiff seeks judgement against the Defendant FedEx Corporate Services, Inc. for Count XVII and punitive damages in an amount that will sufficiently punish and deter this conduct by the Defendant and send a message to others similarly conducting business as the Defendant intentionally did.

### COUNT XVIII

### PUNITIVE DAMAGES AGAINST FEDEX CORPORATE SERVICES, INC. – WRONGFUL DEATH

447.   Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

448.   Defendant FedEx Corporate Services, Inc. owed Decedent and Mrs. Cluney a duty as a shipping carrier for both Brownells, Inc. and MDX Corp., who are known or should reasonably be known by FedEx to sell handguns, handgun frames, handgun parts or kits, and ammunition for handguns, and who require contracts from those entities as FFL shippers and dealers in firearms or handguns, to ensure that it was compliant with Federal law and not place a handgun, handgun frame, handgun parts or kits, or handgun ammunition into the hands of a minor who was precluded by law from possessing those items.

449.   Defendant FedEx Corporate Services, Inc. owed Decedent and Mrs. Cluney a duty as a shipping carrier for both Brownells, Inc. and MDX Corp., who are known or should reasonably be known by FedEx to sell handguns, handgun frames, handgun parts or kits, and

ammunition, and who require contracts from those entities as FFL shippers and dealers in firearms or handguns, to verify every transaction that they transport and deliver to a consumer is a permissible and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frame, handgun parts or kits, or handgun ammunition in violation of Federal or State law.

450.    Defendant FedEx Corporate Services, Inc. did not verify that Atilio Delgado was legally eligible under Federal and State law to receive, own, possess, or obtain transfer of a handgun, a handgun frame, handgun parts or kits, or handgun ammunition.

451.    Defendant FedEx Corporate Services, Inc. did, in fact, transport and deliver to Atilio Delgado a handgun, a handgun frame, handgun parts or kit, and/or handgun ammunition as defined by Federal and State law from Brownells, Inc. and/or MDX Corp.

452.    Defendant FedEx Corporate Services, Inc. did take money from Brownells, Inc. and MDX Corp. in exchange for this shipping carrier transaction and transfer of a handgun, a handgun frame, handgun parts or kit, and/or handgun ammunition from FedEx Corporate Services, Inc. to Atilio Delgado.

453.    Defendant FedEx Corporate Services, Inc. did cause, through shipping the handgun, handgun frame, handgun parts or kit, and/or handgun ammunition Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor without verifying his eligibility to legally possess those items.

454.    But for the actions of FedEx Corporate Services, Inc., Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and/or handgun ammunition.

455.    But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

456.    Defendant FedEx Corporate Services, Inc. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and handgun ammunition in violation of Federal and State laws when it failed to verify the legality of the shipments processed from Brownells, Inc. and MDX Corp., businesses known or reasonably foreseeable to

FedEx that shipments of firearms, handgun frames, handgun parts or kits, or handgun ammunition were likely to be delivered from those entities when it received, processed, carried, and delivered four (4) shipments to Atilio Delgado that contained any combination of a handgun frame, handgun parts, or handgun ammunition, without verifying the recipient's age or eligibility to possess those items.

457.    Defendant FedEx Corporate Services, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor a handgun, handgun frame, handgun parts or kit, and/or handgun ammunition.

458.    Defendant FedEx Corporate Services, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to receive the products shipped from Brownells, Inc. or MDX Corp., which were ultimately transferred and furnished to him by FedEx in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of the delivery of those items, as required by Federal law and as required of an FFL shipping company or carrier.

459.    Defendant FedEx Corporate Services, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of a handgun, handgun frame, handgun parts or kit, and/or handgun ammunition was lawful upon delivery to the residence due to the lack of appropriate inquiry or insight into the contents of the shipments, failure to obtain appropriate instructions, failure to ensure the packaging had appropriate markings, failing to obtain confirmation that there were no required shipping provisions under the FFL that had to be enforced or verified by FedEx, and failure to confirm eligibility to receive the packages under the FFL when possession was transferred from FedEx to Atilio Delgado.

460.    This breach of duty by FedEx Corporate Services, Inc. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts or kit, and handgun ammunition so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

461.    As a direct and proximate cause of Defendant FedEx Corporate Services, Inc.'s

69

negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney.

462.     Defendant FedEx Corporate Services, Inc.'s conduct in the indifference to the Federal and State laws for providing through commercial shipping carrier transport a handgun, handgun frame, handgun parts or kit, or handgun ammunition in exchange for money constitutes an implied malice against the Plaintiff and their safety and is unconscionable and outrageous conduct.

463.     Defendant FedEx Corporate Services, Inc.'s conduct was deliberate in that no age verification or eligibility verification was sufficiently performed on Atilio Delgado to ensure FedEx Corporate Services, Inc. complied with Federal or State law prior to transferring ownership of the items purchased by Atilio Delgado to him.

464.     This deliberate conduct was so outrageous and was such a clear circumvention of the Federal laws that regulate Defendant FedEx Corporate Services, Inc. that it constitutes implied malice toward not only the Plaintiff, but to the entire public.

465.     Defendant FedEx Corporate Services, Inc. has still, to this day, not put into place adequate eligibility confirmation criteria that are sufficient to comply with the Federal law and its age and eligibility requirements to preclude minors or prohibited persons from obtaining handgun ammunition, as handgun ammunition can be ordered online and shipped from known distributors of handgun ammunition through FedEx Corporate Services, Inc. and received, delivered to their doorstep, without ever verifying eligibility or age.

466.     Defendant FedEx Corporate Services, Inc. acted and continues to act in a deliberate and intentional manner when its transfer of a handgun, handgun frame, handgun parts, and/or ammunition to Atilio Delgado, and other individuals who obtain illegal products without Defendant FedEx Corporate Services, Inc. requiring age or eligibility verifications for the purchase, is an incomprehensible intentional act on its part to ship packages from known contracted FFL vendors to private residences without verifying age or eligibly, in exchange for profits, placing profit over the safety of the public and over compliance with its requirements under Federal and State laws.

467.     Defendant FedEx Corporate Services, Inc.'s conduct in selling prohibited items to

the legal minor Atilio Delgado is intolerable conduct that Maine law permits the application of punitive damages for the wrongful death to Mr. Cluney to deter theirs and others similar conduct.

**WHEREFORE** Plaintiff seeks judgement against the Defendant FedEx Corporate Services, Inc. for Count XVIII and punitive damages in the full amount authorized under the wrongful death punitive damages statute to punish Defendant for its outrageous conduct that contributed to the death of Mr. Cluney.

## **RELIEF SOUGHT**

WHEREFORE, the Plaintiff Billi-Jo Cluney, as Personal Representative of the Estate of James M. Cluney, Sr., requests judgment in her favor against the Defendants, jointly and severally, their agents and/or employees, on each and every claim to reasonably compensate her for all pecuniary and non-pecuniary damages allowable under 18-C M.R.S.A. § 2-807, including but not limited to:

a)      Fair and just compensation for Billi-Jo Cluney for the negligence, intentional infliction of emotional distress, conscious pain and suffering, loss of consortium, comfort and society and companionship of her husband as permitted by Maine Law;

b)      Damages to compensate the Estate of James M. Cluney, Sr., for the reasonable expenses of medical hospital care and treatment and for reasonable funeral expenses that it incurred, pursuant to 18-C M.R.S.A. § 2-807;

c)      Damages for the conscious pain and suffering endured by the Decedent prior to his death, pursuant to 18-C M.R.S.A. § 2-807;

d)      Damages for the Wrongful Death of the Decedent, pursuant to 18-C M.R.S.A. § 2-807;

e)      Punitive Damages against each Defendant, as permitted under Maine Law;

d)      Punitive Damages attributable to the Wrongful Death, pursuant to 18-C M.R.S.A. § 2-807; and

e)      Any and all further relief as this Court and/or Jury deems just and appropriate.


## JURY TRIAL DEMAND


Plaintiff demands a trial by jury on all counts.


Dated at Portland, Maine this ____ day of April, 2024.


Respectfully submitted,


David Kreisler, Esq. – Bar #8098
Peter Richard, Esq. – Bar #4674
*Attorneys for Plaintiff*
GARMEY LAW
482 Congress Street, Suite 402
Portland, ME 04101
(207) 899-4644
dkreisler@garmeylaw.com
prichard@garmeylaw.com


72