## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| BILLI-JO CLUNEY, individually and as Personal Representative for the Estate of James M. Cluney, Sr.,<br><br>     Plaintiffs,<br><br>  v.<br><br>BROWNELLS, INC., and MDX CORP., and FEDEX CORPORATE SERVICES, INC. Defendants,<br><br>     Defendants. | Case No.: 24-cv-00207-LEW |

## PLAINTIFFS' OPPOSITION TO BROWNELLS, INC.'S MOTION TO DISMISS WITH INCORPROATED MEMORANDUM OF LAW

Plaintiffs Billi-Jo Cluney, Individually and as Personal Representative for the Estate of James M. Cluney, Sr., by and through undersigned Counsel, and pursuant to the Federal Rules of Civil Procedure submit this Objection to the Motion to Dismiss the Plaintiff's Complaint and affirms that the Plaintiff has stated multiple claims upon which relief can be granted by a Jury.

### SUMMARY

Defendant Brownells, Inc. (hereinafter "Defendant") filed a Motion to Dismiss on July 8, 2024 citing a number of legal theories in support of its arguments in favor of its position supporting dismissal.  Plaintiffs have additional information Plaintiffs' accuracy of the allegations made that Defendant's MDX Corp, Brownells Inc., and FedEx each facilitated Atilio Delgado, a 16 year old, obtaining a 9mm Glock 19 handgun and handgun ammunition, all of which were provided without verification of his age as required under Federal and State Law. Delgado used this illegally provided weapon to kill the Plaintiff James Cluney.

1

The Defendant attempts to leverage legal nuances and illusions of legal loopholes to circumvent its legal responsibility as a distributor of firearms. These arguments should be denied wholly, as the circumstances in this case meet the minimum thresholds required to overcome this Motion to Dismiss.

Defendant does not employ any reasonable age-verification measures for purchases of handgun magazines or handgun ammunition. Defendant did not require Delgado to input his age or complete an attestation before purchasing the handgun ammunition. Defendant did not, and still does not, require the use of adult age verification for shipping ammunition through FedEx, nor do they mark their shipping packages indicating that the box contains firearm parts or ammunition. Brownells performs their shipping with FedEx through a corporate account, but also distributes products like ammunition through the "Grinnell Distribution Center." Defendant states that this claim should be dismissed because (1) the Protection of Lawful Commerce in Arms Act ("PLCAA") precludes Plaintiff's claims, and (2) the facts alleged do not establish duty, causation, or conduct consistent with punitive damages. In all respects, the Defendant is incorrect.

Defendant incorrectly classified this suit as a qualified civil liability action as the PLCAA states that an action that involves knowing violation of federal or state law is not a qualified civil liability action and does not receive civil immunity. In this case, through willful blindness of the fact that Delgado was a minor and through no efforts that reasonably could have been taken to verify the transaction was between a lawful adult and federally regulated seller, Defendant violated 18 U.S.C. § 922(b)(1) by knowingly selling a minor handgun magazines and handgun ammunition. Defendant's similar contention that the PLCAA bars claims of general negligence

2

fails for the same reason because Plaintiff presents not only a claim for general negligence, but negligence based on a predicate federal law violation which is expressly allowed by the PLCAA.

Defendant's arguments with respect to negligence and the accompanying punitive damages similarly fail due to their own willful blindness and the implied malice inherent in their practices. By omitting any verification of Delgado's age in any of the transactions and selling him handgun ammunition and handgun magazines, Defendant intentionally breached their statutory duty to follow Federal law. This illegal sale was both the cause-in-fact and proximate cause of Plaintiff's injuries. Although Defendant alleges that Plaintiffs are the cause of their own injuries by not calling the police on what was essentially their own child for the past three years before the incident, Plaintiff made every reasonable effort to handle the situation in the least confrontational way possible with someone who they cared about, knew was armed, who lived and went to school with their children, and who they feared could make impulsive decisions that could harm their family. The failure by the Plaintiffs to take action cannot be a superseding cause between a shooter and the companies that illegally provided the shooter with the components to construct a handgun and handgun ammunition. The issue of comparable negligence is not at issue before the Court for consideration of a Motion to Dismiss. Further the impact of any contact with the police is entirely speculative.

The alleged facts taken in the light most favorable to the Plaintiff as regarding a Motion to Dismiss render the Defendant's arguments unqualifying. Plaintiffs assert that the Defendant's systematic and deliberate failure at every opportunity to act in the interest of public safety is grounds for punitive damages. A showing of outrageous conduct can be sufficient to imply the malice necessary for punitive damages. Defendant's attitude towards selling handgun ammunition and handgun magazines that allows them to profit at the cost of distributing

ammunition to minors, costing people their lives, is more than enough to constitute outrageous conduct sufficient for a reasonable finding of implied malice. A jury should not be robbed of the opportunity to express their disdain for Defendant's commerce practices that have in this case robbed the Cluney's of their loving father and husband, and the Jury should be permitted to express how fervently the Defendants should be collectively punished as it is the only avenue for the Cluney's to seek justice against the Defendants.

## FACTUAL BACKGROUND

Plaintiffs filed a Complaint alleging the facts as detailed in the Defendant's Motion. Additional facts have come to light since the filing of the Complaint and should be considered by the Court in ruling on this Motion.

In support of its Motion, Defendant provided a trio of documents for the Court's inspection, which we agree can and should be reviewed and considered as alleged facts for this Motion and for the credibility of the allegations in the Complaint[1].  Defendant MDX CORP also filed a Motion to Dismiss on other grounds and provided additional information in their motion, supplementing the Plaintiffs knowledge of the facts alleged in the Complaint.  Further, Counsel for FedEx have provided additional information regarding the business relationship and customs of practice between it and Defendant Brownells which is material here, and which we anticipate will lead to additional evidence proving the allegations in the Plaintiffs Complaint.

Below are additional facts which are relevant to the consideration of this Motion and facts we anticipate will be confirmed through Discovery.

---

[1] In evaluating a motion to dismiss, a court may consider "documents outside of the complaint" that are "expressly incorporated" in the complaint, "central to plaintiff's claim," and/or sufficiently referred to in the complaint." *Coffin v. Bowater Inc.*, 224 F.R.D. 289, 290 (D. Me. 2004) (citing *Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001); *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)); *Ramirez v. DeCoster*, No. 2:11-CV-00294-JAW, 2012 WL 2367179, at *9 (D. Me. June 21, 2012) (explaining that the court may consider "documents central to a plaintiff's claims, and documents referred to in the complaint without deciding the motion under the summary judgment standard").

From November 9, 2021, to December 18, 2021, Delgado completed three (3) purchases from Brownells.com with a OneVanilla pre-paid Visa gift card with the 'issued to' name of "CARDHOLDER". *Declaration of Jon Pettlon & Attachments 2-4 of Defendant's Motion to Dismiss.* These purchases included handgun magazines and handgun ammunition, specifically one box of V-Crown 9mm ammunition and one box of Magtech 9mm ammunition which are both age-restricted products under Federal law and cannot be legally sold to anyone under the age of 21. *Dec. of Pettleon & 18 U.S.C. § 922(b)(1).* The purchases also included a KCI Glock 9mm 17 round magazine and a KCI Glock 9mm 33 round magazine which are both components of a handgun part from which a handgun can be assembled and has no other function or purpose other than to be a component of a Glock 9mm handgun. *Dec. of Pettlon.*

Expressly absent from the Exhibits provided in the Defendant's Motion to Dismiss is any evidence that Defendant obtained from or asked Delgado in any of their transactions to verify that he was over 18 years of age or over 21 years of age (the legal restrictive age to purchase the handgun ammunition) to purchase the product[2]. Defendant can offer no proof that verification, checkbox, or other affirmative declarations were made by Delgado indicating that he was over 21 at the time of the purchase of the handgun ammunition.

With the ammunition and magazines from Brownells.com as well as other parts purchased from Defendant MDX Corp, Delgado illegally and inconspicuously obtained all the necessary components to build a handgun and load it with handgun ammunition at the age of 16

---

[2] Defendant argues in page 12 of their Motion (notably not in the fact section or in their affidavit, but only anecdotally in the argument section) that an age verification pops up when the item is added to the Brownells.com cart which has an age restriction. While we dispute the validity of this statement as there is no proof the Defendant can produce that this process outlined was completed in this transaction by Delgado, the Defendant also has no proof they can offer that this process is imposed on every restricted item at all. In fact, the items purchased from Brownells.com by Delgado can be purchased without this pop-up presenting at all and is not a barrier to the purchase of those items, and Plaintiffs do possess such proof that the transaction can be completed without ever indicating that the purchaser is over the legal age of 18 or 21, respective of the restricted ammunition purchased.

without ever being confronted to verify his age by any sellers or shipping carriers. *Id., & MDX Corp Exhibit A to MDX Motion to Dismiss. T*he ammunition was delivered to "Atilio Delgado" "and "Atilio Sanchez" (under Atilio Delgado's account with Brownells.com) at 108 Littlefield Road in Brooks, Maine, 04921 by FedEx Ground. *Exhibit 2 &4 of Defendant's Motion.* The single magazine transaction was shipped through Generic Ground, which was also FedEx. *Exhibit 3 of Defendant's Motion.*

FedEx has options available to a seller such as Defendant to select delivery methods and options when shipping dangerous or restricted items, including adult signature requirements which provide direction for FedEx carriers to verify the age of the person receiving the delivered item. *Exhibit A – Screenshot from FedEx Website.* This option is available for any transaction, and specifically is noted by FedEx as "always required" for various restricted items such as "alcohol, high value package goods, dangerous goods, hazardous materials, pharmaceuticals, and firearms.[3]" *Id.* No age or adult signature or adult verification was required by the Defendant as the shipper of the restricted products for any of the deliveries to Delgado. *Exhibits 2-4 of Defendant's Motion.*

Defendant FedEx has confirmed through their Counsel, and we anticipate will be disclosed through Discovery, that they did not deliver any package from Brownells registered corporate account to Brooks, Maine during the purchase and delivery timeframe. Yet Brownells own receipts confirmed that they shipped the products through FedEx to Delgado. *Exhibits 2-4 of Defendant's Motion.* Theses shipments were sent from a non-Brownells/FedEx corporate shipping account, which we presume Discovery will show was 'Grinnells Distribution Center'[4].

---

[3] This is presumed because most of those items, like handgun ammunition, are regulated and can only be purchased by verified adults.
[4] In response to Plaintiff's complaint, Defendant has admitted that it did make the sale of handgun ammunition and handgun magazine to Delgado, and Counsel for FedEx contacted Plaintiffs counsel and confirmed no packages were

Based on the facts stated above, Plaintiff has alleged claims against Defendant Brownells, Inc. arising out of their illegal sale of a handgun magazine and accompanying handgun ammunition to Delgado in violation of federal law.

## STANDARD OF REVIEW

Plaintiffs incorporate the standards of review articulated in their Objection to Motion for Dismissal filed by MDX.

## ARGUMENT

### I.     The Protection of Lawful Commerce in Arms Act does not preclude this claim

Defendant alleges in their Motion that this claim is preempted by the Protection of Lawful Commerce in Arms Act. Defendant states that that they did not have actual knowledge that Delgado was a minor when they sold him ammunition and thus could not have knowingly violated a statute required for the third enumerated exception of the PLCAA. *See* 15 U.S.C. § 7903(5)(A)(iii) (requiring a "knowing" violation of federal law) (quotation marks supplied). Defendant further contends that this case presents claims of "generalized negligence" which is expressly barred by the PLCAA. Defendant is incorrect in both respects. PLCAA has a predicate exception, 15 U.S.C. § 7903(5)(A)(iii), which exempts from preemption any "action in which a manufacturer or seller of a qualified product knowingly violated a State or Federal statute applicable to the sale or marketing of the product, and the violation was a proximate cause of the harm for which relief is sought."

---

delivered from Brownells corporate account by FedEx to Brooks, Maine.  Plaintiffs have not had the benefit of discovery yet, but anticipate similar information will be confirmed that Brownells.com shipped these purchases to Delgado using a shell-seller and distributor name in shipping unlabeled packages containing the handgun ammunition.  Defendant offers no evidence to show they were deceived by Delgado or that they made any reasonable inquiry into his age prior to selling him the handgun ammunition or handgun magazine, and did intentionally circumvent practices which would have easily verified the transaction as legal and verified the eligible age of the recipient, or in this case, the ineligibility, voiding the delivery and transaction and preventing Delgado from obtaining the handgun part and handgun ammunition.

Defendant fails to recognize that knowledge of a fact can be inferred through willful blindness where the facts show "a conscious course of deliberate ignorance," which would thereby allow a jury to infer that Defendant had knowledge by their failure to perform even a basic investigation.  Defendant incorrectly categorizes this as a generalized negligence when it is instead negligence spawning from violation of a statute. Courts have held that negligence actions allowed by the PLCAA where the negligence arises out of a violation of either federal or state law. Therefore, Defendant is incorrect in claiming that this suit is barred by the PLCAA.

### a.  Willful blindness can be used to satisfy a "knowing" element required for a statute.

Where a defendant purposefully prevents himself from discovering information, purposeful avoidance of fact can be used to satisfy a knowledge element to a statute or regulation. *Spurr v. United States*, 19 S.Ct. 812 (1899) (stating a willful or knowing violation would occur if the defendant purposely keeps himself in ignorance of circumstances material to the statute in question); *United States v. Azubike*, 564 F.3d 59, 66 (1st Cir. 2009) ("A willful-blindness instruction is appropriate only when (a) the defendant alleges he lacked knowledge, (b) the evidence examined in the light most flattering to the [plaintiff] shows [defendant] deliberately closed his eyes to the true facts, and (c) the instruction, viewed in context, does not suggest that an inference of knowledge is required rather than permitted"); *United States v. Parker*, 872 F.3d 1, 12 (1st Cir. 2017) (holding that evidence that "suggests a conscious course of deliberate ignorance" is sufficient to generate willful blindness instruction).  Although typically associated with criminal law, willful blindness can also be used to presume knowledge of a fact in civil cases. *See* Global-Tech Appliances, Inc. v. SEB S.A., 131 S.Ct. 2060, 2070 (2011) ("given the long history of willful blindness and its wide acceptance in the Federal Judiciary, we can see no reason why this doctrine should not apply in civil lawsuits"). Federal courts have also

held that an allegation of willful blindness is sufficient to overcome a motion to dismiss where defendant's motion is predicated on defendant's lack of knowledge. *See, e.g., IOT Innovations LLC v. SimpliSafe, Inc.,* 2023 WL 4236040 at *2 (D. Mass. 2023).

Here, Defendant claims that they had no knowledge of Delgado's age and therefore did not violate the statute. Defendant Brownells is an FFL firearm and ammunition dealer with knowledge of federal law and scrutinized as such a seller of restricted items. Defendant's website does not require age verification to purchase ammunition, instead Defendant states that they 'require' only that a purchaser click a "popup" stating that they are of legal age. This pop-up, if it even appeared at all, does not need to be completed to put the item into the cart to check out. The Defendant cannot produce any evidence that any 'pop-up' appeared when Delgado made the selection for either box of ammunition correctly affirming prior to the purchase that he is 21 years of age or older. Defendant does not require that a purchaser upload any proof of age. To make an account on Defendant's website a purchaser does not need to input their age or send any verification of any kind. Defendant's website does not give an option to input age. Defendant further does not employ age verification through its shipping which is an option available through FedEx[5]. This option of 'signature required' on Brownells website is left to the purchaser to select as an option and not automatically checked off by Brownells for regulated items it sells. To further prevent themselves from having knowledge of even the most basic information about their patrons, Brownells manages their shipping with FedEx through multiple accounts under

---

[5] "Adult signature required" is a shipping and delivery option provided by FedEx which, when selected by the distributor that requires FedEx to "[obtain] a signature from someone at the delivery address who is at least the age of majority (no longer a minor) in the destination country. Government-issued photo identification or other identification customarily accepted by local authorities is required. If there is no eligible recipient at the address, FedEx may reattempt the delivery. For U.S. deliveries, the recipient must be 21 years of age and present government-issued photo identification.

different names for different purchases, and did not use their normal Brownells account to ship any of these items, but used another account instead[6].

This systemic structure, in each of its individual parts and collectively as a whole, put into place by Brownells to circumvent their federal requirements for distributing federally regulated products such as handgun ammunition (which must **ONLY** be sold to adults over the age of 21 according to Federal law) constitutes willful blindness on the part of Defendant Brownells.  This structure to circumvent 'knowledge' is a violation of the law and would not be tolerated in any other context.  Alcohol cannot be purchased online without the delivery company being informed they are delivering alcohol and the purchaser's age being verified upon delivery.  Prescription medications are delivered and require that the age and name of the recipient be verified by the delivery company.   FedEx lists on their website that it has options for Adult Signatures which states "For U.S. deliveries, the recipient must be 21 years of age and present government-issued photo identification."  FedEx's goes on to list that "FedEx does not always require a signature for shipment delivery.  The signature requirement is selected ***by the shipper when they are creating the shipping label.***  However, signatures are ***always required*** for many types of shipments to be delivered, such as permitted shipments of alcohol, high value package goods, dangerous goods, hazardous materials, pharmaceuticals, and firearms."

The farce of the argument that Defendant puts forward is that it had no knowledge or way of knowing if Delgado was not of the legal age to purchase the ammunition they sold because it was purchased online. There is expressly no distinction or carveout in 18 U.S.C. §922 that

---

[6] Plaintiffs have a good faith basis for asserting this contention as Plaintiff is in possession ammunition purchased through Brownells.com where no age verification was required and upon delivery the package delivered by FedEx required no signature and no age verification and was not marked as ammunition.  It was sent from the "Grinnell Distribution Center" and not marked as shipped from Brownells.  Photos of the delivered item and its packaging are in the possession of the Plaintiff if the good faith basis for this is challenged.  While this is not evidence in the instant case, it is evidence that confirms the Plaintiffs theories that we anticipate discovery will prove accurate.

absolves an FFL seller from the requirements of the GSA simply because they are online sellers and sell online.  If Delgado had gone into a brick-and-mortar store, such as Cabellas, and gone to the counter to purchase handgun ammunition, he would have been denied since he was ineligible to purchase it by law.  Defendant Brownell's practice in this case, in the system they controlled and created for the sale of handgun ammunition in interstate commerce across the United States, knowing they are FFL sellers, would be akin to Delgado going into a retail store and saying to a Cabellas associate 'My name is Atilio Delgado.  Please do not look at me.  Please do not ask to see an I.D. that shows I am over 21.  Please do not ask me any other questions.  I won't tell you I am over 21 and you will accept my non-response as meeting the legal requirements to sell me the handgun ammunition, without verifying or asking me to prove my age.  I will then proceed to purchase a box of handgun ammunition which requires that you, the seller, by Federal law, only sell it to persons over 21.  Though you know the law you will take my money from this pre-paid VISA gift card and sell me the handgun ammunition without asking any questions.'  Then, he would come back a month later and do the ***same thing again.***  This scenario sounds absurd, because it is, and would **never** be allowed to occur in person as it clearly violates the laws of 18 U.S.C. §922.  However, it is **exactly** what Brownells did and now **attempt to justify as legal.**

   Brownells' failure to employ reasonable and non-burdensome age-verification is also a deviation from the industry standard for companies that ship age restricted goods. Alcohol is not regulated by Federal law like handgun ammunition but is regulated by State law[7].  Still, the scenario where a person under 21 could purchase alcohol online without verifying their age at delivery is impossible for anyone to conceive as legal or legitimate.  Defendant Brownells could

---

[7] The Federal uniform Drinking Age Act of 1984 requires that States prohibit people from purchasing alcohol under the age of 21 otherwise the State will lose Federal Highway funding.  There is no statute Federally prohibiting alcohol from purchase by someone under the age of 21, however there expressly is a statute prohibiting sale of handgun ammunition to a person under 21.

not justify that their practice in this case would be allowed or lawful if the product purchased was alcohol, or oxycodone prescriptions.  But because its ammunition they want to claim their legal standards and requirements are different.  It is not.

We believe that Defendant's intentional failure to employ basic identity verification measures in accordance with the industry standard for digital commerce of restricted items employs a clear practice and scheme designed to abject their legal duties to uphold the law that Defendant Brownells takes with ammunition and ammunition magazine purchases. This amounts to a clear showing of "a conscious course of deliberate ignorance" to sell firearm ammunition and magazines to whoever asks for it, without any questions, checks, balances, or verification, while simultaneously maintaining that they had no way of knowing that the purchaser was underage. *See Parker*, 872 F.3d at 12. As stated above, alleging willful blindness is sufficient to overcome a motion to dismiss predicated on lack of knowledge by the defendant. *See IOT Innovations LLC*, 2023 WL 4236040 at *2. Therefore, the motion should be denied based on the failure of the Defendant's purported lack of knowledge argument[8].

### b. The PLCAA does not preclude claims where defendant violated either federal or state law.

The PLCAA provides immunity for firearms sellers from civil suits arising from qualified civil liability actions. 15 U.S.C. § 7902(a). A qualified civil liability action is defined as "a civil action or proceeding … brought by any person against a manufacturer or seller of a qualified product, or trade association for damages, punitive damages, injunctive or declaratory relief, … resulting from the criminal or unlawful misuse of a qualified product by the person or a third party." 15 U.S.C. § 7903(5)(A). The PLCAA provides six exceptions to the immunity given to qualified civil liability actions. 15 U.S.C. §§ 7903(5)(A)(i)-(vi). The third enumerated exception

---

[8] Henceforth, "knowing" is to be construed as "knowing satisfied by willful blindness"

to qualified civil liability action precludes immunity to firearm manufacturers in "an action in which a seller of a qualified product knowingly violated a State or Federal statute *applicable to the sale* or marketing of the product and the violation was the proximate cause of the harm for which relief is sought." 15 U.S.C. § 7903(5)(A)(iii) (emphasis added). *See also* 15 U.S.C. § 7903(5)(A)(iii)(II) (stating that knowing sale to an unqualified individual constituted a predication violation that precludes immunity). For purposes of a qualified civil liability action, Federal courts have held that where one claim falls within the enumerated exceptions, the entire suit moves forward. *See Minnesota v. Fleet Farm LLC*, 679 F.Supp.3d 825, 840 (D. Minn. 2023) ("only one claim needs to survive the preemption analysis for the entire suit to move forward because the PLCAA preempts qualified civil liability actions, not claims") (internal quotations omitted). Moreover, courts have held that a plausible assertion of knowing violation precludes preemption under the PLCAA. *Id*. at 841 ("the [plaintiff] plausibly alleges that [defendant] had actual knowledge that it was facilitating straw purchases, in violation of federal state firearm laws, [plaintiff's claim] is therefore not preempted. Of course, the validity of that allegation is an issue to be further explored through discovery, and if necessary, by a jury").

Accordingly, because Plaintiff asserted not only that Defendant was negligent, but specifically that Defendant was negligent through its violation of federal laws, this claim cannot be preempted by the qualified civil liability action immunity provided by the PLCAA. Plaintiff alleges *inter alia* that Defendant violated 18 U.S.C. § 922(b)(1) which prohibits an individual from knowingly transporting interstate any firearm or ammunition to any individual less than eighteen years of age. Delgado was sixteen at the time of purchasing the ammunition.. As stated above, Brownells failure to perform even the most basic of verifications to see if Atilio was of-age prior to shipping him the ammunition was tantamount to a "conscious course of deliberate

13

ignorance" which warrants a finding of willful blindness to imply knowledge of the predicate violation. This violation relates to all six counts that we allege against Brownells in our complaint. Since we have plausibly alleged that all six counts arise from a violation of federal law, qualified civil liability action exception (iii) of the PLCAA applies in this case and allows the suit to move forward. *See* 15 U.S.C. § 7903(5)(A)(iii); *Fleet Farm LLC*, 679 F.Supp.3d at 841 ("the [plaintiff] plausibly alleges that [defendant] had actual knowledge that it was facilitating straw purchases, in violation of federal state firearm laws, [plaintiff's claim] is therefore not preempted. Of course, the validity of that allegation is an issue to be further explored through discovery, and if necessary, by a jury").

Furthermore, regardless of whether this Court rules that all six counts arise out of the Defendant's violation of federal law, as long as one claim must survive the preemption analysis for the entire suit to get past PLCAA immunity. *See Fleet Farm LLC*, 679 F.Supp.3d at 840 ("only one claim needs to survive the preemption analysis for the entire suit to move forward because the PLCAA preempts qualified civil liability actions, not claims"). Therefore, this claim falls under the knowing statutory violation exception of the PLCAA and should not be dismissed.

### c. **Negligence claims predicated upon statutory violations are not precluded by the PLCAA**

Although the PLCAA bars generalized negligence claims, courts have held that where the Plaintiff asserts a negligence claim arising out of a predicate offense, said claim is not barred by the PLCAA. *Compare City of Gary v. Smith & Wesson Corp.*, 126 N.E.3d 813, 829 (Ind. Ct. App. 2019) (holding that negligence action brought against defendant was not barred by PLCAA because the claim related to unlawful conduct alleged in plaintiff's complaint and thus fit within the knowing statutory violation exception); *Estate of Kim ex rel. Alexander v. Coxe*, 295 P.3d 380, 394 (Alaska. 2013) (stating that PLCAA allows actions for negligence per se, or negligence

arising from a defendant's violation of a statute[9]) *with Ileto v. Glock Inc.*, 565 F.3d 1126, 1136 (9th Cir. 2009) (holding that plaintiff's general negligence claim was preempted where plaintiff sought to use negligence as both the cause of action and the predicate offense for the violation exception of the PLCAA where California codified its causes of action into a civil code).

Here, because Plaintiff's negligence claims are predicated on the violation of federal law, none of Plaintiff's negligence can be considered claims of "generalized negligence" under the court prescribed meaning under the PLCAA. As stated, Plaintiff alleges that Defendant violated federal statute 18 U.S.C. §922(b)(1), and that their violation of the statute was the cause of Plaintiff's injuries. Like in *City of Gary v. Smith and Wesson Corp.*, where the court held that plaintiffs' negligence action was not preempted because it alleged negligence arising out of a violation of federal law, here, Plaintiff's negligence claim also arises out of a violation of federal law and should not be preempted by the PLCAA. Furthermore, despite Defendant's comparison of the case at bar with *Ileto*, where the Ninth Circuit held that negligence cannot be both the predicate statute and the cause of action, here the Plaintiffs have established not only a separate predicate violation to qualify for the PLCAA immunity exception, but the exact class of violation exemplified in the PLCAA as precluding immunity. *See* 15 U.S.C. § 7903(5)(A)(iii)(II) (stating knowing sale to an unqualified individual constituted a predication violation that precludes immunity). Accordingly, Plaintiff's claims are not generalized negligence claims and as such are not *de facto* impermissible under the PLCAA as claimed by Defendant.

## II. Defendant breached their duty by violating federal law 18 U.S.C. 922(b)(1).

---

[9] Negligence per se means negligence in itself. In a tort case, a defendant who violates a statute or regulation without an excuse is automatically considered to have breached their duty of care and is therefore negligent as a matter of law. As a result, the only thing that must be proven at trial is whether the violation was the cause in fact and the proximate cause of the plaintiff's injury. Although Maine does not recognize negligence per se, because the PLCAA expressly states that knowing violation of a statute precludes immunity, the Maine judiciary's decision to not adopt negligence per se has no bearing on the applicability of the exception of a federal statute. *See* 15 U.S.C. § 7903(5)(A)(iii).

Defendant relies on *Baker* to claim that they owed no duty to protect plaintiff from harm caused by a third person. *Baker v. Goodman* 442 F.Supp.3d 366 (D. Me. 2020). While there is no duty to protect a purchaser after a sale, Maine case law has held that a legal duty can arise from a safety statute, and further that violation of those statutes is evidence of breach in claims of negligence. *See Binette v. Dyer Library Ass'n*, 688 A.2d 898, 904 (Me. 1996) ("Although Maine does not recognize the doctrine of negligence per se, violation of a safety statute constitutes evidence of a breach of a duty of reasonable care owed to those the statute is designed to protect"). *Dansky v. Kotimaki*, 130 A.2d 871 (Me. 1925) ("it has frequently been decided that violation of the law of the road is prima facie evidence of negligence on the part of the person disobeying it").

Defendant's assertion that a seller has no legal duty to protect a purchaser from harm caused by a third party is misplaced and has no bearing in this case. Here, the harm was *against* a third party and *caused* by the Defendant's illegal sale of an age-restricted handgun magazine and handgun ammunition directly to the minor who used it to commit the act. Further, the policy concern of overburdening sellers does not apply in this case, as age-verification can be accomplished through any of the reasonable age-verification practices seen above.

The commonsense purpose of 18 U.S.C § 922(b)(1) is to protect the safety of the public by preventing the sale of firearm ammunition to minors. 18 U.S.C. § 922(b)(1), imposed a legal duty on the Defendant to not sell magazines or ammunition to minors. *Binette*, 688 A.2d at 904 This duty was breached when the Defendant knowingly violated federal law through their deliberate course of conscious ignorance to Delgado's age. Defendant's duty to Plaintiff through 18 U.S.C. § 922(b)(1) was breached when Defendant knowingly sold ammunition to a minor.

### III.    By selling ammunition to Delgado in violation of federal law, Defendant was the proximate cause of Plaintiff's injuries

16

In Maine, to establish a defendant's conduct was negligent, a plaintiff must establish that the injury or damage was proximately caused by defendant's breach of duty. *See, e.g., Woltersdorf v. Desrochers*, 436 F.Supp.2d 211, 216 (D. Me. 2006). Additionally, the abovementioned exception to the PLCAA requires showing that the predicate violation was the proximate cause of the damages sought. *See* 15 U.S.C. § 7903(5)(A)(iii). Evidence is sufficient to support a finding of proximate cause if the evidence, inferences reasonably drawn therefrom, indicate that the negligence played a substantial part in bringing about or actually causing the injury or damage and that the injury or damage was either a direct result or a reasonably foreseeable consequence of the negligence. *Crowe v. Shaw* 755 A.2d 509, 512 (Me. 2000). "A consequence of negligence is reasonably foreseeable if the negligence has created a risk which might reasonably be expected to result in the injury or damage at issue." *Merriam v. Wanger*, 757 A.2d 778, 781 (Me. 2000). An actor's negligence cannot be the proximate cause of an injury if the chain of causation is broken from an independent, superseding cause. *See Johnson v. Dubois*, 256 A.2d 733 (Me. 1969) ("a person's negligence is not the proximate cause of an injury which results, not from the concurrence of his negligence,… but from the intervention of a new and independent cause, which is neither anticipated nor reasonably foreseeable by the person, *is not a consequence of his negligence*,… and is the efficient cause of the injury in the sense that the injury would not occur in its absence.) (emphasis added).

Here, Defendant's negligent sale of ammunition and ammunition magazines to sixteen-year-old Delgado was a proximate cause of Plaintiff's injuries. As mentioned, Defendant did not and still does not employ any means of reliably verifying that Atilio, or any purchaser, was or is of age prior to selling them the magazines and ammunition. Defendant delivered the ammunition to Atilio without using FedEx age verification for age restricted products.  The ammunition and

magazines that Defendant sold were loaded into a handgun and used to kill Mr. Cluney. But for Defendant violating the statute and knowingly selling the ammunition to someone under 18 years of age, Atilio would not have been able to shoot and kill Mr. Cluney.

Furthermore, Defendant contends that it was unforeseeable that after selling Delgado the ammunition that he would then shoot and kill Mr. Cluney. This goes against the purpose of minority prohibition statutes such as 18 U.S.C. § 922(b)(1). The commonsense purpose of this statute is to keep weapons and ammunition out of the hands of minors because of the dangers it presents.  Moreover, the obvious risk posed by providing ammunition and magazines to a minor is that their misuse of it would result in severe harm either to themselves or others. *See Merriam,* 757 A.2d at 781. Exceptions are placed in 18 U.S.C. § 922 for minor possession, but these circumstances fit none of those criteria.  To violate this statute in providing a minor with ammunition and magazines and then say it was unforeseeable that a minor would cause harm with said ammunition and magazines is nonsensical.

Defendant further states that by not calling the police on Delgado the Cluney's were a superseding cause of their injury. To break the chain of causation, a superseding cause cannot be "a consequence of [defendant's] negligence" and must not be "reasonably foreseeable." *See Johnson v. Dubois*, 256 A.2d at 735. By arming Delgado with illegally distributed ammunition, Defendant put the Cluney's into an impossible position where someone they had treated like their own child was armed and refused to turn over the weapon. Their apprehension to call the police to disarm Delgado ended up being a correct decision, as his murder of Mr. Cluney based on overhearing an argument between Mr. Cluney and his daughter, not even involving Delgado in any way, shows that Delgado was prone to overreactions that have dangerous consequences, which is a specific safety concern precluding minors from possessing handguns and handgun

18

ammunition. The Cluney's attempted to disarm him in the least confrontational way possible; trying to get him to voluntarily surrender the weapon, and searching his room while he wasn't home to take it from him. Despite this, Defendant argues that after they illegally provided Delgado with dangerous ammunition and magazines for his weapon, it was then the Cluney's fault, not theirs, for their injuries. The Cluney's inability to reasonably disarm Delgado cannot be a superseding cause that breaks the chain of causation from Defendant's negligent actions. Defendant's violation of 18 U.S.C. § 922(b)(1) was the proximate cause of Plaintiffs injuries, and thus the causation requirement is satisfied for the requisite PLCAA exception and for all counts.

## IV.    Defendant was so grossly negligent in their selling of the ammunition and magazines to the shooter as to warrant punitive damages

In Maine, Punitive damages are only available "based upon tortious conduct only if the defendant acted with malice." *Tuttle v. Raymond*, 494 A.2d 1353, 1361 (Me. 1985). Malice can either be express, where the defendant's tortious conduct shows ill will towards the plaintiff, or implied, where deliberate conduct by the defendant is so outrageous that malice toward a person injured as a result of that conduct can be implied. *Id*. "[T]he doctrine of punitive damages survives because it continues to serve the useful purposes of expressing society's disapproval of intolerable conduct and deterring such conduct where no other remedy would suffice." *Id*. at 1355 (citing *Braley v. Berkshire Mutual Insurance Co.*, 440 A.2d 359, 361, 362 (Me. 1982).

Here, the factual record shows more than enough evidence for a jury to reasonably find that Defendant Brownells acted in a manner so outrageous as to imply malice. *Tuttle*, 494 A.2d at 1361. As stated above, Brownells violation of federal law and failure to comport with industry standard age-verification for age restricted products allowed Atilio Delgado to shoot and kill Mr. Cluney. In response to this suit, Brownells has failed to either accept any amount of responsibility, or even change their practices to prevent this from happening again, tearing

19

another family apart. Instead Brownells points the finger at the Cluneys for the danger the Defendant created. Defendant further contends that they were "deceived" by Delgado, but Defendant has provided no evidence that Delgado ever reported that he was of any age to Defendant, nor that he provided the Defendant with any false information. The term "outrageous" does not even begin to describe Defendant's systematic and deliberate failures which have allowed them to profit at the cost of public safety, and at the cost of lives.

　　Punitive damages are a tool that juries use to express societies disapproval of intolerable conduct. To dismiss Plaintiff's count six of punitive damages where there more than evidence for a jury to reasonably find that Defendant engaged in outrageous conduct would be to rob the jury of one of their most important tools in expressing society's disapproval towards a company that has put profit over safety. *Tuttle*, 494 A.2d at 1355 (citing *Braley*, 440 A.2d at 362).

## CONCLUSION

　　Defendant admits it sold handgun components and handgun ammunition to Delgado. This violates Federal and State law, and it was only through the illegal actions of the Defendant that Delgado had possession of a handgun and shot James Cluney Sr., causing him injury and death, and causing his wife harms. For all the foregoing reasons incorporated in this objection, Plaintiffs respectfully request that this Court deny Defendant Brownell's Incorporated Motion to Dismiss.

/s/ *Peter Richard, Esq.*　　　

Peter Richard, Esq, - Bar # 4674
David Kreisler, Esq, - Bar #8098
*Attorneys for Plaintiffs*
GARMEY LAW
482 Congress Street, Suite 402
Portland, ME 04104
(207) 899-4644
prichard@garmeylaw.com
dkreisler@garmeylaw.com

## CERTIFICATE OF SERVICE

I, Peter Richard, hereby certify that on this 19th day of August, 2024, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to the following:

JASON W. BERNHARDT , JR.
FEDERAL EXPRESS CORPORATION
3620 HACKS CROSS ROAD
BUILDING B 3RD FLOOR
MEMPHIS, TN 38125
901-434-3213
*LEAD ATTORNEY – FedEx Corporate Services, Inc.*
*PRO HAC VICE*

JOSHUA D. DUNLAP
PIERCE ATWOOD LLP
254 COMMERCIAL STREET
PORTLAND, ME 04101
Email: jdunlap@pierceatwood.com
*LEAD ATTORNEY – FedEx Corporate Services, Inc.*

JULIA BRENNAN MACDONALD
PIERCE ATWOOD LLP
MERRILL'S WHARF
254 COMMERCIAL STREET
PORTLAND, ME 04101
207-791-1100
Email: jmacdonald@pierceatwood.com
*LEAD ATTORNEY – FedEx Corporate Services, Inc.*

THOMAS WHITELAW MURREY , JR.
FEDERAL EXPRESS CORPORATION
LITIGATION DEPARTMENT
3620 HACKS CROSS ROAD
BUILDING B
3RD FLOOR
MEMPHIS, TN 38125
901-434-8558
Fax: 901-434-9279
Email: twmurrey@fedex.com
*LEAD ATTORNEY – FedEx Corporate Services, Inc.*
*PRO HAC VICE*

RYAN L. ERDREICH, ESQ.
PISCIOTTI LALLIS ERDREICH
30 COLUMBIA TURNPIKE, SUITE 205
FLORHAM PARK, NJ 07932
Email:  rerdreich@pisciotti.com
*COUNSEL FOR DEFENDANT MDX CORP.*

CHRISTOPHER RENZULLI, ESQ.
RENZULLI LAW FIRM, LLP
ONE NORTH BROADWAY, SUITE 1005
WHITE PLAINS, NY 10601
Email:  crenzulli@renzullilaw.com
*COUNSEL FOR DEFENDANT BROWNELLS, INC.*

*/s/ Peter Richard* _____
Peter Richard, Esq.