UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BILLI-JO CLUNEY, individually and as Personal Representative for the Estate of James M. Cluney, Sr., <br><br> Plaintiffs, <br><br> v. <br><br> BROWNELLS, INC., and MDX CORP., and FEDEX CORPORATE SERVICES, INC. Defendants, <br><br> Defendants. | Case No.: 24-cv-00207-SDN |

**DEFENDANT BROWNELLS INCORPORATED'S REPLY
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

Defendant Brownells Incorporated ("Brownells") respectfully submits this reply in further support of its motion to dismiss ("Motion").

**ARGUMENT**

**I.   PLAINTIFFS' CLAIMS AGAINST BROWNELLS MUST BE IMMEDIATELY DISMISSED PURSUANT TO THE PLCAA.**

Plaintiffs do not dispute that the sole law even potentially applicable to Brownells' conduct at issue, 18 U.S.C. § 922(b)(1), concerns Brownells' sale of the Ammunition based on the Shooter's age. (Opp., ECF No. 25, at 2.) Indeed, although the Complaint cited other provisions of the Gun Control Act ("GCA"), Plaintiffs have abandoned those allegations in their Opposition, and for good reason. As explained in the Motion (Mot., ECF No. 17, at 10 & n.4), Plaintiffs' assertion that Brownells violated any other of the provisions from the GCA cited in the Complaint is entirely baseless, as the majority of those provisions apply only to firearms and are irrelevant to Brownells' sale of the Magazines and Ammunition.

Try as Plaintiffs might to twist Section 922(b)(1)'s language, nothing in it required Brownells to take any affirmative steps to verify the Shooter's age. The relevant provision of Section 922(b)(1) provides that it "shall be unlawful for any . . . licensed dealer . . . to sell or deliver . . . any . . . ammunition to any individual" only when the "<u>licensee knows or has reasonable cause to believe</u> [that such individual] is less than eighteen years of age . . . ." 18 U.S.C. § 922(b)(1) (emphasis added). Section 922(b)(1)'s plain language only prohibited Brownells from selling the Ammunition to the Shooter if Brownells had actual knowledge or reasonable cause to believe that he was less than eighteen years old.

Plaintiffs have alleged not a single fact supporting even the slightest inference that Brownells had actual knowledge or reasonable cause to believe that the Shooter was less than eighteen years old. The hyperbolic, stream-of-consciousness, fabricated quotation attributed to the Shooter on which Plaintiffs rely for a hypothetical scenario in which Brownells was a brick-and-mortar store and the Shooter said odd things while physically in front of Brownells' employees simply is inapplicable here, where no such facts are even alleged to have occurred, and where the content of the quotation is incongruous with the facts of this case. (Opp. at 11.) Brownells' sale of the Ammunition was, even taking Plaintiffs' allegations as true, lawful in every way and in full compliance with the GCA.

Nonetheless—and without any factual support—Plaintiffs argue that Brownells' actions are part of a "systematic structure" of being "willful[ly] blind" "to circumvent [its] federal requirements" by intentionally selling the Shooter ammunition even though he was not of legal age. (*Id.* at 8, 10.)[1] To support this frivolous theory, Plaintiffs set forth a list of steps that Plaintiffs

---

[1] The cases on which Plaintiffs rely for that willful blindness theory have nothing to do with the PLCAA, its immunity provisions, or the GCA. *See Spurr v. United States*, 174 U.S. 728 (1899) (banking checks); *United States v. Azubike*, 564 F.3d 59, 61 (1st Cir. 2009) (heroin); *United States v. Parker*, 872 F.3d 1, 3 (1st Cir. 2017) (illegal possession of firearm by felon); *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 757 (2011) (patent infringement); *IOT*

believe that Brownells should have taken before selling the Shooter the Ammunition. None of these steps are required by Section 922(b)(1), or any other state or federal statute. Plaintiffs, for example, argue that the PLCAA's predicate exception does not apply because Brownells did not "require age verification," require a purchaser to "upload any proof of age," "input their age or send any age verification," or "employ age verification through its shipping." (Opp. at 9–10.) Plaintiffs also quote a FedEx website page, which, of course, is not a law that Brownells was required to follow, but in any event, the quote that Plaintiffs cite is only relevant to "firearms" and has nothing to do with the Ammunition. (*Id.*, Ex. 1 at 3.) As explained in the Motion, and contrary to Plaintiffs' points, Brownells went above and beyond the requirements of Section 922(b)(1) and required the Shooter to affirm that he was of legal age to purchase the Ammunition. (Mot. at 12 n.5.) Nonetheless, to grant the Motion, the Court need not resolve whether Brownells affirmatively required the Shooter to confirm that he was of age to purchase the Ammunition because the law is clear that Brownells was not obligated to do so and, thus, did not knowingly violate any law such that the PLCAA's predicate exception could apply.

Plaintiffs' argument amounts to a claim that Brownells was negligent, which is barred by the PLCAA. Plaintiffs seek to negate the PLCAA's immunity by trying to use Section 922(b)(1) to satisfy the predicate exception. To do so, they improperly request that this Court disregard the fact that Section 922(b)(1) can only be violated when the seller had actual knowledge or reasonable cause to believe that the purchaser was less than eighteen years old, not when it allegedly acted negligently by not affirmatively verifying the purchaser's age. The distinction is crucial.

Had Congress wanted sellers of ammunition to affirmatively verify the age of purchasers of ammunition, as it did with regard to firearms, it could have included such a requirement in

---

*Innovations LLC v. SimpliSafe, Inc.*, No. CV 23-10352-RGS, 2023 WL 4236040, at *1 (D. Mass. June 28, 2023) (same).

3

Section 922(b)(1). But Congress chose a different standard. While Plaintiffs may claim that Brownells' compliance with Section 922(b)(1) was still not enough to be "reasonable" (Opp. at 11),[2] Plaintiffs' personal preferences are not a valid basis for ignoring the plain language of § 922(b)(1) and Congressional intent. As Plaintiffs concede, "[t]he PLCAA provides immunity for firearms sellers from civil suits arising from qualified civil liability actions." (*Id.* at 12.) Plaintiffs do not dispute that this case is a qualified civil liability action other than that Plaintiffs argue that the PLCAA's predicate exception applies. (*Id.* at 12–13.) But as explained above, the allegations in Plaintiffs' Complaint do not set forth that Brownells violated § 922(b)(1), and neither the predicate exception nor any exception to the PLCAA applies.[3] Accordingly, Brownells is entitled to immunity under the PLCAA, and Plaintiffs' claims must be dismissed.

## II. PLAINTIFFS FAILED TO STATE A CLAIM UNDER MAINE LAW.

In addition to being barred by the immunity provided by the PLCAA, Plaintiffs' claims should also be dismissed for failure to state a claim under Maine law for two independent reasons.

### A. Plaintiffs Have Failed to Allege That Brownells Breached Any Duty.

First, Plaintiffs' claims should be dismissed for failure to state a claim because Plaintiffs have not alleged a breach of any duty owed by Brownells to Plaintiffs. Despite Plaintiffs' argument to the contrary, *Baker* is directly on point and makes clear that there is "simply no duty . . . to control the conduct of a third person as to prevent him from causing physical harm to another

---

[2] Plaintiffs' reliance on state law prohibiting the sale of alcohol to someone under the age of twenty-one is inapposite here because, unlike § 922(b)(1), it requires affirmative verification of age with an identification, which reflects different circumstances where the legislature enacted different standards. *See* Me. Rev. Stat. Ann. tit. 28-A, § 706.

[3] The cases involving the PLCAA cited by Plaintiffs highlight that their claims are barred by the PLCAA. *See Minnesota v. Fleet Farm LLC*, 679 F. Supp. 3d 825, 841 (D. Minn. 2023) ("Fleet Farm had actual knowledge that it was facilitating straw purchases, in violation of federal and state firearm laws"); *City of Gary v. Smith & Wesson Corp.*, 126 N.E.3d 813, 834 (Ind. Ct. App. 2019) (dealing with law of the case doctrine and facts supporting violation of specific Indiana Code provisions); *Estate of Kim ex rel. Alexander v. Coxe*, 295 P.3d 380, 386 (Alaska 2013) (PLCAA bars general negligence claim); *Ileto v. Glock, Inc.*, 565 F.3d 1126, 1135 (9th Cir. 2009) (same).

unless . . . a special relation exists," which does not exist even in the context of a retailer-customer relationship, let alone in that of a retailer and a third party. *Baker v. Goodman*, 442 F. Supp. 3d 366, 374 (D. Me. 2020). Plaintiffs cite not a single case to undermine this clear proposition.[4]

Moreover, Plaintiffs' sole theory for Brownells having breached a duty owed to Plaintiffs is based on an alleged violation of Section 922(b)(1). (Opp. at 16.) But as discussed above and in the Motion, even taking the facts alleged by Plaintiffs as true, Brownells did not violate Section 922(b)(1) because it only prohibited Brownells from selling the Ammunition to the Shooter if it actually knew or had reasonable cause to believe that the Shooter was less than eighteen years of age. Plaintiffs have alleged no facts to support such actual knowledge, or reason to know, on behalf of Brownells, and accordingly, Plaintiffs' claims fail.

B. **Causation Fails as a Matter of Law.**

Second, Plaintiffs' claims, on the face of their allegations, should also be dismissed for failure to state a claim for lack of causation. Plaintiffs concede that "[a]n actor's negligence cannot be the proximate cause of an injury if the chain of causation is broken from an independent, superseding cause." (Opp. at 17 (citing *Johnson v. Dubois*, 256 A.2d 733 (Me. 1969).)[5] Plaintiffs' sole—and continuously misplaced—argument as to why causation has been sufficiently alleged is that Brownells sold the Ammunition to the Shooter without verifying his age. As discussed at length herein and in the Motion, Brownells was not legally required to affirmatively verify the

---

[4] The cases on which Plaintiffs rely do not help their argument. *See Binette v. Dyer Libr. Ass'n*, 688 A.2d 898, 904 (Me. 1996) ("Maine does not recognize the doctrine of negligence per se"); *Dansky v. Kotimaki*, 125 Me. 72, 130 A. 871, 873 (1925) (where, unlike here, defendant "violat[es] . . . the law," that can be "evidence of negligence").

[5] The other cases that Plaintiffs cite reinforce the standard that warrants dismissal here. *See Woltersdorf v. Desrochers*, 436 F. Supp. 2d 211, 220 (D. Me. 2006) ("Plaintiffs have failed to meet their burden of proof in establishing a causal connection"); *Crowe v. Shaw*, 2000 ME 136, ¶ 10, 755 A.2d 509, 512 (Me. 2000) ("mere possibility of such causation is not enough"); *Merriam v. Wanger*, 2000 ME 159, ¶ 8, 757 A.2d 778, 780 (Me. 2000) ("Proximate cause" requires cause "unbroken by an efficient intervening cause); *Johnson v. Dubois*, 256 A.2d 733, 735 (Me. 1969) ("new, independent, and efficient cause severs . . . connection").

Shooter's age prior to selling the Ammunition. Further, even if Brownells was in any way negligent—which it was not—any causal connection even potentially attributable to it, based on the allegations of the Complaint, was unequivocally broken by the independent and intentional criminal acts of the Shooter in killing Mr. Cluney. Finding Brownells to be a proximate cause here would mean that anytime any product that could result in harm is sold, a retailer automatically would be deemed a proximate cause if the product was later used in a crime, which would defy logic and the law.

Finally, the Cluney family's choice not to call the police about the Shooter despite knowing that he illegally possessed a firearm in their home, and had illegally brought it to school, *prior to* the Shooter killing Mr. Cluney further breaks any causation attributable to Brownells as a matter of law. While Brownells did not know, and had no reason to know, of the Shooter's true age, the Cluney family in fact knew both the Shooter's age and particular circumstances in the Shooter's life, such as his upbringing and background. The Cluney family abandoned trying to take the firearm away from the Shooter even though they knew he had it and chose not to call the police because they wanted to remove the firearm from the Shooter "in the least confrontational way." (Opp. at 19.)

The Cluney family had the knowledge and ability to take the firearm away from the Shooter, but simply chose to instead be nonconfrontational and let the Shooter keep the firearm in their home even though they knew he was a minor with a concerning history, who had even improperly brought the firearm to school. While Plaintiffs disavow any responsibility for that decision, in at least one other circumstance, parents who allowed their child access to a firearm and whose child then committed crimes with the firearm have been held criminally responsible, let alone, as here, found to be an intervening cause civilly. *See, e.g.*, NBC News, *Parents of*

*Michigan School Shooter Ethan Crumbley Both Sentenced to 10-15 Years for Involuntary Manslaughter* (Apr. 9, 2024) (parents of child who committed "mass shooting at a U.S. school were both sentenced . . . to 10 to 15 years in prison" after giving child firearm as gift and allowing him to keep it after "ignore[ing] warning signs that a reasonable person would have seen"). Thus, Plaintiffs' claims, as alleged in the Complaint, fail as a matter of law for lack of causation.

### III.  PLAINTIFFS HAVE ALLEGED NO FACTS TO SUPPORT PUNITIVE DAMAGES.

As Plaintiffs concede, their punitive damages claim can only survive if they sufficiently alleged "malice." (Opp. at 19.) This requires a showing of "ill will towards the plaintiff, or implied [malice], where deliberate conduct by the defendant is so outrageous that malice toward a person injured as a result of that conduct can be implied." (*Id.* (citing *Tuttle v. Raymond*, 494 A.2d 1353, 1361 (Me. 1985)). Plaintiffs further concede that Brownells did not act with ill will toward Plaintiffs. (*See id.*) Moreover, despite Plaintiffs' argument to the contrary, they have alleged no facts that could possibly support an inference that Brownells acted so outrageously as to amount to malice. And, obviously, arguments in the Motion as to why dismissal is warranted cannot plausibly, as Plaintiffs argue, constitute a basis for justifying punitive damages. (Opp. at 19–20.) Brownells fully complied with the law in selling the Ammunition, and Plaintiffs' argument that it should have done more than the law requires falls far short of ill will toward anyone.

### CONCLUSION

Brownells respectfully requests that this Court grant the Motion, dismiss Plaintiffs' Complaint and all claims with prejudice, and grant such other relief as it deems just and proper.

Dated: September 24, 2024     Respectfully submitted,

By:     */s/ Jeffrey Russell*

Jeffrey D. Russell

**VERRILL DANA LLP**
One Portland Square
Portland, ME 04101
Telephone: (207) 253-4626
Email: jrussell@verrill-law.com

    -and-

Christopher Renzulli (*pro hac vice*)
Scott C. Allan (*pro hac vice*)
William J. Diggs (*pro hac vice*)
**RENZULLI LAW FIRM, LLP**
One North Broadway, Suite 1005
White Plains, New York 10601
Telephone: (914) 285-0700
Email: crenzulli@renzullilaw.com
    sallan@renzullilaw.com
    wdiggs@renzullilaw.com

    -and-

Brian W. Barnes (*pro hac vice* to be filed)
David H. Thompson (*pro hac vice* to be filed)
**COOPER & KIRK**
1523 New Hampshire Ave., N.W.
Washington, DC 20036
Telephone: (202) 220-9659
Email: bbarnes@cooperkirk.com
    dthompson@cooperkirk.com

*Attorneys for Defendant Brownells Incorporated*