UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| BILLI-JO CLUNEY, ET AL. )<br>    **Plaintiffs** )<br>)<br>vs. )<br>)<br>BROWNELLS, INC., )<br>)<br>MDX CORP., )<br>)<br>& )<br>)<br>FEDEX CORPORATE SERVICES, )<br>)<br>    **Defendants** ) | CASE NO. : 24-cv-00207-LEW |

## PLAINTIFFS MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT UNDER RULE 15

Plaintiff respectfully moves this Honorable Court for Leave to File an Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. In support of this motion, Plaintiff states as follows:

### PROCEDURAL HISTORY

1. Plaintiff initiated this action on April 30, 2024 by filing the original Complaint in the Waldo County Superior Court.

2. Service was completed upon the three defendants by the end of May, 2024.

3. Defendant FedEx filed for Notice of Removal to Federal Court on June 5, 2024.

4. The case was officially removed and FedEx provided their answer to the Complaint on June 13, 2024.

5. Motions to extend the deadline to answer the Complaint were consented to and filed by Brownells on June 17, 2024, and by MDX on June 21, 2024.

6. These Motions were granted respectively on June 19, 2024 and June 24, 2024, setting the collective response deadlines as July 8, 2024.

7. Defendants Brownells and MDX Corp each filed their own Motions to Dismiss on July 8, 2024.

8. Plaintiff requested a Motion to Extend Time on July 25, 2024, which was granted to extend the response time to August 19, 2024.

9. The Plaintiff's response was filed on August 19, 2024.

10. Defendant Brownells filed their Motion to Extend Time on August 26, 2024, which was granted on August 27, 2024 resetting the deadline for both Defendants to respond to the opposition to September 16, 2024.

11. Defendant Brownells submitted its response on September 24, 2024 and Defendant MDX submitted its response on September 3, 2024.

12. The Court ruled on the Motion to Dismiss on April 4, 2025, denying both Motions in their entirety and ordering Defendants Brownells and MDX to respond to the Complaint by April 25, 2025.

13. Defendants Brownells and MDX each answered the Complaint on April 25, 2025.

14. The Court issued a preliminary scheduling order on April 28, 2025, and the parties met to discuss the Court's deadlines.

15. The parties agreed, submitted to the Court, and the Court approved the Amended Scheduling Order on May 19, 2025 resetting the deadlines for the case.

16. Among those deadlines reset, by agreement of all parties, was the Deadline for Amendment of the Pleadings and Joinder of Parties, for which the Scheduling Order deadline was set to July 14, 2025.

17. Plaintiff filed an Amended Complaint on July 3, 2025 which was stricken by the Court on July 7, 2025.

18. Plaintiff acknowledges that in submitting the initial Amended Complaint that an accompanying Motion for Leave to File an Amended Complaint was not produced, for which Plaintiff is extremely deferential to the Court and apologizes for the procedural omission.

19. Plaintiff also notes that Amended Complaint was stricken, rather than denied with prejudice, and as such seeks Leave from the Court under Rule 15 to file an Amended Complaint, in which the arguments for the Motion are detailed below, and an Amended Complaint is attached to the Motion as Attachment A.

## MOTION

20. The legal standard applicable to a Motion for Leave to File an Amended Complaint is located under Rule 15(a)(2) of the Federal Rules of Civil Procedure.

21. Rule 15 provides that a party may amend its pleading with opposing Counsel's consent or the Court's leave.

22. The Rule also states that "the court should freely give leave when justice so requires" which has been interpreted and upheld through review with the United States Supreme Court.[1]"

---

[1] " Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the

23. The decision on whether to permit amendment still remains within the Court's discretion, and courts interpret this provision liberally to allow amendments that facilitate resolution of cases on their merits.

24. The Court often considers whether an amended complaint would cause undue delay, bad faith, repeated failures to cure deficiencies, undue prejudice to the opposing party, or futility of the amendments, among other factors. (*Klotzbach-Piper v. National Railroad Passenger Corporation*, 678 F.Supp.3d 62 (2023); *Savignac v. Jones Day,* 341 F.R.D. 120 (2022); *Underwood v. O'Reilly Auto Enterprises, LLC*, 342 F.R.D. 338 (2022); *Synthes, Inc. v. Marotta*, 281 F.R.D. 217 (2012)).

25. Since the filing of the initial Complaint, significant amounts of information and litigation have occurred in this case up to and including the present time, where additional information has been obtained by the Plaintiff.

26. This information has been obtained from discussions with opposing Counsel, the admissions and information contained in the Defendant's own Motions to Dismiss, from the availability of independent research, and from public sources of information that provide additional clarity and precision to the allegations in this case, the merits of potential claims, and the availability of various causes of action.

27. Additional plausible Counts for negligent conduct unknown to the Plaintiff at the time of the original filing of the Complaint have likewise arisen and been verified by the Plaintiff so that a good faith basis for amending the pleadings with additional information and allegations can be presented.

---

leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. "*Forman v. Davis,* 371 U.S. 178, 182. 1962.

28. One such clarification from opposing Counsel for FedEx is in regard to the correct legal entity to respond to the Complaint, which, after internal restructuring and merging of corporate entities within FedEx after the initial filing of this Complaint, make it necessary to amend the Complaint to substitute the Defendant FedEx Corporate Services from this case and replace them with the correct legal entity according to FedEx's corporate Counsel, which is Federal Express Corporation.

29. Plaintiff's counsel has conferred with Counsel for Defendant FedEx, who does not oppose Plaintiff's ability to Amend the Complaint at this time.

30. Plaintiff's counsel attempted to obtain opinions from Defendants Brownells and MDX Corp, however since the agreed deadline of July 14, 2025 looms from the agreed upon deadline to amend the pleadings submitted by all parties to the Court and adopted by this Court, and since it is not likely that a response will be obtained by Monday's amendment deadline, Plaintiff does not have a position from the Defendants Brownells or MDX on the Plaintiff's request to file leave for an Amended Complaint; hence the Plaintiff instead seeks the procedural route of requesting leave from the Court for the Motion to Amend the Complaint.

31. Additionally, the Plaintiff, after filing the case and its removal to Federal Court and the denial of the Motions to Dismiss, seeks to pursue punitive damages under the legal premise of dépeçage of law, which have survived the Defendant's Motion to Dismiss and remain viable claims in this case to seek punitive damages against the Defendants applying the law in the States in which the allegedly punishable conduct occurred, which would be California law for Defendant MDX Corp and Iowa law for Defendants Brownells and FedEx.

32. Federal Courts have adopted the doctrine of dépeçage for decades, as detailed in *Simon v. Phillip Morris Inc,* 124 F. Supp.2d 46, 75 (E.D.N.Y. 2000)[2].

33. Plaintiff seeks the Court's leave in the Amendment of the Complaint to provide this notice required to the Defendants in the individual Counts in which the Plaintiff seeks to apply the principles of dépeçage of law to those individual punitive damage claims, which are incorporated in the Amended Complaint attached to this Motion.

34. In conclusion and summary for its argument why the Court should grant this Motion for Leave to File an Amended Complaint, the Plaintiff argues that:

   a. The plethora of additional information obtained since the initial State Court filing of this Complaint is vast, and additional accuracy of suspected facts have been validated by the Plaintiff in the time since the Complaint's filing;

   b. The timeframe in which the case awaited a decision on the Defendant's Motion to Dismiss placed this case into a limbo, where little legal process progress occurred given

---

[2] Conflict-of-law issues should be decided under an issue-specific approach, called dépeçage, which "recognizes that in a single action different states may have different degrees of interests with respect to different operative facts and elements of a claim or defense." *Simon v. Philip Morris Inc.,* 124 F.Supp.2d 46, 75 (E.D.N.Y.2000). "Dépeçage occurs where the rules of one legal system are applied to regulate certain issues arising from a given transaction or occurrence, while those of another system regulate the other issues. The technique permits a more nuanced handling of certain multistate situations and thus forwards the policy of aptness." *In re Air Crash at Belle Harbor, N.Y. on Nov. 12, 2001,* 2006 WL 1288298, at *23 (S.D.N.Y. May 9, 2006) (quoting Arthur Taylor von Mehren, *Special Substantive Rules for Multistate Problems: Their Role and Significance in Contemporary Choice of Law Methodology,* 88 Harv. L. Rev. 347 (1974)). As the Eighth Circuit observed:
Amid the chaos and tumult of choice of law, there is at least one point on which there seems to be general agreement in the United States. This is that choice of applicable law should frequently depend upon the issue involved. The search in these instances is not for the state whose law will be applied to govern all issues in a case; rather it is for the rule of law that can most appropriately be applied to govern the particular issue. As a result situations do arise where the court must decide whether it should apply the rules of different states to determine different issues in a single case. This process of applying the rules of different states to determine different issues has the forbidding name of depecage. *Ewing v. St. Louis–Clayton Orthopedic Group, Inc.,* 790 F.2d 682, 686 (8th Cir.1986) (quoting W. Reese, *Depecage: A Common Phenomenon in Choice of Law,* 73 Colum. L.Rev. 58, 58 (1973)). In particular, courts have used depecage to decide liability and damages issues according to the laws of different jurisdictions. *See Barrett v. Ambient Pressure Diving, Ltd.,* 2008 WL 4934021, at *2 (D.N.H. Nov. 17, 2008) ("While it might seem strange to apply the law of one jurisdiction to resolve liability issues, and the law of another to resolve damages claims (called 'depecage'), the application of different states' laws to different issues is not uncommon.") (citations omitted).

the nature of the Motions, which if removed from the case timeline would illustrate only a 5 month window in which this case has been able to progress forward (Complaint to Motion to Dismiss was only two months, then Scheduling Order to present is an additional 3 months);

c.      The parties all met in accordance with the requirements under Rule 26(f), and despite the length of time in which this case has existed on paper, it was the first time the parties collectively conferred to discuss initiating procedural progress.  At this meeting, it was collectively decided that the deadline acceptable to all the parties for amendments to the pleadings and joinder of parties was set with a deadline of July 14, 2025.  This deadline was determined to be non-prejudicial to all parties, as if it were inherently prejudicial to any singular party there would not have been consensus on setting that deadline and submitting it to the Court, as was completed on May 16, 2025 by Defendant Brownells;

d.      No parties in this proceeding would be unfairly prejudiced by permitting the filing and acceptance of the Amended Complaint, and in fact it would clarify the correction of the legal entity whom are best able to respond to the Complaint for FedEx;

e.      Plaintiff did not engage in any undue delay, as the massive amount of information to review and incorporate into the Amended Complaint was compiled and documented within the timeframe in which the parties agreed was appropriate, as a July 14, 2025 deadline;

f.      There is no bad faith in attempting to Amend the Complaint, as it is the first amendment proposed, and in which attempts to encompass all the clarifying information

and information obtained from discussion with Defense Counsel, as well as information disclosed and presented in the Motion to Dismiss phase of the case;

g. There has been no repeated failure of the Plaintiff to cure deficiencies in the pleadings;

h. There is no futility of the amendment as the facts and details, as well as the clarification of Counts after learning additional information are all still able to be investigated within the over one (1) year non-traditional track for this case on the Federal District Court's docket;

i. The Plaintiff's opportunity to completely expound and exhaust their plausible avenues of relief and recovery are material to their attempt to pursue justice in this case, and should qualify as being afforded that wide latitude by the Court; and

j. The Court does have the ability to accept this Motion for Leave and to accept the filing of this Amended Complaint, to which Plaintiff's Counsel has previously, and will agree to, provide additional time as needed for the Defendants to respond without seeking default. This can be done contemporaneously with the completion of case discovery, which has commenced in the form of Defendant interrogatories and responses for production which are being reviewed and returned at present time.

35. For the aforementioned reasons, the Plaintiff respectfully requests leave from this Honorable Court to file its attached Amended Complaint in the above docketed case, in the interests of justice, fairness, and to decide the full extent and available claims for justice in this case on its merits.

Dated at Portland, Maine this 11th day of July, 2025.

                                                Respectfully submitted,

                                                _____
                                                Peter Richard, Esq. – Bar #4674
                                                David Kreisler, Esq. – Bar #8098
                                                *Attorneys for Plaintiff*
                                                GARMEY LAW
                                                482 Congress Street, Suite 402
                                                Portland, ME 04101
                                                (207) 899-4644
                                                dkreisler@garmeylaw.com
                                                prichard@garmeylaw.com

## CERTIFICATE OF SERVICE

       I, Peter Richard, hereby certify that on this 11th day of July, 2025, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to the following:

JASON W. BERNHARDT, JR.
FEDERAL EXPRESS CORPORATION
3620 HACKS CROSS ROAD
BUILDING B, 3RD FLOOR
MEMPHIS, TN 38125
Email: jasonbernhardt@fedex.com

-and-

JOSHUA D. DUNLAP
JULIA BRENNAN MACDONALD
PIERCE ATWOOD LLP
254 COMMERCIAL STREET
PORTLAND, ME 04101
Email: jdunlap@pierceatwood.com
Email: jmacdonald@pierceatwood.com

THOMAS WHITELAW MURREY , JR.

FEDERAL EXPRESS CORPORATION
LITIGATION DEPARTMENT
3620 HACKS CROSS ROAD
BUILDING B
3RD FLOOR
MEMPHIS, TN 38125
901-434-8558
Fax: 901-434-9279
Email: twmurrey@fedex.com
*Attorneys for Defendant FedEx Corporate Services, Inc.*

SIGMUND D. SHUTZ
PRETI FLAHERTY, LLP
P.O. BOX 9546
PORTLAND, ME 04112-9546
Email: sschutz@preti.com

-and-

RYAN L. ERDREICH, ESQ.
PISCIOTTI LALLIS ERDREICH
30 COLUMBIA TURNPIKE, SUITE 205
FLORHAM PARK, NJ 07932
Email: rerdreich@pisciotti.com
*Attorneys for Defendant MDX Corp.*

JEFFREY D. RUSSELL
VERRILL DANA, LLP
ONE PORTLAND SQUARE
PORTLAND, ME 04101
Email: jrussell@verrill-law.com

-and-

CHRISTOPHER RENZULLI, ESQ.
SCOTT C. ALLEN
WILLIAM J. DIGGS
PATRICK WILLIAM MCDONALD
JEFFREY MALSCH
RENZULLI LAW FIRM, LLP
ONE NORTH BROADWAY, SUITE 1005
WHITE PLAINS, NY 10601
Email: crenzulli@renzullilaw.com
Email: sallen@renzullilaw.com
Email: wdiggs@renzullilaw.com
*Attorneys for Defendant Brownells, Inc.*

/s/ *Peter Richard, Esq.*
Peter Richard, Esq.
David Kreisler, Esq.
Maine Bar No. 004674
prichard@garmeylaw.com
dkreisler@garmeylaw.com
GARMEY LAW
482 Congress St. Suite 402
Portland, ME 04101
Phone: 207-899-4644
Fax:    207-541-9242
*Attorneys for Plaintiff, Billi-Jo Cluney*
*Individually and as Personal Representative*
*for the Estate of James Cluney*