UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| BILLI-JO CLUNEY,<br>individually and as personal<br>representative for the Estate of<br>James M. Cluney, Sr.,<br><br>        Plaintiff,<br><br>v.<br><br>BROWNELLS, INC., MDX CORP.,<br>and FEDEX CORPORATE SERVICES,<br>INC.,<br><br>        Defendants. | 1:24-cv-00207-SDN |

**ORDER AFFIRMING RECOMMENDED DECISION**

Plaintiff Billi-Jo Cluney, acting in her individual capacity and as a representative for the estate of her deceased husband, seeks leave to amend her complaint under Federal Rule of Civil Procedure 15(a)(2). ECF No. 46 ("Motion to Amend"). Two Defendants, Brownells, Inc. and MDX Corp., oppose the motion. ECF Nos. 47, 48. On November 25, 2025, the Magistrate Judge issued his recommended decision, recommending that her motion be granted in part and denied in part. ECF No. 57 ("Recommended Decision"). For the reasons below, the Court **AFFIRMS** the Recommended Decision and **GRANTS** in part and **DENIES** in part Plaintiff's Motion to Amend.

## I. Background

This Order incorporates by reference the factual background previously outlined by this Court. *See* ECF No. 33 at 5–10. As relevant here, the Plaintiff initially named three defendants in her complaint, Brownells, MDX, and FedEx Corporate Services, Inc., bringing eighteen counts including negligence and other claims against the companies

1

and seeking money damages for their alleged roles in the shooting death of her husband, James M. Cluney, Sr., by then-minor Atilio Delgado. *See* ECF No. 1-1 ("Original Complaint"). Brownells and MDX are retail distributors of firearms part kits, colloquially referred to as "ghost gun kits." *Id.* at 6–7. FedEx is a shipping company that allegedly delivered ghost gun kits and ammunition sold by MDX and Brownells to Atilio Delgado. *Id.* at 8–9. The complaint asserts Atilio Delgado used the ghost gun kits to assemble a firearm which he later used to fatally shoot Mr. Cluney. *Id.* at 20–21. On July 8, 2024, MDX and Brownells each moved to dismiss the complaint, ECF Nos. 16, 17, which this Court denied, ECF No. 33.

On July 3, 2025, Plaintiff filed an amended complaint, ECF No. 44, which the Magistrate Judge struck because Plaintiff had obtained neither leave of the Court nor the Defendants' consent to file an amended complaint, ECF No. 45; *see* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave."). On July 11, 2025, Plaintiff filed the instant Motion to Amend the complaint, ECF No. 46, which MDX and Brownells oppose, ECF Nos. 47, 48. FedEx has taken no position.

In the Proposed Amended Complaint ("PAC") that accompanies her Motion to Amend, *see* ECF No. 46-1, Ms. Cluney purports to make several changes to her claims. First, she seeks to substitute Federal Express Corporation for FedEx Corporate Services, Inc.[1] *Id.* at 1. Second, she seeks to amend the factual allegations to include new information she received after the filing of the Original Complaint. *Id.* Third, she wishes to clarify that the punitive damages she seeks against MDX should be evaluated under

---

[1] Because this change seeks merely to clarify the correct legal entity for FedEx according to FedEx's corporate counsel, *see* ECF No. 46 at 5, the Court grants this request.

California law and the damages against FedEx and Brownells should be evaluated under Iowa law. *Id.* Finally, she seeks leave to add claims against Brownells for alleged mail fraud in violation of the Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. §§ 1961–68.[2] ECF No. 46-1 at 120–23.

## II.   RICO Claim Against Brownells

### A.  Standard of Review

A motion to amend generally is not considered a dispositive motion, but when a magistrate judge issues a recommendation that would effectively end a party's claim or defense, de novo review applies. *See Sargent v. NorDx*, No. 2:20-CV-00467, 2022 WL 17738711, at *4 (D. Me. Dec. 16, 2022); *Summer Infant (USA), Inc. v. Tomy Int'l, Inc.*, No. 1:17-CV-549, 2020 WL 4437259, at *1 (D.R.I. Aug. 3, 2020); Fed. R. Civ. P. 72(b) (establishing a de novo standard of review for magistrate judges' dispositive motions). Because the Magistrate Judge recommended denying Plaintiff's motion to add a RICO claim, the Court applies de novo review to determine whether she has met her burden to amend.[3] *See Emissive Energy Corp. v. NovaTac, Inc.*, No. C.A. 09-13, 2010 WL 2991201, at *2 (D.R.I. July 28, 2010).

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings and provides that leave to amend should be "freely" given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Because the time to amend as a matter of course under Rule 15(a)(1) has

---

[2] Ms. Cluney's PAC originally advanced three claims—Counts 19, 21, and 24—against Brownells for unfair trade practices. *See* ECF No. 46-1 at 115–16, 117–19, 123–25. She stated in her reply in support of her Motion to Amend that she consents to removal of those counts from the PAC; accordingly, the Court does not address those counts further. ECF No. 49 at 7.

[3] Regardless of whether the Court applies a de novo standard of review or the more forgiving "clearly erroneous" review standard for non-dispositive orders, *see* Fed. R. Civ. P. 72(a), the Court adopts the Magistrate Judge's Recommended Decision to deny Plaintiff's motion to add a RICO claim.

3

expired, the Court may grant leave to amend "freely" unless there is an "apparent or declared reason" to withhold leave—such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court evaluates the Motion to Amend under the futility standard: a proposed amendment is futile if the complaint, as amended, would not withstand a motion to dismiss. *Shannon v. Houlton Band of Maliseet Indians*, 54 F. Supp. 2d 35, 38 (D. Me. 1999). In turn, the Court applies the Rule 12(b)(6) motion to dismiss standard. *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation modified). All reasonable inferences from the factual allegations must be drawn in the Plaintiff's favor. *Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B.*, 958 F.2d 15, 17 (1st Cir. 1992).

## B. Analysis

The PAC alleges Brownells committed criminal mail fraud, as defined by 18 U.S.C. § 1341, when it engaged in a scheme to conceal the contents of the packages it shipped to Atilio Delgado. Specifically, the PAC claims Brownells failed to properly label the packages it sent to Mr. Delgado as containing handgun ammunition with the required "Limited Quantity Item" marking. ECF No. 46-1 at 121. It further alleges Brownells

concealed its identity by eschewing its registered corporate shipping account in favor of an allegedly fictitious Iowa address.[4] *Id.* at 122.

Because mail fraud qualifies as a predicate criminal act for RICO purposes, *see* 18 U.S.C. § 1961(a), the PAC asserts Brownells engaged in a pattern of racketeering activity in the form of mail fraud, such that it should be liable for treble damages under RICO, ECF No. 46-1 at 123; *see Home Orthopedics Corp. v. Rodriguez*, 781 F.3d 521, 527 (1st Cir. 2015) ("[T]he statute's expansive reach also provides a generous private right of action—successful plaintiffs are entitled to triple damages if they can prove they were 'injured in [their] business or property by reason of a violation of section 1962.'" (quoting 18 U.S.C. § 1964(c)) (alteration in *Rodriguez*).

A successful civil RICO action requires proof of four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." S*edima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *see* 18 U.S.C. §§ 1962(c), 1964(c). An enterprise may be a legal entity like a business, a governmental unit, or a union, or it may be an informal grouping of individuals associated in fact. *United States v. Turkette*, 452 U.S. 576, 580–81 (1981). However, the enterprise itself cannot be the RICO defendant. *See Odishelidze v. Aetna Life & Casualty Co.*, 853 F.2d 21, 23 (1st Cir. 1988) (per curiam) ("The 'person' alleged to be engaged in a racketeering activity (the defendant, that is) must be an entity distinct from the 'enterprise.'").

---

[4] Brownells is a registered Federal Firearms Licensed ("FFL") dealer, which exempts it from certain laws prohibiting the interstate shipment of firearms. *See* 18 U.S.C. § 922(a)(1)(A) ("It shall be unlawful for any person except a . . . licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce . . . ."). Brownells maintains a corporate shipping account with FedEx specifically for its FFL operations. ECF No. 46-1 at 11.

5

The PAC's first fatal deficiency is that it fails to allege RICO defendants that are distinct from the Brownells enterprise. In fact, the PAC fails to identify an "enterprise," and does not distinguish between Brownells the entity and any individuals who might have criminally utilized the entity. Because the PAC treats Brownells as both the "person" and the "enterprise," the RICO claim fails the distinctiveness prong. *See In re Lupron Mktg. & Sales Pracs. Litig.*, 295 F. Supp. 2d 148, 173 (D. Mass. 2003) (explaining the distinctiveness prong is not satisfied when "only one entity was said to have filled the dual function of person and enterprise").

Even if the PAC satisfied the distinctiveness requirement, the claim fails because Ms. Cluney cannot establish proximate cause. To establish a causal connection, the Plaintiff must show the RICO predicate offense—in this case, mail fraud—was not only the "but for" cause of the injury but also the proximate cause. *Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 268 (1992). In conducting this inquiry, the Court generally does not look beyond the "first step" of the causal chain. *Hemi Grp., LLC v. City of N.Y., N.Y.*, 559 U.S. 1, 10 (2010).

The PAC asserts Brownells defrauded FedEx by purposefully mislabeling packages and by failing to ship them under the name or from the address associated with Brownells's Federal Firearms License FedEx account. This fraud allegedly prevented FedEx from recognizing the packages contained ammunition, which in turn caused FedEx to fail in its duty to ascertain whether the package recipient was at least eighteen years old. *See* 17-A M.R.S. § 554-B (2022) (prohibiting sale of firearms and ammunition to minors); 18 U.S.C. § 922(b)(1) (same). Because FedEx failed to verify that Atilio Delgado was over eighteen, he obtained the materials and was able to assemble a firearm and use it to shoot Mr. Cluney.

The Court finds the causal chain between the mail fraud and Mr. Cluney's death too attenuated to support proximate cause. The "first step" of the causation analysis—the point where the Court must terminate its inquiry—is the fraud Brownells allegedly perpetrated against FedEx. The direct victim of that fraud is FedEx, not Ms. Cluney or her husband's estate. As in *Anza v. Ideal Steel Supply Corp.*, where the direct victim of tax fraud was the state rather than a business competitor, the harm here is too remote from the alleged predicate act. 547 U.S. 451, 457–58 (2006) ("The requirement of a direct causal connection is especially warranted where the immediate victims of an alleged RICO violation can be expected to vindicate the laws by pursuing their own claims."). The fraud on FedEx (the second party) merely made it easier for a third party (Atilio Delgado) to cause harm to the Plaintiff. While FedEx might have standing to pursue a claim against Brownells for the fraud committed against it, that standing does not impute to Ms. Cluney.

Ms. Cluney also contends her husband's death caused a discrete injury in the form of the loss of an additional 384 months of his Social Security Retirement Benefits, which would total $656,256.00, and other household contributions. ECF No. 46-1 at 123. While the Supreme Court recently clarified that RICO does not categorically preclude recovery for all economic harms resulting from personal injuries, *see Med. Marijuana, Inc. v. Horn*, 604 U.S. 593, 613–14 (2025), the Court need not decide whether these specific losses constitute "injur[y] [to] business or property," 18 U.S.C. § 1964(c). Because the proximate cause inquiry is dispositive, the nature of the damages is moot.

In sum, the allegations in the PAC are insufficient to support a RICO claim. Because adding the RICO claim in Count 23 would be futile, the Court **DENIES** that portion of Ms. Cluney's motion.

7

### III.    Other Proposed Amendments

In the Recommended Decision, the Magistrate Judge recommended: (1) reserving ruling on Plaintiff's request to evaluate the punitive damages claims under California and Iowa law; (2) granting the request to substitute Federal Express Corporation for FedEx Corporate Services; (3) granting the request to amend the factual assertions; (4) denying the consented-to request to assert new unfair trade practices claims against Brownells; and (5) denying Brownells's motion for attorneys' fees. ECF No. 57 at 14–15. The Magistrate Judge notified the parties that failure to object would waive their right to de novo review and appeal. The time to file objections expired on December 9, 2025, and no objections were filed as to any portion of the Recommended Decision.

Because the Recommended Decision is non-dispositive as to the aforementioned requests, the Court reviews those portions to determine if they are "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). After review, the Court finds no clear error and adopts the Magistrate Judge's conclusions.

### IV.    Conclusion

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Ms. Cluney's Motion to Amend. ECF No. 46. Specifically, Plaintiff's request to add a RICO claim (Count 23) against Brownells is **DENIED;** the Court **RESERVES RULING** on Plaintiff's request to amend the punitive damages claims (Counts 5, 6, 11, 12, 17, and 18); Plaintiff's request to add unfair trade practices claims against Brownells (Counts 19, 21, and 24) is **DENIED;** Plaintiff's request to amend the factual allegations is **GRANTED;** Plaintiff's request to substitute Federal Express Corporation for FedEx Corporate Services, Inc. is **GRANTED**; and Brownells's motion for attorneys' fees is **DENIED**. Accordingly, the Court **AFFIRMS** the Recommended Decision. ECF No. 57.

8

**SO ORDERED.**

Dated this 19th day of February, 2026.

                                                                <u>/s/ Stacey D. Neumann</u>
                                                                **UNITED STATES DISTRICT JUDGE**