**UNITED STATES DISTRICT COURT**
**District of Maine**

| | |
|---|---|
| **BILLI-JO CLUNEY, ET AL.**<br>**Plaintiffs**<br><br>**vs.**<br><br>**BROWNELLS, INC.,**<br><br>**MDX CORP.,**<br><br>**&**<br><br>**FEDERAL EXPRESS CORPORATION,**<br><br>**Defendants** | **CASE NO. : 24-cv-00207-LEW** |

**PLAINTIFFS' FILING OF AN AMENDED COMPLAINT CONTAINING THE SUBSTITUTION OF PARTIES IN ACCORDANCE WITH THE COURT'S ORDER AND RULINGS**

Plaintiff files this Amended Complaint under Federal Rule of Civil Procedure 15 (a)(2) against the Defendants Brownells, Inc., MDX Corp, and Federal Express Corporation, (collectively "Defendants").

Incorporated into this Amended Complaint are the following changes, in accordance with the Court's Order and detailed briefly here for the Court:

- The Substitution of Parties, removing FedEx Corporate Services, Inc. and replacing them with Federal Express Corporation;
- Amendment of the Allegations of Facts based upon information received following the filing of the Complaint including information obtained from the Motions to Dismiss from MDX Corp. and Brownells, Inc.;
- Amendments to Counts in association with additional facts following the filing of the Complaint;
- Amendment of Counts and incorporation into any relevant new Counts to provide notice of dépeçage for compensatory and punitive damages.

**UNITED STATES DISTRICT COURT**
**District of Maine**

| | | |
|---|---|---|
| **BILLI-JO CLUNEY, ET AL.**<br>**Plaintiffs**<br><br>**vs.**<br><br>**BROWNELLS, INC.,**<br><br>**MDX CORP.,**<br><br>**&**<br><br>**FEDERAL EXPRESS CORPORATION,**<br><br>**Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CASE NO. : 24-cv-00207-LEW** |

**PLAINTIFFS AMENDED COMPLAINT**

**NOW COMES** the Plaintiff, Billy-Jo Cluney, individually and as Personal Representative for the Estate of James M. Cliney, Sr., by and through undersigned counsel, Peter Richard, Esq. of Garmey Law, and files this Amended Complaint against Defendants Brownells, Inc., MDX Corp., and Federal Express Corporation (collectively "Defendants") jointly and severally for the counts detailed below.

Plaintiff, in filing this Amended Complaint, remove the legal entity Defendant FedEx Corporate Services, Inc. from the proceedings and substitute Federal Express Corporation in its place.

**PATRIES, JURISDICTION, AND PROCEDURAL HISTORY**

1. Decedent James M. Cluney, Sr. was at the time of his passing a resident of the Town of Brooks, County of Waldo, and State of Maine.

2. Plaintiff Billi-Jo Cluney is a resident of the Town of Brooks, County of Waldo, and State of Maine.

3. Plaintiff Billi-Jo Cluney is the Personal Representative of the Estate of decedent James M. Cluney, Sr.

4. Upon information and belief, Defendant Brownells, Inc., was, and continues to be, a business entity organized under the laws of the State of Iowa, with a principal place of business in the City of Montezuma, County of Poweshiek, State of Iowa.

5. Upon information and belief, Defendant MDX Corp. was, and continues to be, a business entity organized under the laws of the State of California, with a principal place of business in the City of Riverside, County of Riverside, State of California.

6. Upon information and belief, Defendant Federal Express Corporation (hereinafter "FedEx") was, and continues to be, a business entity organized under the laws of the State of Tennessee, with a principal place of business in the City of Memphis, County of Shelby, State of Tennessee.

7. Complaint against Defendant Brownells, Defendant MDX Corp, and Defendant FedEx Corporate Services was previously filed in the Maine Superior Court commencing this legal action.

8. Defendant FedEx Corporate Services filed for removal to the United States District Court for the District of Maine on June 6, 2024, which was granted without opposition from any party.

9. Defendant FedEx Corporate Services confirmed that the correct legal entity to respond to the allegations in the Complaint and the anticipated response to the Amended Complaint is Federal Express Corporation.

10. Defendants MDX Corp. and Brownells, Inc. each filed Motions to Dismiss, which were denied following submissions of briefs by both Defendants and the Plaintiff.

11. The Court issued a Scheduling Order on April 28, 2025, through the Honorable Judge Nivison, detailing the date for Amendment of Pleadings to be July 14, 2025.

**BROWNELLS, INC.**

12. Brownells, Inc. is a business founded in 1939 in Montezuma, Iowa that has been a retail distributor of firearms, firearm parts including handgun frames, and ammunition through present day.

13. Brownells, Inc. has sold gun parts, frames, and kits, effectively known as 'ghost gun kits' among the law enforcement community since the parts and frames are not sold through the firearms background screening and age verification process.

14. Brownells, Inc. controls, owns, and operates retails sales of firearms, firearm parts including gun frames, and ammunition in both a physical store located in Iowa and through online retail at www.Brownells.com.

15. Below are screenshots taken from www.Brownells.com, the website for Brownells, Inc., which shows the handgun frames, handgun parts, and handgun ammunition sections of its online retail website:









16. Brownells, Inc.'s physical store is located at 3006 Brownells Parkway, Grinnell Iowa 50112.

17. Below are photographs taken from Google Maps from November 2017 of the interior of the Brownells retail store from paragraph 16:


google.com/maps/place/Brownells,+Inc./@41.6969842,-92.7376519,3a,75y,329.95h,90.01t/data=!3m7!1e1!3m5!1sClHM0ogKEICAgID4i_CIKA!2e10!6shttps:%2F%2Flh3.googleusercontent.com%2Fgpms-cs-s%2FAB8u6HZZ9mf7R-0j...
Brownells, Inc.
Brownells, Inc.
3.8 (706)
Gun shop
Overview
Reviews
About
Directions
Save
Nearby
Send to phone
Share
In-store shopping · In-store pickup
Delivery
3006 Brownells Pkwy, Grinnell, IA 50112
Open · Closes 6 PM
See more hours
brownells.com
(800) 741-0015
M7X6+3G Grinnell, Iowa
Brownells, Inc.
American Marketing & Publishing
Nov 2017
Share
Google


google.com/maps/place/Brownells,+Inc./@41.6970252,-92.7376559,3a,75y,32.23h,82.42t/data=!3m7!1e1!3m5!1sClHM0ogKEICAgID4s-W14QE!2e10!6shttps:%2F%2Flh3.googleusercontent.com%2Fgpms-cs-s%2FAB8u6HYvKFjTeu...
Brownells, Inc.
Brownells, Inc.
3.8 (706)
Gun shop
Overview
Reviews
About
Directions
Save
Nearby
Send to phone
Share
In-store shopping · In-store pickup
Delivery
3006 Brownells Pkwy, Grinnell, IA 50112
Open · Closes 6 PM
See more hours
brownells.com
(800) 741-0015
M7X6+3G Grinnell, Iowa
Brownells, Inc.
American Marketing & Publishing
Nov 2017
INITIAL GROWTH
THE SECOND GENERATION
Share
Google







18. Below is a photograph of the Brownells, Inc. facility located at this physical address, taken from Google Maps:




19. Below is an image taken from the Brownells, Inc. website that details the location of its retail store:

BROWNELLS
Serious About Firearms Since 1939

Keyword / Product SKU

BRANDS | TRIGGER TIMES

ALL | GUNS | GUN PARTS | AMMUNITION | RELOADING | TOOLS & CLEANING | OPTICS | GEAR | DEALS

- AMMUNITION
- Handgun
- Rifle
- Shotgun
- Rimfire

## Shooting Accessories

- Riflescopes
- Red-Dot Optics
- Mounting Equipment
- Magazines
- Cleaning Supplies
- Safety Equipment
- Suppressors

## Getting To Us

Located just North of I-80 at Exit 182 for Grinnell, Iowa



---

20. Brownells, Inc. has, and at the time of this incident had, instructions and videos on its website detailing how to assemble handguns from kits and components to create a complete operational handgun.

21. Below is the link and a screenshot of the webpage that Brownells maintains where instructional videos are posted, some of which include instructions on the assembly of 'ghost guns':

https://www.brownells.com/the-trigger-times/

https://www.brownells.com/the-trigger-times/how-to/pistol-builds--installs/completing-a-st.-croix-tactical-frame-for-glock/




22. Brownells, Inc. uses FedEx to ship and deliver products that are purchased online.

23. Brownells, Inc., as a firearms and ammunition distributor, is subject to the laws and provisions of Federal law, including 18 U.S.C. §922 and all its affiliated provisions and the Regulations codified in the Federal Register, specifically related to the Department of Alcohol, Tobacco, and Firearms, or "ATF".

24. Brownells, Inc. has a corporate account with FedEx to ship its products as a registered and licensed Federal Firearms Licensed (FFL) dealer and distributor for compliance with 18 U.S.C. §922.

25. Brownells, Inc. also ships some of its products using a non-FFL affiliated FedEx account through FedEx from the location described as the "Grinnell Distribution Center" at 170 Lang Creek Avenue in Grinnell, Iowa.

26. Included in those products shipped using the non-FFL affiliated FedEx account is handgun ammunition.

27. Below is a photograph of a shipping label from an order placed with Brownells, Inc. from Brownells, Inc. on May 21, 2025, for 9mm Handgun Ammunition, and the package was shipped from the 170 Lang Creek Avenue in Grinnell, Iowa:



BROWNELLS
Serious About Firearms Since 1939

3006 Brownells Parkway
Grinnell IA 50112

[redacted]

SHIP TO
[redacted]
SANFORD ME 04073
[redacted]

## Invoice Original

| | |
|---|---|
| Invoice NO: | 2025412112131 |
| Invoice Date: | 05-21-25 |
| Due Date: | 05-21-25 |
| Customer No: | 2500072409 |
| PO No: | |
| Sales Order No: | 3002861700 |
| Terms: | Credit Card Payment |

| Item Number | Fac Part # | Description | Shipped | Unit Price | Extended Price | TOTAL |
|---|---|---|---|---|---|---|
| 105201571 | 9A | SPORT SHOOTING 9MM LUGER 115GR FMJ CASE 50/ BOX | 1 | 11.49 | 11.49 | 11.49 |

| | | |
|---|---|---|
| Item value | USD | 11.49 |
| Shipping Charge | USD | 11.99 |
| Order total | USD | 23.48 |
| Sales tax | USD | 0.63 |
| Invoice total | USD | 24.11 |
| To pay | USD | 0.00 |

A service charge of 1 ½ % per month (18% annually) or the maximum rate permitted by applicable law could be charged on all overdue accounts.
Phone: 800-741-0015 Email: accountsreceivable@brownells.com Website: www.brownells.com
**TRANSFER OF THESE PRODUCTS TO ANY INDIVIDUAL OR ENTITY OR LOCATION (WHETHER IN YOUR CITY, STATE, OR OUTSIDE THE UNITED STATES) MAY BE SUBJECT TO RESTRICTIONS AND/ OR LICENSING REQUIREMENTS**

Page 1 of 1

Invoice no _ 2025412112131_0.pdf
86K

BROWNELLS
Serious About Firearms Since 1939®

## Shipping Confirmation

Thank you for your order. This email is to notify you your order has been shipped.

| | | | |
|---|---|---|---|
| Customer Order Number | 3002861700 | Payment Method | Credit Card Payment |
| Web Confirmation Number | 6072023862 | Delivery Method | Generic Ground |
| Customer Number | 2500072409 | Tracking Number | 447117141721 |
| PO Number | | | |
| Web Account Number | 0 | | |

| Customer Address | Delivery Address |
|---|---|
| [redacted]<br>SANFORD ME 04073 | [redacted]<br>SANFORD ME 04073<br>[redacted] |

| SKU# | Description | Status | Qty | Note |
|---|---|---|---|---|
| 105201571 | SPORT SHOOTING 9MM LUGER 115GR FMJ CASE 50/BOX | Shipped | 1 | Ammunition |

28. According to the parcel maps for the Iowa County Recorders Association, Inc., for the County of Poweshiek, the property located at 170 Lang Creek Avenue in Grinnell, Iowa is not owned by Brownells, Inc.

29. Below is a copy of the records from the Iowa Tax parcel property tax website, listing various Lang Creek Avenue sites owned by Brownells Commercial Properties, LLC:




30. It is unclear to Plaintiffs who owns the property located at 170 Lang Creek Avenue in Grinnell, Iowa.

31. Below is an image of the Business Entity Summary from the Iowa Secretary of State's Office for the registered legal entity BROWNELLS COMMERCIAL PROPERTIES, LLC:

This is the official website of the Iowa Secretary of State Here's how you know

Newsroom Events Contact

IOWA SECRETARY OF STATE
Paul D. Pate

Home Businesses Elections Notaries Programs About

# Business Entity Summary

Address Agent Filings Names Officers Protected Series Stock Summary

Print Page | Search Again | Back to Results | Print Certificate of Existence

Searched: brownells

| Business No. | Legal Name | Status |
|---|---|---|
| 754719 | BROWNELLS COMMERCIAL PROPERTIES LLC | Active |
| **Type** | **State of Inc.** | **Modified** |
| Legal | IA | No |
| **Expiration Date** | **Effective Date** | **Filing Date** |
| PERPETUAL | 6/27/2023 12:40 PM | 6/27/2023 12:40 PM |
| **Chapter** | | |
| CODE 489 DOMESTIC LIMITED LIABILITY COMPANY | | |

## Names (Viewing 1 of 1)

| Type | Status | Modified | Name |
|---|---|---|---|
| Legal | Active | No | BROWNELLS COMMERCIAL PROPERTIES LLC |

## Registered Agent or Reserving Party

| Full Name | |
|---|---|
| JAIME MOOTHART | |
| **Address** | **Address 2** |
| 3006 BROWNELLS PARKWAY | |
| **City, State, Zip** | |
| GRINNELL, IA, 50112 | |

## Home Office

| Full Name | |
|---|---|
| | |
| **Address** | **Address 2** |
| 3006 BROWNELLS PARKWAY | |
| **City, State, Zip** | |
| GRINNELL, IA, 50112 | |

↑ Back to Top

32. Below is an image from Google Maps showing the physical location of the address 170 Lang Creek Avenue, Grinnell, Iowa:




33. Below are photographs from Google Maps showing the area of Lang Creek Avenue, taken from October 2011 through August of 2022, which show that the road ends at a dead end and open fields:












34. There is not, nor has there ever been, any distribution center, or physical building, located at 170 Lang Creek Avenue in Grinnell, Iowa.

35. Handgun ammunition purchased from Brownells, Inc. which is shipped from the "Grinnell Distribution Center" at 170 Lang Creek Avenue in Grinnell, Iowa does not indicate that it originates from Brownells, Inc.

36. Brownells, Inc. ships items purchased from its Brownells online retail store from both Brownells, Inc. and from the fictional "Grinnell Distribution Center" at 170 Lang Creek Avenue through FedEx.

37. Brownells, Inc., as a corporation, makes a choice with shipments to customers for purchased handgun ammunition whether it will ship the ammunition under its Brownells account affiliated with Brownells, Inc. through FedEx, or if it will ship the handgun ammunition under the separate account affiliated with the "Grinnell Distribution Center" at 170 Lang Creek Avenue in Grinnell, Iowa.

38. Packages shipped from the Grinnell Distribution Center do not indicate on the package that the contents of the package are handgun ammunition.

39. Packages shipped from the Grinnell Distribution Center do not contain in their shipping instructions to FedEx that the package contains handgun ammunition.

40. Handgun ammunition purchased from Brownells, Inc. but shipped from the Grinnell Distribution Center is shipped without the requirement that the shipping carrier, FedEx, verify the age of the recipient as being 21 years of age or older at the ultimate address it is delivered to.

41. Brownells Parkway and the Brownells, Inc. corporate headquarters, as well as its retail store and distribution center, are located across the intersection from Lang Creek Avenue in Grinnell, Iowa.

42. Brownells, Inc. knows the corporate policy from FedEx requires that dangerous goods shipped through FedEx must be shipped and classified appropriately as dangerous goods, or Limited Quantity Items.

43. Brownells, Inc. knows that when shipping items that qualify as dangerous goods, according to FedEx's policies, FedEx requires that a 21 year or older recipient at the delivery address show proof of identification and age verification to complete the delivery.

44. Brownells, Inc. knows that using its FFL affiliated account through FedEx

will ensure, through the agreement between FedEx and Brownells, Inc., that a legally eligible individual or facility will take lawful receipt of the package, and that their eligibility through age verification as 21 years of age or older will be obtained by FedEx to complete the delivery.

45. Brownells, Inc. knows that in choosing to ship items that Brownells, Inc. does not identify as dangerous goods or ammunition, and where Brownells, Inc. avoids using its FFL affiliated account and shipping purchased ammunition from Brownells, Inc. own facilities, will not trigger the same requirements.

46. Brownells, Inc. also knows that in shipping its handgun ammunition to consumers in a plain brown box from the "Grinnell Distribution Center" from a fictional location at 170 Lang Creek Avenue that FedEx will not verify the recipient is legally eligible to take lawful receipt of handgun ammunition as being 21 years of age or older, and the package would be delivered to the address listed on the package and through its shipping directions with FedEx without ever verifying the age of the recipient.

## MDX CORP

47. MDX Corp is a business founded in Riverside, California, which sells and distributes firearm parts including build kits for assembling a handgun from separate unrefined and unpolished parts.

48. These parts are effectively known as 'ghost gun kits' among law enforcement and the law enforcement community as the parts are not sold through the firearms background screening and age verification processes.

49. MDX Corp has, and at the time of this incident had, instructions on its website for how to assemble its kits and components.

50. MDX Corp cannot sell its products in a retail store in California due to the fact that the parts sold by MDX Corp are "unserialized firearm precursor parts" and cannot be sold into the State of California.

51. MDX Corp sells its products online through its internet retail store located at https://mdxarms.com.

52. MDX Corp sold frame build kits, with frames included.

53. MDX Corp has, as of the filing of this Complaint, stopped the sale of those build kits that contain frames as stated on its website at https://mdxarms.com/how-to-order-build-kits.

54. MDX Corp ships its products using the United States Postal Service, among other shipping carrier services.

55. MDX Corp, as a firearms distributor, is subject to the laws and provisions of Federal law, including 18 U.S.C. §922 and all its affiliated provisions and the Regulations codified in the Federal Register, specifically related to the Department of Alcohol, Tobacco, and Firearms, or "ATF".

## FEDERAL EXPRESS CORPORATION

56. FedEx is a shipping company incorporated in the United States with distribution and receiving centers all around the world, including at least four to five retail locations in Waldo County.

57. FedEx delivers packages for Brownells, Inc.

58. Brownells, Inc. has a corporate account with FedEx to complete its deliveries and transactions, in which Brownells, Inc. arranges for and pays money to FedEx to deliver products purchased from Brownells, Inc.

59. FedEx has a policy regarding the delivery of dangerous goods, which is seen here in a screenshot taken from FedEx's own website:

## Did you receive a door tag?

If you're away when we try to deliver your package that requires a signature, we'll leave a door tag that provides the key details you need about your package pickup or delivery. If you received a doortag, you will need to follow one of the options below:

- Download the FedEx®Mobile app and scan the barcode on your door tag. You will get specific information about your missed shipment and your available delivery options.
- Track online by entering in the tracking number located at the bottom of the doortag.
- Text the word **follow** and your door tag number (located at the bottom of the doortag) to **48773** (ex: **follow DT999999999999**).
- Sign the back of the form on your door tag (if eligible). If you are given the option to fill out a form and leave your signature on the door tag, then you can follow the prompts on the form and sign. This will authorize next-business-day delivery. This is only eligible for indirect signatures.

In some situations, a label will be applied to the back of the doortag, because the driver was unable to leave the package due to signature requirements or package safety. If this occurs, FedEx may no longer automatically reattempt delivery and the package will be taken to a nearby FedEx location to be held for you to pick up.

**LEARN MORE ABOUT DOOR TAGS**

## Frequently asked questions

### Does FedEx require a signature?

FedEx does not always require a signature for shipment delivery. The signature requirement or type of signature requirement is selected by the shipper when they are creating the shipping label.

However, signatures are always required for many types of shipments to be delivered, such as permitted shipments of alcohol, high value package goods, dangerous goods, hazardous materials, pharmaceuticals, and firearms.

### When do you have to sign for a package with FedEx?

You only have to sign for a package if required by sender or by FedEx policy. To find out if your shipment requires a signature, you can look on the tracking information that is emailed from the sender or enter in the shipment's tracking number on fedex.com.

If your shipment requires an indirect signature, you can sign electronically through FedEx Delivery Manager. If the shipment requires a direct or adult signature, then someone must be available to sign in person. If someone is not home to sign for a direct or adult signature, the courier will leave a door tag or reattempt delivery.

### How do I allow someone else to sign for my package?

If indirect signature is selected by the sender, then someone else at your address, or someone nearby, such as a neighbor or building manager, may sign for the package.

60. FedEx knows that Brownells, Inc. and other customers sell firearms, firearm parts including handgun frames, and/or ammunition which are subject to regulation under Federal and State laws, in addition to its own policies.

61. FedEx knows that a majority of the items that it is shipping to customers from Brownells, Inc. are firearms, firearm parts including gun frames, and ammunition.

62. As a shipping company transferring what are or could be firearms, firearm parts including gun frames, and ammunition, FedEx is subject to the laws and provisions of Federal law, including 18 U.S.C. §922 and all its affiliated provisions and the Regulations codified in the Federal Register, specifically related to the Department of Alcohol, Tobacco, and Firearms, or "ATF".

63. FedEx picks up packages from Brownells, Inc. on Brownell Parkway at its physical location.

64. FedEx also picked up packages from Brownells, Inc. on Brownell Parkway that were listed as being sent from the Shipping Manager at the Grinnell Distribution Center at 170 Lang Creek Avenue in Grinnell, Iowa.

65. FedEx knew that Brownells, Inc. was not located at 170 Lang Creek Avenue in Grinnell, Iowa.

66. FedEx also knew that Brownells, Inc. was an FFL who shipped restricted items subject to the laws and regulations outlined in 18 U.S.C. §922.

67. FedEx knows that there was no facility named the "Grinnell Distribution Center" located at 170 Lang Creek Avenue in Grinnell, Iowa.

68. FedEx knew that it was receiving packages for delivery from Brownells, Inc. and its physical location at Brownell Parkway that were shipping from both Brownells, Inc. through their FFL affiliated account, and packages from the Grinnell Distribution Center through a non-affiliated FFL account coming from the Brownell Parkway facility and paid for by Brownells, Inc.

## FEDERAL LAW 18 U.S.C. §921-923

69. Brownells, Inc., MDX, Inc., and FedEx are also subject to the requirements of Federal Laws 18 U.S.C. §921-923 regarding the manufacture, sale, distribution, transfer, conveyance, shipping, and receiving of firearms, firearm parts including handgun frames,

and ammunition.

70. Federal Law 18 U.S.C. §922 defines unlawful acts relate to the purchase, sale, transport, manufacturing, and issuance of firearms and ammunition.

71. 18 U.S.C. §922(a)(2) states that it shall be unlawful for any importer, manufacturer, dealer, or collector licensed under the provisions of this chapter to ship or transport in interstate or foreign commerce any firearm to any person other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector.

72. 18 U.S.C. §922(b)(1) states that it shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver any firearm or ammunition to any individual who the licensee knows or has reasonable cause to believe is less than eighteen years of age, and, if the firearm, or ammunition is other than a shotgun or rifle, or ammunition for a shotgun or rifle, to any individual who the licensee knows or has reasonable cause to believe is less than twenty-one years of age.

73. 18 U.S.C. §922(b)(2) states that it shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver any firearm to any person in any State where the purchase or possession by such person of such firearm would be in violation of any State law or any published ordinance applicable at the place of sale, delivery or other disposition, unless the licensee knows or has reasonable cause to believe that the purchase or possession would not be in violation of such State law or such published ordinance.

74. 18 U.S.C. §922(c)(1)-(3) states in any case not otherwise prohibited by this chapter, a licensed importer, licensed manufacturer, or licensed dealer may sell a firearm to a person who does not appear in person at the licensee's business premises (other than another licensed importer, manufacturer, or dealer) only if— (1) the transferee submits to the transferor a sworn statement in the following form:

*"Subject to penalties provided by law, I swear that, in the case of any firearm other than a shotgun or a rifle, I am twenty-one years or more of age, or that, in the case of a shotgun or a rifle, I am eighteen years or more of age; that I am not prohibited by the provisions of chapter*

*44 of title 18, United States Code, from receiving a firearm in interstate or foreign commerce; and that my receipt of this firearm will not be in violation of any statute of the State and published ordinance applicable to the locality in which I reside. Further, the true title, name, and address of the principal law enforcement officer of the locality to which the firearm will be delivered are* ____________

________________________

*Signature* _________ *Date* ____*."*

and containing blank spaces for the attachment of a true copy of any permit or other information required pursuant to such statute or published ordinance; (2) the transferor has, prior to the shipment or delivery of the firearm, forwarded by registered or certified mail (return receipt requested) a copy of the sworn statement, together with a description of the firearm, in a form prescribed by the Attorney General, to the chief law enforcement officer of the transferee's place of residence, and has received a return receipt evidencing delivery of the statement or has had the statement returned due to the refusal of the named addressee to accept such letter in accordance with United States Post Office Department regulations; and (3) the transferor has delayed shipment or delivery for a period of at least seven days following receipt of the notification of the acceptance or refusal of delivery of the statement. A copy of the sworn statement and a copy of the notification to the local law enforcement officer, together with evidence of receipt or rejection of that notification shall be retained by the licensee as a part of the records required to be kept under section 923(g).

75. 18 U.S.C. §922(e) states it shall be unlawful for any person knowingly to deliver or cause to be delivered to any common or contract carrier for transportation or shipment in interstate or foreign commerce, to persons other than licensed importers, licensed manufacturers, licensed dealers, or licensed collectors, any package or other container in which there is any firearm or ammunition without written notice to the carrier that such firearm or ammunition is being transported or shipped; except that any passenger who owns or legally possesses a firearm or ammunition being transported aboard any common or contract carrier for movement with the passenger in interstate or foreign commerce may deliver said firearm or ammunition into the custody of the pilot, captain, conductor or

operator of such common or contract carrier for the duration of the trip without violating any of the provisions of this chapter. No common or contract carrier shall require or cause any label, tag, or other written notice to be placed on the outside of any package, luggage, or other container that such package, luggage, or other container contains a firearm.

76. 18 U.S.C. §922 (f)(1)-(2) states that it shall be unlawful for any common or contract carrier to transport or deliver in interstate or foreign commerce any firearm or ammunition with knowledge or reasonable cause to believe that the shipment, transportation, or receipt thereof would be in violation of the provisions of this chapter. (2) It shall be unlawful for any common or contract carrier to deliver in interstate or foreign commerce any firearm without obtaining written acknowledgement of receipt from the recipient of the package or other container in which there is a firearm.

77. 18 U.S.C. §921(a)(3)(A) & (B) defines "firearm" as (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon.

78. A handgun's frame is the legal definition of a firearm according to the definitions of the Federal Statutes and the definitions from the Department of Alcohol, Tobacco, and Firearms.

79. 18 U.S.C. §923 states that any licensed dealer, manufacturer, or distributor must keep and maintain records of all transactions, sales, shipments, and other documents related to the sale or transfer or distribution of firearms and ammunition.

80. An updated Federal rule was submitted to the Federal Register through the Department of Justice and published on August 24, 2022, at cite 87 FR 24652 adding additional stringency to what is considered a firearm by legal definition, to include kits that permit the assembly of guns from parts.

81. Federal law requires that all commercial sales of firearms, including handgun frames, take place through a Federal Firearm Licensee ("FFL").

82. FFL's are legally required to run background checks on firearm purchasers through the National Instant Criminal Background Check System ("NICS") or a similar government-run system; these background checks seek to verify that the purchaser is eligible

to possess the firearm.

83. FFLs also have recordkeeping requirements that allow law enforcement officials to trace lost or stolen firearms or guns involved in criminal investigations.

84. Defendant Brownells, Inc. is a company subject to the requirements of 18 U.S.C. §922 and is an FFL.

85. Defendant Brownells, Inc. has sold handgun frame and receiver blanks without abiding by the conditions lawfully required for the commercial sale of those firearms without conducting background checks to verify that the purchaser is eligible to possess a firearm or handgun, through prohibition or age, and without maintaining the types of records that FFLs selling "frames" and "receivers" must maintain.

86. Defendant Brownells, Inc. has sold handgun ammunition without abiding by the conditions lawfully required for the commercial sale of handgun ammunition without conducting background checks to verify that the purchaser is eligible to possess ammunition, through prohibition or age, and without maintaining the types of records that FFLs selling ammunition must maintain.

87. As a result, Brownells, Inc. has sold firearms and ammunition out of compliance with federal serialization, point-of-sale regulations, and background screening and eligibility criteria to countless persons across the United States.

88. Defendant Brownells, Inc. has violated the Federal Law of 18 U.S.C. §922 with regard to the online sale of handguns, handgun frames, and handgun ammunition.

89. Defendant MDX Corp is a company subject to the requirements of 18 U.S.C. §922 and qualifies as an FFL.

90. Defendant MDX Corp has sold frame and receiver blanks without serial numbers on them, without abiding by the conditions lawfully required for the commercial sale of handgun frame or receiver blanks, without conducting background checks to verify that the purchaser is eligible to possess a firearm or handgun, through prohibition or age, and without maintaining the types of records that FFLs selling "frames" and "receivers" must maintain.

91. As a result, MDX Corp has sold unserialized guns out of compliance with

federal serialization, point-of-sale regulations, and background screening and eligibility criteria.

92. Defendant MDX Corp has violated Federal Law with regard to the online sale of handguns and handgun frames.

93. FedEx, as a shipping carrier also subject to the laws and provisions outlined above, in shipping packages for Brownells, Inc. are likewise subject to the requirements of prohibition and age verification requirements outlined by Federal and State laws.

94. FedEx has specific requirements it must follow when transferring a firearm, including ensuring that the recipient who receives the package with the firearm is a licensed eligible recipient under the FFL for the interstate transfer of firearms.

95. FedEx can only ship firearms from licensed FFL dealers or sellers, and that seller or dealer must be registered with FedEx.

96. FedEx therefore has knowledge that packages from those licensed FFL dealers or sellers are likely to contain either firearms, firearm parts including frames, or ammunition.

97. FedEx has delivered packages from Brownells, Inc. without verifying the package contents, without verifying the eligibility of the recipient to possess a firearm or ammunition under Federal law, without verifying the age of the recipient of the package, and without obtaining confirmation that the recipient is a licensed FFL dealer for interstate transfer of firearms or firearm parts including frames or a legally eligible recipient of handgun ammunition.

98. FedEx, as the entity in sole possession of the package that contains a firearm, firearm part including the frame, or handgun ammunition that is sent from a FFL such as Brownells Inc. is legally responsible for ensuring that the recipient of any package from a FFL corporation that could reasonably be foreseeable to contain a firearm, firearm parts including the frame, or handgun ammunition is delivered to a person who is legally eligible to receive any of the possible contents that the package could contain, including a firearm, firearm parts including the frame, or handgun ammunition.

99. Defendant FedEx has violated Federal Law in regard to the shipping, carrying, transport, and delivery of handgun parts, and ammunition.

100. FedEx continues to deliver packages from Brownells Inc. as of the date of the filing of this Amended Complaint.

## MAINE LAW 17-A M.R.S.A. §2, 394, & 554-B

101. Brownells, Inc., MDX, Inc., and FedEx are also subject to State laws when distributing products to consumers within those states, including Maine Law 17-A M.R.S.A. §554-B.

102. 17-A M.R.S.A. §2 Section 12-A states that "Firearm" means "any weapon, whether loaded or unloaded, which is designed to expel a projectile by the action of an explosive and includes any such weapon commonly referred to as a pistol, revolver, rifle, gun, machine gun, or shotgun. Any weapon which can be made into a firearm by the insertion of a firing pin, or other similar thing, or by repair, is a firearm."

103. 17-A M.R.S.A. §554-B defines a "Handgun" as "a firearm that has a short stock and is designed to be held and fired by the use of a single hand, or in any combination of parts from which a handgun can be assembled."

104. 17-A M.R.S.A. §554-B defines a "Minor" as "a person under 18 years of age."

105. 17-A M.R.S.A. §554-B defines a "Transfer" to mean "to sell, furnish, give, lend, deliver or otherwise provide, with or without consideration."

106. 17-A M.R.S.A. §554-B states that it is unlawful under the laws of the State of Maine for a handgun to be transferred, sold, or furnished to a minor, absent the specific exceptions listed in the statute.

107. 15 M.R.S.A. §394 states that "a person may not knowingly or intentionally sell or transfer a firearm to a person who is prohibited from owning, possessing, or having under that person's control a firearm.

108. Defendant Brownells, Inc. is a company subject to the requirements of the laws of the State of Maine as it sells products to persons in the State of Maine.

109. Defendant MDX Corp is a company subject to the requirements of the laws of

the State of Maine as it sells products to persons in the State of Maine.

110. Defendant MDX Corp has sold frame and receiver blanks and parts from which a handgun can be assembled without abiding by the conditions lawfully required for the commercial sale of handgun frame or receiver blanks or the transfer of handgun parts to a minor without conducting background checks or age checks to verify that the purchaser is eligible to possess a firearm or handgun or handgun parts from which a handgun can be assembled, and without maintaining the types of records that FFLs selling "frames" and "receivers" must maintain as proof of verification for eligibility to possess a handgun as defined under Maine Law in direct violation of Maine Laws.

111. Defendant MDX Corp has violated Maine Law with regard to the online sale of handguns and handgun frames.

112. FedEx, as a shipping carrier also subject to the laws and provisions outlined above, in shipping packages for Brownells, Inc., are likewise subject to the requirements of prohibition and age verification requirements outlined by Federal and State laws.

113. FedEx has specific requirements it must follow when transferring a firearm or handgun to a recipient in Maine, including ensuring that the recipient who receives the package with the firearm is a licensed eligible recipient under the FFL and under Maine Law for the interstate transfer of firearms and handguns.

114. FedEx has knowledge that packages from licensed FFL dealers or sellers are likely to contain either firearms, firearm parts including frames, or handgun ammunition.

115. FedEx has delivered packages from Brownells, Inc. to Maine without verifying the package contents, without verifying the eligibility of the recipient to possess a firearm or ammunition under Federal law, without verifying the age of the recipient, and without obtaining confirmation that the recipient is a licensed FFL dealer for interstate transfer of firearms and handguns in direct violation of Maine Laws.

116. FedEx, as the entity in sole possession of the package that contains a firearm or handgun, firearm parts including the frame, or handgun ammunition that is sent from a FFL such as Brownells Inc., is legally responsible for ensuring that the recipient of any package from a FFL corporation that could reasonably be foreseeable to contain a firearm or

handgun, firearm parts including the frame, or ammunition is not delivered to a person who is ineligible or disqualified to receive any of the possible contents that the package could contain, including a firearm or handgun, firearm parts including the frame, or ammunition in direct violation of Maine Laws.

117. FedEx has delivered packages from Brownells, Inc. without verifying age or eligibility to receive firearms or handguns, firearm parts including the frame, or handgun ammunition to individuals in Maine without verifying eligibility to receive items from a FFL distributor where the contents of the package delivered could very well be a firearm or handgun, firearm parts including the frame, or ammunition which would be illegal for a minor person to receive.

118. Defendant FedEx has violated Maine Law in regard to the shipping, carrying, transport, and delivery of handgun parts and ammunition.

119. FedEx continues to deliver packages from Brownells Inc. as of the date of the filing of this Complaint.

## THE DEATH OF JAMES M. CLUNEY, SR.

120. Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

121. Plaintiff Billi-Jo Cluney was married to James M. Cluney, Sr.

122. Plaintiff and Mr. Cluney, collectively herein after referred to as the "Cluneys", lived together with their two children at their home located at 1108 Littlefield Road in Brooks, Maine.

123. The Cluneys informally took in two underprivileged children, Atilio Delgado and at times his older brother, into their home in Brooks, Maine sometime between 2018-2019.

124. Atilio Delgado was born on May 15, 2005.

125. Atilio Delgado was an acquaintance of the Cluneys' children through school and reported that his parents were "drug addicts" and did not take care of him.

126. The Cluney's allowed Atilio Delgado to live in their home most days and nights of the week, and the family treated him as one of their own children.

127. The Cluney's did not apply for or take aid from the State for caring for the Delgado's and did not take money from their parents for the care of the boys; they did this out of the kindness of their hearts and at their own financial expense.

128. By 2022, Atilio Delgado had been living at the Cluney's home for approximately three and a half years and was 16 years old.

129. On or around October 8, 2021, Atilio Delgado used a pre-paid Visa gift card issued through SecureSpend to pre-load $440.00 onto card, number 4097 5807 5588 1700, expiration date 07/29 with the 'issued to' name of CARDHOLDER.

130. On or around October 8, 2021, Atilio Delgado used that same SecureSpend Visa gift card number 4097 5807 5588 1700, expiration date 07/29 with the 'issued to' name of CARDHOLDER to purchase items from MDX CORP in California totaling $434.74, which were parts to construct a handgun.

131. Below is a photo of the prepaid gift card used for the purchase:




132. MDX Corp. created records from that sales transaction which it has maintained as Order Number 1059628.

133. Below is a copy of the records for the purchase of the items from MDX Corp. completed by Atilio Delgado, obtained directly from MDX Corp:

MDX ARMS

Exhibit A

MDX Corp invoice for order #1059628

**MDX Corp**
**P.O. BOX 70809**
**RIVERSIDE CA 92513**
**info@mdxarms.com**

**Billing Details**

**Atilio Delgado**
1108 Littlefield Rd
Brooks, Maine 04921
United States

Age Verification
I Agree That I Am Over 18 Years Old

Phone: +12073235015
Email: atiliopotter@live.com

**Shipping Details**

**Atilio Delgado**
1108 Littlefield Rd
Brooks, Maine 04921
United States

Age Verification
I Agree That I Am Over 18 Years Old

Phone: +12073235015
Email: atiliopotter@live.com

| | | | |
|---|---|---|---|
| **Order:** | #1059628 | **Order Date:** | Oct 8th 2021 |
| **Payment Method:** | Credit Card ($434.74) | **Shipping Method:** | USPS (Priority Mail) |

**Order Items**

| Qty | Code/SKU | Product Name | Price | Total |
|---|---|---|---|---|
| 1 | PF940CV1-BLUETIN | Polymer80 PF940CV1 80% Textured Compact Pistol Frame Kit for Glock Gen 3 G19/23<br>Frame Colors: P80 BLUE TIN | $99.99 USD | $99.99 USD |
| 1 | ETSGLK19-10 | Elite Tactical System (ETS) Glock 19 10rnd 9mm Clear Polymer Finish | $21.95 USD | $21.95 USD |
| 1 | B467A179 | MDX Arms G19 V1 Build Kit - No Frame<br>Slide (w/ Internals & Sights): Tungsten Gray<br>Barrels: TIN NON THREADED<br>Lower Parts Kit: MDX LPK (Add $50) | $319.99 USD | $319.99 USD |

| | |
|---|---|
| Subtotal: | $441.93 USD |
| Discount: | -$20.00 USD |
| Shipping: | $12.81 USD |
| Tax: | $0.00 USD |
| **Grand total:** | **$434.74 USD** |

https://store-obknjvgau0.mybigcommerce.com/admin/index.php?ToDo=printOrderInvoice&orderId=1059628 1/1

134. The payment record simply states that the method of payment and payment

information is "CREDIT CARD".

135. In that transaction, MDX Corp. permitted Atilio Delgado to purchase one (1) Polymer8 PF940CV1 80% Textured Compact Pistol Frame Kit for Glock Gen 3 G19/23, in P80 Blue Tin Frame Color, with Code/SKU number PF940CV1-BLUETIN, costing $99.99.

136. MDX Corp. also permitted Atilio Delgado to purchase one (1) Elite Tactical System (ETS) Glock 19 10 md 9mm with a Clear Polymer Finish, with Code/SKU number ETSGLK19-10, costing $21.95.

137. MDX Corp. also permitted Atilio Delgado to purchase one (1) MDX Arms G19 V1 Build Kit – without a frame, consisting of Tungsten Gray Slide with internals & sights, a Tin Non-Threaded Barrel, and an MDX Lower Parts Kit, with Code/SKU numberB467A179, costing $319.99.

138. MDX Corp. then applied a $20.00 discount, and added $12.81 in shipping costs, bringing the total for the transaction to $434.74.

139. The billing and shipping details and instructions were not to ship the products to an FFL licensed dealer.

140. The shipping details were to ship the package of purchased items to Atilio Delgado, at 1108 Littlefield Road, Brooks, Maine 04921, the Cluney's residence.

141. There is a note maintained on the MDX Corp. invoice that has a section labeled AGE VERIFICATION which states "I Agree That I Am Over 18 Years Old" in two spaces, once under the Billing details and again under the Shipping Details[1].

142. This package was shipped to Atilio Delgado using the United States Postal Service.

143. No signature or age verification was required by MDX Corp. for the USPS to deliver this package to the Cluney's home.

144. On or around November 8, 2021, Atilio Delgado made a purchase from Brownells.com totaling $69.01 with a OneVanilla pre-paid Visa gift card with the 'issued to'

[1] As all parties and the Court already know, handguns are illegal for any individual under the age of 21 to purchase. An age verification as being over 18 years of age does not meet the legal requirements for the lawful sale or distribution of a handgun to a person under the age of 21.

name of CARDHOLDER with one of the following numbering sequences:

4941 6050 4911 8615 Exp: 12/28

4941 6050 4622 1578 Exp: 12/28

4941 6050 0295 3743 Exp: 12/28

145. Below are photographs of the three (3) prepaid VISA cards that were used for this purchase, and for the subsequent purchases in paragraphs 174 and 199:




GIFT
OneVanilla® Prepaid Visa® Card
4941 6050 4622 1578
CARD EXPIRES 12/28
DEBIT
VISA
CARDHOLDER
VALID ONLY IN THE UNITED STATES




146. Brownells, Inc. created records from that sales transaction which it has maintained as Order Number, also labeled as an Invoice Number, of 21717413.00.

147. Below is a copy of the records for the purchase of the items in this transaction from Brownells, Inc. from November 8, 2021, obtained directly from Brownells, Inc.:

INVOICE #: 21717413.00
11/08/2021 04:00:00

BROWNELLS, INC.
3006 BROWNELLS PARKWAY
GRINNELL, IOWA 50112
800-741-0015
24 HR. FAX # (641) 623-3896

6pdf 00
(04921-DELG)413.00
web page-S
RET
016W
U6 P6

ACCOUNT #: 07254010

SOLD TO:
ATILIO DELGADO
1108 LITTLEFIELD RD
BROOKS ME 04921

* * * * * P D F * * * * *
* * * * C O P Y * * * *

SHIP VIA: FEDEX - GROUND

PAYMENT METHOD: CREDIT CARD

PHONE: 207-323-5015

| STOCK NUMBER | LOCATION | PRODUCT NAME AND DESCRIPTION | QTY ORDERED | QTY SHIPPED | B/O, N OR C | UNIT PRICE | TOTAL PRICE |
|---|---|---|---|---|---|---|---|
| 100-043-095MB | GRN | V-CROWN 9MM 147GR JHP 50/BX<br>*** ORM-D ITEM *** | 1 | | | 51.99 | 51.99 |
| 100-039-213MB | GRN | SHIPPING PROTECTION | 1 | | | 3.00 | 3.00 |

Please Note: TRANSFER OF THESE PRODUCTS TO ANY INDIVIDUAL OR ENTITY OR LOCATION (WHETHER IN YOUR CITY, STATE, OR OUTSIDE THE UNITED STATES) MAY BE SUBJECT TO RESTRICTIONS AND/OR LICENSING REQUIREMENTS.

---- ---------------------------------------- *** ORDER ON THE WEB AT www.brownells.com *** --------------

INVOICE #: 21717413.00 ORDER TOTAL: 54.99

THE FOLLOWING COMMENTS FIELD FOR BROWNELLS USE ONLY

WEB CONFIRMATION NUMBER: 66573903

SALES TAX: 3.02

FFL PROCESSING FEE: 10.00

GRAND TOTAL: 68.01

rhprod.brownell.local - PuTTY

```
BROWNELLS, INC          PRINTED: 11/08/2021-05:00:00          PROGRAM:  DLR-015
  CUSTOMER NUMBER: 04921-DELG 07254010 ATILIO DELGADO                      RETAIL
  ORDER NUMBER: 21717413.00  DATE: 11/08/2021 TIME: 04:00:00 TAKEN BY: web page
         SHOP ADDRESS  ORDER STATUS: PEND SHIP      PREVIOUS PAYMENT TYPES
 1. SHOP:
 2. NAME: ATILIO DELGADO                   8. PAYMENT METHOD:  CREDIT CARD
 3. STRT: 1108 LITTLEFIELD RD
 4. BOX#:
 5. C/S/Z:BROOKS, ME 04921

 6. SOURCE CODE: 016W                     12. P.O. NUMBER:
 7. SHIPMENT METHOD:  3-5 BD FEDEX GRND   13. SHIP COMPLETE  (Y OR N):  N

                                          14. HOLD: N RSN:

                                          16. GSA (Y OR N):  N
                                                     RATED:




                                                              DATA CORRECT:  ***
                                                              COM
```

rhprod.brownell.local - PuTTY

```
BROWNELLS, INC          PRINTED: 11/08/2021-05:00:00          PROGRAM:  DLR-015
  CUSTOMER NUMBER: 04921-DELG 07254010 ATILIO DELGADO                      RETAIL
  ORDER NUMBER: 21717413.00  DATE: 11/08/2021 TIME: 04:00:00 TAKEN BY: web page
       STOCK     DESCRIPTION          PACKAGE             COUPON  UNIT    EXTENDED
       NUMBER     LOCATION    STATUS DESC  QTY       QTY  Y/N    PRICE      PRICE
 1. 100-043-095MB  V-CROWN 9MM 147GR JHP 50/BX
                   GRN                * ORM-D *        1         51.99      51.99
         ALLOCATED:    1                  B/O:     0   CANCEL:    0
 2. 100-039-213MB  SHIPPING PROTECTION
                   GRN                                 1          3.00       3.00
         ALLOCATED:    1                  B/O:     0   CANCEL:    0
 3.


 4.


 5.


 6. ADD A BUCK: NO        TAX:     3.02    SHIPPING:  11.00     TOTAL:      69.01
                                                              DATA CORRECT:  ***
                                                              COM
```

rhprod.brownell.local - PuTTY

```
BROWNELLS, INC          PRINTED: 11/08/2021-05:00:00          PROGRAM:  DLR-015
  CUSTOMER NUMBER: 04921-DELG 07254010 ATILIO DELGADO                    RETAIL
  ORDER NUMBER: 21717413.00  DATE: 11/08/2021 TIME: 04:00:00 TAKEN BY: web page
******************************  P R I C I N G********************************044
9   PICKER #:  800 AUTOMATIC                   PRICER #:  800 AUTOMATIC
    SHIPPING DATE: 11/08/2021 09:31:20  PICKING DATE: 11/08/2021 09:31:20
             ORDER TOTAL:      54.99      TOTAL NUMBER OF BOXES USED:     1
               SALES TAX:       3.02
    INSURANCE            :      0.00      ******  PRICING  NOTES  ******
    FEDEX - GROUND       :     11.00
    CANADA DOCUMENT FEE  :      0.00
    EXPORT FEE           :      0.00
    SED FEE              :      0.00          CASH RECEIVED ON ORDER:      0.00
    COD FEE              :      0.00      AMT APPLIED TO CREDIT CARD:     69.01
    FFL PROCESSING FEE   :      0.00      AMT APPLIED TO OPEN ACCT. :      0.00
    EXPORT DOCUMENT FEE  :      0.00      AMT SENT OUT ON CREDOVA   :      0.00
    HAZARDOUS MAT. FEE   :      0.00      AMT SENT OUT BALANCE DUE  :      0.00
                         :      0.00      APPLIED TO MEMO BILLING   :      0.00
          NRA 'ROUND-UP':      0.00                 TOTAL RECEIVED :      69.01
               TOTAL DUE:     69.01
                             TOTAL DUE CUSTOMER:      0.00
                               NO REFUND CHECK GENERATED
                               ENTER '#' TO CONTINUE:  *
```

rhprod.brownell.local - PuTTY

```
BROWNELLS, INC          PRINTED: 11/08/2021-05:00:00          PROGRAM:  DLR-015
  CUSTOMER NUMBER: 04921-DELG 07254010 ATILIO DELGADO                    RETAIL
  ORDER NUMBER: 21717413.00  DATE: 11/08/2021 TIME: 04:00:00 TAKEN BY: web page

 *****************  C O M M E N T S  *****************
 1. WEB CONFIRMATION NUMBER:   66573903
 2.
 3.
 4.
 5.
 6. MERCHANDISE HELD AT SORTERS DESK  (Y OR N):  N
 7.                     PRICERS DESK  (Y OR N):  N
 8.                     FREIGHT DESK  (Y OR N):  N
 9. RETURN PAPERWORK TO  (B, C, O, M):
10. SPECIAL ATTENTION REQUIRED  (N, P OR T):  N
      (N=NO, P=PICKING SUPERVISOR, T=TECH)
11. CATALOG MUST BE SENT WITH ORDER - NOT SEPARATELY  (Y OR N):  N
12. DO NOT ALLOCATE UNTIL:
13. SEND E-MAIL CONFIRMATION  (Y OR N):  Y


                                                      DATA CORRECT:  ***
```



```
rhprod.brownell.local - PuTTY
BROWNELLS, INC          PRINTED: 11/08/2021-05:00:00        PROGRAM:  DLR-015
  CUSTOMER NUMBER: 04921-DELG 07254010 ATILIO DELGADO                   RETAIL
  ORDER NUMBER: 21717413.00  DATE: 11/08/2021 TIME: 04:00:00 TAKEN BY: web page
FDX
*****************************  T R A C K I N G  ******************************
  TRACKING NUMBER                                WEIGHT    DATE
534298251210                                     2.1000   11/08/2021
        BWTI_FXRS.          FedEx Ground

                     ALL TRACKING NUMBERS HAVE BEEN DISPLAYED
                            ENTER '#' TO CONTINUE: *
```

---

148. The payment record simply states that the method of payment and payment information is "CREDIT CARD".

149. In that transaction, Brownells, Inc. permitted Atilio Delgado to purchase one (1) box of V-Crown 9mm 147 grain handgun ammunition, in a 50-count box, with stock number 100-043-095MB, costing $51.99.

150. Brownells, Inc. charged $3.00 for shipping protection for the transaction, under stock number 100-039-213MB, bringing the order total to $54.99.

151. Brownells, Inc. charged sales tax on the items of $3.02, bringing the total to $58.01.

152. Brownells then charged a $10.00 FFL PROCESSING FEE, bringing the total to $68.01.

153. Brownells, Inc. created a customer number of 04921-DELG which was affiliated with this online transaction.

154. An account number was also created as 07254010 affiliated with the name ATILIO DELGADO and the address of 1108 LITTLEFIELD ROAD, BROOKS, MAINE 04921.

155. The Picker for the order was labeled as "800 AUTOMATIC" and the Pricer for the order was labeled as "800 AUTOMATIC".

156. Upon completing the Pricing for the order, Brownells, Inc. changed the $10.00 FFL PROCESSING FEE to an $11.00 charge for FedEx – Ground Shipping, bringing the transaction total to $69.01[2].

157. Brownells, Inc.'s internal systems identified this item as being "* ORM-D *".

158. ORM-D stands for OTHER REDULATED MATERIALS – DOMESTIC.

159. This categorization was a former United States Department of Transportation classification used for shipping hazardous materials that posed a limited hazard during transportation due to their form, quantity, and packaging.

160. This categorization was officially phased out under U.S. regulations as of January 1, 2021 and was replaced by the standard Limited Quantity labeling and handling protocols under 49 CFR 173.63.

161. A specific Limited Quantity Label must be placed on packages containing handgun ammunition according to the Limited Quantities regulations under 49 CFR 172.315.

162. This package required a Limited Quantity Label on the package since it contained handgun ammunition according to the Limited Quantities regulations under 49 CFR 172.315, and had to be packaged in accordance with 49 CFR 173.63.

163. Brownells, Inc.'s shipped the item using 3-5 business day FedEx Ground shipping.

164. The order placement was completed at 4:00 AM on November 8, 2021.

[2] FFL Processing Fee means a fee Brownells, Inc. charges for processing items that are restricted under Federal Firearms Laws, as a licensed FFL Dealer and Distributor. Brownells, Inc. had a specific section in their Pricing Screen records for FFL Processing Fees, which was not populated with any affiliated pricing cost upon processing the transaction. Instead, the charge identified as the FFL Processing Fee on the Invoice was charged as a FedEx – Ground fee of $11.00.

165. The product was marked with a SHIPPING DATE and time of 11/8/2021 at 9:31 AM.

166. The transaction contained a Web Confirmation Number of 66573903.

167. No “SPECIAL ATTENTION REQUIRED” was noted in the comments from Brownells, Inc.’s system records, either internally for Brownells, Inc. employees or for FedEx information, delivery instructions, or for FedEx employees.

168. On the Brownells, Inc. system records, for shipping and tracking, a Tracking Number of 534898251210 was assigned to the package to track through FedEx Ground Shipment.

169. No signature requirement was requested by Brownells, Inc. for FedEx Ground to complete this delivery to Atilio Delgado at the Cluney’s residence.

170. Brownells, Inc. did not use their FFL associated corporate account with FedEx to process this transaction or to ship this product from Grinnell, Iowa to Atilio Delgado in Brooks, Maine.

171. Brownells, Inc. did not use an account with FedEx affiliated with their company name, Brownells, Inc., to ship the package.

172. Brownells, Inc. used a different account than their affiliated corporate accounts to create the shipping and tracking information for the product purchased by Atilio Delgado.

173. Brownells, Inc. labeled the package as shipping from the “Grinnell Distribution Center” at 170 Lang Creek Avenue in Grinnell, Iowa.

174. The box was not marked as coming from Brownells, Inc.

175. The box was not marked as containing handgun ammunition as required for ground shipping of dangerous goods like handgun ammunition.

176. The box did not have a label on it referencing that it was a Limited Quantity dangerous item.

177. This unmarked box, coming from Brownells, Inc., was picked up at the Brownells, Inc. Brownells Parkway facility by FedEx Ground.

178. The package was received by FedEx and placed into their custody for delivery to Atilio Delgado, a minor, despite it containing handgun ammunition and having the shipping from information as the "Grinnell Distribution Center" and the shipping address of 170 Lang Creek Avenue in Grinnell, Iowa.

179. FedEx did not cease or refuse delivery of the package, nor did it question receipt of the package from Brownells, Inc. at its Brownell Parkway location.

180. FedEx shipped the Brownells, Inc. package to Atilio Delgado despite it being shipped using a different account than Brownells, Inc.'s FFL corporate affiliated account, despite it being received from the Brownells, Inc. with a shipping label indicating it was coming from a non-existent building and facility located on Lang Creek Avenue, and despite both Brownells, Inc. and FedEx knowing that this non-existent building and facility at 170 Lang Creek Avenue does not physically exist.

181. On or around November 9, 2021, Atilio Delgado made a purchase from Brownells.com totaling $26.81 with a OneVanilla pre-paid Visa gift card with the 'issued to' name of CARDHOLDER with one of the following numbering sequences:

4941 6050 4911 8615 Exp: 12/28

4941 6050 4622 1578 Exp: 12/28

4941 6050 0295 3743 Exp: 12/28

182. Brownells, Inc. created records from that sales transaction which it has maintained as Order Number, also labeled as an Invoice Number, of 21721093.00.

183. Below is a copy of the records for the purchase of the items in this transaction from Brownells, Inc. from November 8, 2021, obtained directly from Brownells, Inc.:

INVOICE #: 21721093.00
11/08/2021 04:00:00

BROWNELLS, INC.
3006 BROWNELLS PARKWAY
GRINNELL, IOWA 50112
800-741-0015
24 HR. FAX # (641) 623-3896

6pdf 00
(04921-DELG)093.00
web page-S
RET
016W
U6 P6

ACCOUNT #: 07254010

SOLD TO:
ATILIO DELGADO
1108 LITTLEFIELD RD
BROOKS ME 04921

* * * * * P D F * * * * *
* * * * C O P Y * * * *

SHIP VIA: GENERIC - 3-5 GROUND

PAYMENT METHOD: CREDIT CARD

PHONE: 207-323-5015

| STOCK NUMBER | LOCATION | PRODUCT NAME AND DESCRIPTION | QTY ORDERED | QTY SHIPPED | B/O, N OR C | UNIT PRICE | TOTAL PRICE |
|---|---|---|---|---|---|---|---|
| 100-027-922MB | GRN | KCI GLOCK 9MM 17RD MAGAZINE | 1 | | | 14.99 | 14.99 |

Please Note: TRANSFER OF THESE PRODUCTS TO ANY INDIVIDUAL OR ENTITY OR LOCATION (WHETHER IN YOUR CITY, STATE, OR OUTSIDE THE UNITED STATES) MAY BE SUBJECT TO RESTRICTIONS AND/OR LICENSING REQUIREMENTS.
---- ---------------------------------------- *** ORDER ON THE WEB AT www.brownells.com *** -------------

INVOICE #: 21721093.00 ORDER TOTAL: 14.99

THE FOLLOWING COMMENTS FIELD FOR BROWNELLS USE ONLY

*******************************************************
* WEB CONFIRMATION NUMBER: 66578892 *
*******************************************************

SALES TAX: 0.82

----------
GRAND TOTAL: 15.81

rhprod.brownell.local - PuTTY

```
BROWNELLS, INC        PRINTED: 11/08/2021-05:00:00        PROGRAM:  DLR-015
  CUSTOMER NUMBER: 04921-DELG 07254010 ATILIO DELGADO                RETAIL
  ORDER NUMBER: 21721093.00  DATE: 11/08/2021 TIME: 04:00:00 TAKEN BY: web page
         SHOP ADDRESS  ORDER STATUS: PEND SHIP     PREVIOUS PAYMENT TYPES
 1. SHOP:
 2. NAME: ATILIO DELGADO                       8. PAYMENT METHOD:  CREDIT CARD
 3. STRT: 1108 LITTLEFIELD RD
 4. BOX#:
 5. C/S/Z:BROOKS, ME 04921

 6. SOURCE CODE: 016W                        12. P.O. NUMBER:
 7. SHIPMENT METHOD:  GENERIC - GROUND       13. SHIP COMPLETE  (Y OR N):  N

                                             14. HOLD: N RSN:

                                             16. GSA  (Y OR N):  N
                                                          RATED:



                                                          DATA CORRECT:  ***
                                                          COM
```

rhprod.brownell.local - PuTTY

```
BROWNELLS, INC        PRINTED: 11/08/2021-05:00:00        PROGRAM:  DLR-015
  CUSTOMER NUMBER: 04921-DELG 07254010 ATILIO DELGADO                RETAIL
  ORDER NUMBER: 21721093.00  DATE: 11/08/2021 TIME: 04:00:00 TAKEN BY: web page
        STOCK     DESCRIPTION         PACKAGE            COUPON  UNIT   EXTENDED
        NUMBER     LOCATION    STATUS DESC  QTY        QTY  Y/N   PRICE    PRICE
 1. 100-027-922MB  KCI GLOCK 9MM 17RD MAGAZINE
TN                 GRN                                   1        14.99    14.99
          ALLOCATED:    1                B/O:     0   CANCEL:     0
 2.


 3.


 4.


 5.


 6. ADD A BUCK: NO       TAX:      0.82   SHIPPING:  11.00    TOTAL:      26.81
                                                        DATA CORRECT:  ***
                                                        COM
```



```
rhprod.brownell.local - PuTTY
BROWNELLS, INC          PRINTED: 11/08/2021-05:00:00        PROGRAM:  DLR-015
  CUSTOMER NUMBER: 04921-DELG 07254010 ATILIO DELGADO                  RETAIL
  ORDER NUMBER: 21721093.00  DATE: 11/08/2021 TIME: 04:00:00 TAKEN BY: web page
****************************** P R I C I N G*******************************044
9   PICKER #:  800 AUTOMATIC                PRICER #:  800 AUTOMATIC
    SHIPPING DATE: 11/09/2021 07:42:39  PICKING DATE: 11/09/2021 07:42:39
             ORDER TOTAL:      14.99       TOTAL NUMBER OF BOXES USED:     1
               SALES TAX:       0.82
    INSURANCE           :       0.00       ******  PRICING  NOTES  ******
    GENERIC - GROUND    :      11.00
    CANADA DOCUMENT FEE :       0.00
    EXPORT FEE          :       0.00
    SED FEE             :       0.00           CASH RECEIVED ON ORDER:      0.00
    COD FEE             :       0.00       AMT APPLIED TO CREDIT CARD:     26.81
    FFL PROCESSING FEE  :       0.00       AMT APPLIED TO OPEN ACCT. :      0.00
    EXPORT DOCUMENT FEE :       0.00       AMT SENT OUT ON CREDOVA   :      0.00
    HAZARDOUS MAT. FEE  :       0.00       AMT SENT OUT BALANCE DUE  :      0.00
                        :       0.00       APPLIED TO MEMO BILLING   :      0.00
          NRA 'ROUND-UP':       0.00                  TOTAL RECEIVED :     26.81
               TOTAL DUE:      26.81
                            TOTAL DUE CUSTOMER:       0.00
                              NO REFUND CHECK GENERATED
                              ENTER '#' TO CONTINUE:  *
```



```
rhprod.brownell.local - PuTTY
BROWNELLS, INC          PRINTED: 11/08/2021-05:00:00        PROGRAM:  DLR-015
  CUSTOMER NUMBER: 04921-DELG 07254010 ATILIO DELGADO                  RETAIL
  ORDER NUMBER: 21721093.00  DATE: 11/08/2021 TIME: 04:00:00 TAKEN BY: web page
UPS01
*****************************  T R A C K I N G  ******************************
  TRACKING NUMBER                                 WEIGHT    DATE
534298265617                                      0.2000  11/09/2021
        BWTI_FXRS.          FedEx Ground

                     ALL TRACKING NUMBERS HAVE BEEN DISPLAYED
                            ENTER '#' TO CONTINUE:  *
```



```
rhprod.brownell.local - PuTTY
BROWNELLS, INC          PRINTED: 11/08/2021-05:00:00          PROGRAM:  DLR-015
  CUSTOMER NUMBER: 04921-DELG 07254010 ATILIO DELGADO                    RETAIL
  ORDER NUMBER: 21721093.00  DATE: 11/08/2021 TIME: 04:00:00 TAKEN BY: web page

 *****************  C O M M E N T S  *****************
 1. WEB CONFIRMATION NUMBER:   66578892
 2.
 3.
 4.
 5.
 6. MERCHANDISE HELD AT SORTERS DESK  (Y OR N):  N
 7.                     PRICERS DESK  (Y OR N):  N
 8.                     FREIGHT DESK  (Y OR N):  N
 9. RETURN PAPERWORK TO  (B, C, O, M):
10. SPECIAL ATTENTION REQUIRED  (N, P OR T):  N
      (N=NO, P=PICKING SUPERVISOR, T=TECH)
11. CATALOG MUST BE SENT WITH ORDER - NOT SEPARATELY  (Y OR N):  N
12. DO NOT ALLOCATE UNTIL:
13. SEND E-MAIL CONFIRMATION  (Y OR N):  Y

                                                  DATA CORRECT:  ***
```

184. In that transaction, Brownells, Inc. permitted Atilio Delgado to purchase one (1) KCI Glock 9mm 17 Round Magazine for a 9mm Handgun, with stock number 100-027-922MB, costing $14.99.

185. Brownells, Inc. charged sales tax on the items of $0.82, bringing the total to $15.81.

186. Brownells, Inc. used the same customer number of 04921-DELG as the last purchase, and which was affiliated with this online transaction.

187. The account number was again 07254010, the same account number as the prior transaction affiliated with the name ATILIO DELGADO and the address of 1108 LITTLEFIELD ROAD, BROOKS, MAINE 04921.

188. The Picker for the order was labeled as "800 AUTOMATIC" and the Pricer for the order was labeled as "800 AUTOMATIC".

189. Upon completing the Pricing for the order, Brownells, Inc. charged $11.00 for GENERIC – GROUND shipping, bringing the transaction total to $26.81.

190. The order placement was completed at 4:00 AM on November 9, 2021.

191. The product was marked with a SHIPPING DATE and time of 11/9/2021 at 7:42 AM.

192. The transaction contained a Web Confirmation Number of 66578892.

193. No "SPECIAL ATTENTION REQUIRED" was noted in the comments from Brownells, Inc.'s system records, either internally for Brownells, Inc. employees or for FedEx information, delivery instructions, or for FedEx employees.

194. On the Brownells, Inc. system records, for shipping and tracking, a Tracking Number of 534298265617 was assigned to the package to track through FedEx Ground Shipment.

195. No signature requirement was requested by Brownells, Inc. for FedEx Ground to complete this delivery to Atilio Delgado at the Cluney's residence.

196. Brownells, Inc. did not use their FFL associated corporate account with FedEx to process this transaction or to ship this product from Grinnell, Iowa to Atilio Delgado in Brooks, Maine.

197. Brownells, Inc. did not use an account with FedEx affiliated with their company name, Brownells, Inc., to ship the package.

198. Brownells, Inc. used a different account than their affiliated corporate accounts to create the shipping and tracking information for the product purchased by Atilio Delgado.

199. Brownells, Inc. labeled the package as shipping from the "Grinnell Distribution Center" at 170 Lang Creek Avenue in Grinnell, Iowa.

200. The box was not marked as coming from Brownells, Inc.

201. The box was not marked as containing handgun parts.

202. This unmarked box, coming from Brownells, Inc., was picked up at the Brownells, Inc. Brownells Parkway facility by FedEx Ground.

203. The package was received by FedEx and placed into their custody for delivery

to Atilio Delgado, a minor, despite it containing handgun ammunition and having the shipping from information as the "Grinnell Distribution Center" and the shipping address of 170 Lang Creek Avenue in Grinnell, Iowa.

204. FedEx did not cease or refuse delivery of the package, nor did it question receipt of the package from Brownells, Inc. at its Brownell Parkway location.

205. FedEx shipped the Brownells, Inc. package to Atilio Delgado despite it being shipped using a different account than Brownells, Inc.'s FFL corporate affiliated account, despite it being received from the Brownells, Inc. with a shipping label indicating it was coming from a non-existent building and facility located on Lang Creek Avenue, and despite both Brownells, Inc. and FedEx knowing that this non-existent building and facility at 170 Lang Creek Avenue does not physically exist.

206. On or around December 15, 2021, Atilio Delgado made a purchase from Brownells.com totaling $52.12 with a OneVanilla pre-paid Visa gift card with the 'issued to' name of CARDHOLDER with one of the following numbering sequences:

4941 6050 4911 8615 Exp: 12/28

4941 6050 4622 1578 Exp: 12/28

4941 6050 0295 3743 Exp: 12/28

207. Brownells, Inc. created records from that sales transaction which it has maintained as Order Number, also labeled as an Invoice Number, of 21891536.00.

208. Below is a copy of the records for the purchase of the items in this transaction from Brownells, Inc. from November 8, 2021, obtained directly from Brownells, Inc.:

INVOICE #: 21891536.00
12/15/2021 20:39:05

BROWNELLS, INC.
3006 BROWNELLS PARKWAY
GRINNELL, IOWA 50112
800-741-0015
24 HR. FAX # (641) 623-3896

6pdf 00
(04921-DELG)536.00
web page-S
RET
016W
U6 P6

ACCOUNT #: 07254010

SOLD TO:
ATILIO DELGADO
1108 LITTLEFIELD RD
BROOKS ME 04921

* * * * * P D F * * * * *
* * * * C O P Y * * * *

SHIP VIA: FEDEX - GROUND

PAYMENT METHOD: CREDIT CARD

SHIP TO:
ATILIO SANCHEZ
1108 LITTLEFIELD RD
BROOKS ME 04921

PHONE: 207-323-5015

| STOCK NUMBER | LOCATION | PRODUCT NAME AND DESCRIPTION | QTY ORDERED | QTY SHIPPED | B/O, N OR C | UNIT PRICE | TOTAL PRICE |
|---|---|---|---|---|---|---|---|
| 100-027-923MB | GRN | KCI GLOCK 9MM 33RD MAGAZINE | 1 | | | 14.99 | 14.99 |
| 105-201-571MB | GRMZ | MAGTECH AMMO 9MM LUGER 115GR.<br>*** ORM-D ITEM *** | 1 | | | 23.99 | 23.99 |

Please Note: TRANSFER OF THESE PRODUCTS TO ANY INDIVIDUAL OR ENTITY OR LOCATION (WHETHER IN YOUR CITY, STATE, OR OUTSIDE THE UNITED STATES) MAY BE SUBJECT TO RESTRICTIONS AND/OR LICENSING REQUIREMENTS.

---- --------------------------------------- *** ORDER ON THE WEB AT www.brownells.com *** -------------

INVOICE #: 21891536.00 ORDER TOTAL: 38.98

THE FOLLOWING COMMENTS FIELD FOR BROWNELLS USE ONLY

*******************************************************
* WEB CONFIRMATION NUMBER: 66733628 *
*******************************************************

SALES TAX: 2.14

GRAND TOTAL: 41.12

```
rhprod.brownell.local - PuTTY
BROWNELLS, INC          PRINTED: 12/15/2021-20:39:08          PROGRAM:  DLR-015
  CUSTOMER NUMBER: 04921-DELG 07254010 ATILIO DELGADO                   RETAIL
  ORDER NUMBER: 21891536.00  DATE: 12/15/2021 TIME: 20:39:05 TAKEN BY: web page
        OTHER ADDRESS  ORDER STATUS: PEND SHIP     PREVIOUS PAYMENT TYPES
 1. SHOP:
 2. NAME: ATILIO SANCHEZ                   8. PAYMENT METHOD:  CREDIT CARD
 3. STRT: 1108 LITTLEFIELD RD
 4. BOX#:
 5. C/S/Z:BROOKS, ME 04921

 6. SOURCE CODE: 016W                     12. P.O. NUMBER:
 7. SHIPMENT METHOD:  3-5 BD FEDEX GRND   13. SHIP COMPLETE  (Y OR N):  N

                                          14. HOLD: N RSN:

                                          16. GSA (Y OR N):  N
                                                      RATED:



                                                        DATA CORRECT:  ***
                                                        COM
```

```
rhprod.brownell.local - PuTTY
BROWNELLS, INC          PRINTED: 12/15/2021-20:39:08          PROGRAM:  DLR-015
  CUSTOMER NUMBER: 04921-DELG 07254010 ATILIO DELGADO                   RETAIL
  ORDER NUMBER: 21891536.00  DATE: 12/15/2021 TIME: 20:39:05 TAKEN BY: web page
      STOCK     DESCRIPTION       PACKAGE            COUPON  UNIT     EXTENDED
      NUMBER     LOCATION    STATUS DESC  QTY        QTY  Y/N   PRICE      PRICE
 1. 100-027-923MB  KCI GLOCK 9MM 33RD MAGAZINE
TN                 GRN                                 1       14.99      14.99
        ALLOCATED:    1                B/O:     0   CANCEL:    0
 2. 105-201-571MB  MAGTECH AMMO 9MM LUGER 115GR.
TN                 GRN              * ORM-D *          1       23.99      23.99
        ALLOCATED:    1                B/O:     0   CANCEL:    0
 3.


 4.


 5.


 6. ADD A BUCK: NO        TAX:      2.14    SHIPPING:  11.00    TOTAL:      52.12
                                                        DATA CORRECT:  ***
                                                        COM
```

rhprod.brownell.local - PuTTY

```
BROWNELLS, INC          PRINTED: 12/15/2021-20:39:08          PROGRAM:  DLR-015
  CUSTOMER NUMBER: 04921-DELG 07254010 ATILIO DELGADO                    RETAIL
  ORDER NUMBER: 21891536.00  DATE: 12/15/2021 TIME: 20:39:05 TAKEN BY: web page
****************************** P R I C I N G*******************************044
9   PICKER #:  800 AUTOMATIC                 PRICER #:  800 AUTOMATIC
    SHIPPING DATE: 12/17/2021 10:39:11  PICKING DATE: 12/17/2021 10:39:11
             ORDER TOTAL:      38.98       TOTAL NUMBER OF BOXES USED:     1
               SALES TAX:       2.14
    INSURANCE             :     0.00       ******  PRICING  NOTES  ******
    FEDEX - GROUND        :    11.00
    CANADA DOCUMENT FEE   :     0.00
    EXPORT FEE            :     0.00
    SED FEE               :     0.00           CASH RECEIVED ON ORDER:      0.00
    COD FEE               :     0.00       AMT APPLIED TO CREDIT CARD:     52.12
    FFL PROCESSING FEE    :     0.00       AMT APPLIED TO OPEN ACCT. :      0.00
    EXPORT DOCUMENT FEE   :     0.00       AMT SENT OUT ON CREDOVA   :      0.00
    HAZARDOUS MAT. FEE    :     0.00       AMT SENT OUT BALANCE DUE  :      0.00
                          :     0.00       APPLIED TO MEMO BILLING   :      0.00
          NRA 'ROUND-UP':       0.00                  TOTAL RECEIVED :     52.12
              TOTAL DUE:       52.12
                             TOTAL DUE CUSTOMER:       0.00
                               NO REFUND CHECK GENERATED
                               ENTER '#' TO CONTINUE:  *
```

rhprod.brownell.local - PuTTY

```
BROWNELLS, INC          PRINTED: 12/15/2021-20:39:08          PROGRAM:  DLR-015
  CUSTOMER NUMBER: 04921-DELG 07254010 ATILIO DELGADO                    RETAIL
  ORDER NUMBER: 21891536.00  DATE: 12/15/2021 TIME: 20:39:05 TAKEN BY: web page

 *****************  C O M M E N T S  *****************
 1. WEB CONFIRMATION NUMBER:  66733628
 2.
 3.
 4.
 5.
 6. MERCHANDISE HELD AT SORTERS DESK  (Y OR N):  N
 7.                     PRICERS DESK  (Y OR N):  N
 8.                     FREIGHT DESK  (Y OR N):  N
 9. RETURN PAPERWORK TO  (B, C, O, M):
10. SPECIAL ATTENTION REQUIRED  (N, P OR T):  N
      (N=NO, P=PICKING SUPERVISOR, T=TECH)
11. CATALOG MUST BE SENT WITH ORDER - NOT SEPARATELY  (Y OR N):  N
12. DO NOT ALLOCATE UNTIL:
13. SEND E-MAIL CONFIRMATION  (Y OR N):  Y


                                                      DATA CORRECT:  ***
```




---

209. The payment record simply states that the method of payment and payment information is "CREDIT CARD".

210. In that transaction, Brownells, Inc. permitted Atilio Delgado to purchase one (1) box of MAGTECH 9mm Luger 115 grain handgun ammunition, with stock number 105-201-571MB, costing $23.99.

211. Brownells, Inc. also permitted Atilio Delgado to purchase one (1) KCI Glock 9mm 33 rounds magazine for a Glock Handgun, under stock number 100-027-923MB, costing $14.99, bringing the order total to $38.98.

212. This ammunition was also categorized by Brownells, Inc.'s internal systems as being an "* ORM-D*" item.

213. Brownells, Inc. charged sales tax on the items of $2.14, bringing the total to $41.12.

214. Brownells did not document that it charged a $10.00 FFL PROCESSING FEE with this transaction as it did on the first invoice of the first transaction Atilio Delgado made.

215. Brownells, Inc. used the same customer number of 04921-DELG which was affiliated with this online transaction, as with the prior two (2) transactions.

216. The same account number was also used, 07254010, again affiliated with the name ATILIO DELGADO and the address of 1108 LITTLEFIELD ROAD, BROOKS, MAINE 04921.

217. This time, the SHIP TO name for the order was changed to ATILIO SANCHEZ, but the address and customer information all remained the same.

218. The Picker for the order was labeled as "800 AUTOMATIC" and the Pricer for the order was labeled as "800 AUTOMATIC".

219. Brownells, Inc. charged the an $11.00 shipping fee for FedEx – Ground Shipping, bringing the transaction total to $52.12.

220. This package required a Limited Quantity Label on the package since it contained handgun ammunition according to the Limited Quantities regulations under 49 CFR 172.315, and had to be packaged in accordance with 49 CFR 173.63.

221. Brownells, Inc.'s shipped the item using 3-5 business day FedEx Ground shipping.

222. The order placement was completed at 8:39 PM on December 15, 2021.

223. The product was marked with a SHIPPING DATE and time of December 17, 2021 at 10:39 AM.

224. The transaction contained a Web Confirmation Number of 66733628.

225. No "SPECIAL ATTENTION REQUIRED" was noted in the comments from Brownells, Inc.'s system records, either internally for Brownells, Inc. employees or for FedEx information, delivery instructions, or for FedEx employees.

226. On the Brownells, Inc. system records, for shipping and tracking, a Tracking Number of 555693745307 was assigned to the package to track through FedEx Ground Shipment.

227. No signature requirement was requested by Brownells, Inc. for FedEx Ground to complete this delivery to Atilio Delgado at the Cluney's residence.

228. Brownells, Inc. did not use their FFL associated corporate account with FedEx to process this transaction or to ship this product from Grinnell, Iowa to Atilio Delgado in Brooks, Maine.

229. Brownells, Inc. did not use an account with FedEx affiliated with their company name, Brownells, Inc., to ship the package.

230. Brownells, Inc. used a different account than their affiliated corporate accounts to create the shipping and tracking information for the product purchased by Atilio Delgado.

231. Brownells, Inc. labeled the package as shipping from the "Grinnell Distribution Center" at 170 Lang Creek Avenue in Grinnell, Iowa.

232. The box was not marked as coming from Brownells, Inc.

233. The box was not marked as containing handgun ammunition as required for ground shipping of dangerous goods like handgun ammunition.

234. The box did not have a label on it referencing that it was a Limited Quantity dangerous item.

235. This unmarked box, coming from Brownells, Inc., was picked up at the Brownells, Inc. Brownells Parkway facility by FedEx Ground.

236. The package was received by FedEx and placed into their custody for delivery to Atilio Delgado, a minor, despite it containing handgun ammunition and having the shipping from information as the "Grinnell Distribution Center" and the shipping address of 170 Lang Creek Avenue in Grinnell, Iowa.

237. FedEx did not cease or refuse delivery of the package, nor did it question receipt of the package from Brownells, Inc. at its Brownell Parkway location.

238. FedEx shipped the Brownells, Inc. package to Atilio Delgado despite it being shipped using a different account than Brownells, Inc.'s FFL corporate affiliated account, despite it being received from Brownells, Inc. with a shipping label indicating it was coming from a non-existent building and facility located on Lang Creek Avenue, and despite both Brownells, Inc. and FedEx knowing that this non-existent building and facility at 170 Lang

Creek Avenue does not physically exist.

239. From the combination of these four (4) transactions from Brownells, Inc. and MDX Corp., Atilio Delgado purchased all the necessary components to build a handgun and to load it with handgun ammunition.

240. In May of 2022, Mrs. Cluney learned from her children that Atilio Delgado had purchased a handgun online and that he had the handgun in his possession in their home.

241. Mrs. Cluney informed Mr. Cluney of this and the Cluneys arranged to speak to Atilio Delgado about this.

242. Atilio Delgado was not over 21 years of age when he purchased and received the handgun frame.

243. Atilio Delgado was not over 21 years of age when he purchased and received the handgun parts.

244. Atilio Delgado was not over 21 years of age when he purchased and received the handgun ammunition, what at that time was still unknown to Mr. and Mrs. Cluney.

245. Mr. and Mrs. Cluney were the only persons in the home who were over the age of 21 and lawfully able to possess a handgun or handgun ammunition.

246. The Cluney's did not take possession of any shipment packages that they knew contained or reasonably would have known contained a handgun frame, handgun parts, or handgun ammunition.

247. Mrs. Cluney learned that the gun was ordered online and delivered to their home by FedEx as Atilio Delgado had told this to the Cluney's children.

248. Mr. Cluney spoke to Atilio Delgado and informed him that the Cluney's were not comfortable with him having the gun in the house, and requested that the gun be kept in the Cluney's gun cabinet or to have Atilio Delgado remove it from the home.

249. Atilio Delgado refused to give Mr. Cluney possession of the gun.

250. The Cluney's believed Atilio Delgado kept the gun on his person at all times, as they were told by their children, and that he would bring it to work with him.

251. The Cluney's searched Atilio Delgado's room multiple times while he was out of the home searching for the handgun and would search through his belongings for the handgun and when Atilio Delgado was not in the home, but were unable to find it.

252. On the morning of May 6, 2022, the Cluney's daughter and Mr. Cluney got in an argument about her being late for school.

253. Their daughter went out of the house and Mr. Cluney followed her.

254. Atilio Delgado came from the driveway, took out the handgun and shot Mr. Cluney with it six (6) times.

255. Mrs. Cluney heard the shots and saw Atilio Delgado with the gun pointed at Mr. Cluney, who was at that time on the ground bleeding to death.

256. Mrs. Cluney ran to Mr. Cluney to attempt to put pressure on his wounds, as he was still alive.

257. Atilio Delgado ran from the scene into the woods.

258. Mrs. Cluney remained with Mr. Cluney for a number of minutes and attempted to keep Mr. Cluney alive until the ambulance arrived.

259. Mr. Cluney died at their home that he had built with his own two hands after struggling for his life for number of minutes, before the ambulance arrived.

260. Atilio Delgado was taken into custody and is currently being tried as an adult for the intentional and knowing murder of James Cluney.

## COUNT I
## NEGLIGENCE OF BROWNELLS, INC.

261. Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

262. Defendant Brownells, Inc., owed Decedent and Mrs. Cluney a duty as a distributor of both handguns, handgun frames, and ammunition for handguns to ensure that it was compliant with Federal law and not place either handguns, handgun frames, or handgun ammunition into the hands of a minor who was precluded by law from possessing those items.

263. Defendant Brownells, Inc. owed Decedent and Mrs. Cluney a duty as a retail supplier of handguns, handgun frames, and ammunition to verify the transactions that they complete with a consumer is a permissible, lawful transaction and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frames, or handgun ammunition in violation of Federal or State law.

264. Defendant Brownells, Inc. did not verify that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of handgun parts or handgun ammunition.

265. Defendant Brownells, Inc. did in fact sell to Atilio Delgado handgun parts and handgun ammunition as defined by Federal and State law.

266. Defendant Brownells, Inc. did take money from Visa gift cards in exchange for this transfer of ownership of handgun parts and handgun ammunition from Brownells, Inc. to Atilio Delgado.

267. Defendant Brownells, Inc. did cause, through shipping the handgun parts and handgun ammunition Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor, without verifying his eligibility to legally possess those items.

268. But for the actions of Brownells, Inc., Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and handgun ammunition.

269. But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

270. Defendant Brownells, Inc. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and handgun ammunition in violation of Federal and State laws when it shipped three (3) shipments to Atilio Delgado that contained any combination of handgun parts or handgun ammunition.

271. Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor handgun parts and handgun ammunition.

272. Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to purchase the products he purchased from the Brownells.com website, which were ultimately purchased, transferred, and furnished in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of his purchase, as required by Federal law and as required of an FFL.

273. Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of handgun parts and handgun ammunition was lawful upon delivery due to the lack of appropriate instructions, packaging marking, shipping requirements, FFL transfer requirements, and/or direction to the shipping carrier service used to transfer the package from Brownells, Inc.'s possession to Atilio Delgado, to ensure the transfer of ownership from Brownells, Inc. to Atilio Delgado was lawful and completed only if compliant with Federal law.

274. This breach of duty by Brownells, Inc. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts, and handgun ammunition so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

275. As a direct and proximate cause of Defendant Brownells, Inc.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney.

276. As a direct and proximate cause of Defendant Brownells, Inc.'s negligent, careless, and/or reckless conduct, Decedent experienced physical and emotional injuries, pre-incident fear and terror, fear of imminent and impending death, loss of enjoyment of life, lost opportunities, conscious pain and suffering, and other economic and non-economic damages.

277. Upon hearing the shot, Mrs. Cluney experienced immediate terror and fear.

278. Upon seeing her husband shot, Mrs. Cluney experienced immense emotional distress and fear for the safety of herself, her children, and her injured husband.

279. After getting to her husband, Mrs. Cluney experienced unimaginable emotional distress as a result of holding her husband as he died in her arms.

280. As a direct and proximate cause of Defendant Brownells, Inc.'s negligent, careless, and/or reckless conduct, Mrs. Cluney experienced imminent fear of bodily injury, post-incident terror, pain and suffering, hedonic damages relating to the lost value of Mr. Cluney's contributions to the household as a father, provider, and husband, and other non-economic and economic damages.

**WHEREFORE** Plaintiff seeks judgement against the Defendant Brownells, Inc. for Count I and all damages that may be given by a Jury to the Plaintiff under the law.

## COUNT II

## NEGLIGENCE OF BROWNELLS, INC. – WRONGFUL DEATH

281. Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

282. Defendant Brownells, Inc., owed Decedent and Mrs. Cluney a duty as a distributor of both handguns, handgun frames, and ammunition for handguns to ensure that it was compliant with Federal law and not place either handguns, handgun frames, or handgun ammunition into the hands of a minor who was precluded by law from possessing those items.

283. Defendant Brownells, Inc. owed Decedent and Mrs. Cluney a duty as a retail supplier of handguns, handgun frames, and ammunition to verify the transactions that they complete with a consumer is a permissible, lawful transaction and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frames, or handgun ammunition in violation of Federal or State law.

284. Defendant Brownells, Inc. did not verify that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of handgun parts or handgun ammunition.

285. Defendant Brownells, Inc. did in fact sell to Atilio Delgado handgun parts and handgun ammunition as defined by Federal and State law.

286. Defendant Brownells, Inc. did take money from Visa gift cards in exchange for this transfer of ownership of handgun parts and handgun ammunition from Brownells, Inc. to Atilio Delgado.

287. Defendant Brownells, Inc. did cause, through shipping the handgun parts and handgun ammunition Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor, without verifying his eligibility to legally possess those items.

288. But for the actions of Brownells, Inc., Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and handgun ammunition.

289. But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

290. Defendant Brownells, Inc. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and handgun ammunition in violation of Federal and State laws when it shipped three (3) shipments to Atilio Delgado that contained any combination of handgun parts or handgun ammunition.

291. Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor handgun parts and handgun ammunition.

292. Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to purchase the products he purchased from the Brownells.com website, which were ultimately purchased, transferred, and furnished in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of his purchase, as required by Federal law and as required of an FFL.

293. Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of handgun parts and handgun ammunition was lawful upon delivery due to the lack of appropriate instructions, packaging marking, shipping requirements, FFL transfer requirements, and/or direction to the shipping carrier service used to transfer the package from Brownells, Inc.'s possession to Atilio Delgado,

to ensure the transfer of ownership from Brownells, Inc. to Atilio Delgado was lawful and completed only if compliant with Federal law.

294. This breach of duty by Brownells, Inc. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts, and handgun ammunition so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

295. As a direct and proximate cause of Defendant Brownells, Inc.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney, killing him.

296. As a direct and proximate cause of Defendant Brownells, Inc.'s negligent, careless, and/or reckless conduct, Decedent experienced his untimely and wrongful death.

**WHEREFORE** Plaintiff seeks judgement against the Defendant Brownells, Inc. for Count II and all damages that may be given by a Jury for Wrongful Death to the Plaintiff under the law.

**COUNT III**

**NEGLIGENCE AGAINST BROWNELLS, INC. – WRONGFUL DEATH - CONSCIOUS PAIN AND SUFFERING**

297. Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

298. Defendant Brownells, Inc., owed Decedent and Mrs. Cluney a duty as a distributor of both handguns, handgun frames, and ammunition for handguns to ensure that it was compliant with Federal law and not place either handguns, handgun frames, or handgun ammunition into the hands of a minor who was precluded by law from possessing those items.

299. Defendant Brownells, Inc. owed Decedent and Mrs. Cluney a duty as a retail supplier of handguns, handgun frames, and ammunition to verify the transactions that they complete with a consumer is a permissible, lawful transaction and lawful transfer of the product

within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frames, or handgun ammunition in violation of Federal or State law.

300. Defendant Brownells, Inc. did not verify that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of handgun parts or handgun ammunition.

301. Defendant Brownells, Inc. did in fact sell to Atilio Delgado handgun parts and handgun ammunition as defined by Federal and State law.

302. Defendant Brownells, Inc. did take money from Visa gift cards in exchange for this transfer of ownership of handgun parts and handgun ammunition from Brownells, Inc. to Atilio Delgado.

303. Defendant Brownells, Inc. did cause, through shipping the handgun parts and handgun ammunition Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor, without verifying his eligibility to legally possess those items.

304. But for the actions of Brownells, Inc., Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and handgun ammunition.

305. But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

306. Defendant Brownells, Inc. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and handgun ammunition in violation of Federal and State laws when it shipped three (3) shipments to Atilio Delgado that contained any combination of handgun parts or handgun ammunition.

307. Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor handgun parts and handgun ammunition.

308. Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to purchase the products he purchased from the Brownells.com website, which were ultimately

purchased, transferred, and furnished in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of his purchase, as required by Federal law and as required of an FFL.

309. Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of handgun parts and handgun ammunition was lawful upon delivery due to the lack of appropriate instructions, packaging marking, shipping requirements, FFL transfer requirements, and/or direction to the shipping carrier service used to transfer the package from Brownells, Inc.'s possession to Atilio Delgado, to ensure the transfer of ownership from Brownells, Inc. to Atilio Delgado was lawful and completed only if compliant with Federal law.

310. This breach of duty by Brownells, Inc. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts, and handgun ammunition so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

311. As a direct and proximate cause of Defendant Brownells, Inc.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney.

312. As a direct and proximate cause of Defendant Brownells, Inc.'s negligent, careless, and/or reckless conduct, Decedent experienced physical and emotional injuries, pre-incident fear and terror, fear of imminent and impending death, loss of enjoyment of life, lost opportunities, conscious pain and suffering, and other economic and non-economic damages.

313. Upon the weapon being brandished by Atilio Delgado, Decedent James Cluney experienced terror and fear of imminent serious bodily injury, and the terror and fear of imminent death in the moments prior to being shot.

314. Upon being shot, Decedent James Cluney experienced indescribable pain and suffering as the bullet fired from the handgun pierced his flesh and organs.

315. Upon being shot, Decedent James Cluney suffered conscious pain and suffering,

and the fear of losing his life and his family prior to dying.

316. After being shot, Decedent James Cluney experienced conscious pain and suffering from the gunshot wound as he lay on his own property until he died.

317. The emotional distress, conscious pain and suffering, and fear of imminent death suffered by the Decedent James Cluney was severe and no reasonable person could be expected to endure it.

318. As a direct and proximate cause of Defendant Brownells, Inc.'s negligent, careless, and/or reckless conduct, Decedent James Cluney experienced significant conscious pain and suffering and conscious terror and fear of imminent serious bodily injury and death until his untimely and wrongful death.

**WHEREFORE** Plaintiff seeks judgement against the Defendant Brownells, Inc. for Count III and all damages that may be given by a Jury to the Plaintiff under the law.

## COUNT IV

## NEGLIGENCE AGAINST BROWNELLS, INC. – LOSS OF CONSORTIUM

319. Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

320. Defendant Brownells, Inc., owed Decedent and Mrs. Cluney a duty as a distributor of both handguns, handgun frames, and ammunition for handguns to ensure that it was compliant with Federal law and not place either handguns, handgun frames, or handgun ammunition into the hands of a minor who was precluded by law from possessing those items.

321. Defendant Brownells, Inc. owed Decedent and Mrs. Cluney a duty as a retail supplier of handguns, handgun frames, and ammunition to verify the transactions that they complete with a consumer is a permissible, lawful transaction and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frames, or handgun ammunition in violation of Federal or State law.

322. Defendant Brownells, Inc. did not verify that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of handgun

parts or handgun ammunition.

323. Defendant Brownells, Inc. did in fact sell to Atilio Delgado handgun parts and handgun ammunition as defined by Federal and State law.

324. Defendant Brownells, Inc. did take money from Visa gift cards in exchange for this transfer of ownership of handgun parts and handgun ammunition from Brownells, Inc. to Atilio Delgado.

325. Defendant Brownells, Inc. did cause, through shipping the handgun parts and handgun ammunition Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor, without verifying his eligibility to legally possess those items.

326. But for the actions of Brownells, Inc., Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and handgun ammunition.

327. But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

328. Defendant Brownells, Inc. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and handgun ammunition in violation of Federal and State laws when it shipped three (3) shipments to Atilio Delgado that contained any combination of handgun parts or handgun ammunition.

329. Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor handgun parts and handgun ammunition.

330. Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to purchase the products he purchased from the Brownells.com website, which were ultimately purchased, transferred, and furnished in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of his purchase, as required by Federal law and as required of an FFL.

331. Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of handgun parts and handgun

ammunition was lawful upon delivery due to the lack of appropriate instructions, packaging marking, shipping requirements, FFL transfer requirements, and/or direction to the shipping carrier service used to transfer the package from Brownells, Inc.'s possession to Atilio Delgado, to ensure the transfer of ownership from Brownells, Inc. to Atilio Delgado was lawful and completed only if compliant with Federal law.

332. This breach of duty by Brownells, Inc. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts, and handgun ammunition so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

333. As a direct and proximate cause of Defendant Brownells, Inc.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney, killing him.

334. As a direct and proximate cause of Defendant Brownells, Inc.'s negligent, careless, and/or reckless conduct, Mrs. Cluney experienced the death of her husband and the deprivation of his companionship, loss of his portion of household duties, loss of caregiving for Mrs. Cluney and their two (2) children, and the permanent loss of his sexual intimacy.

**WHEREFORE** Plaintiff seeks judgement against the Defendant Brownells, Inc. for Count IV and all damages that may be given by a Jury to the Plaintiff under the law.

## COUNT V

## PUNITIVE DAMAGES AGAINST BROWNELLS, INC.

335. Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

336. Defendant Brownells, Inc., owed Decedent and Mrs. Cluney, as well as ato the general public, a duty as a distributor of both handguns, handgun frames, and ammunition for handguns to ensure that it was compliant with Federal law and not place either handguns, handgun frames, or handgun ammunition into the hands of a minor who was precluded by law from possessing those items.

337. Defendant Brownells, Inc. owed Decedent and Mrs. Cluney, as well as the general public, a duty as a retail supplier of handguns, handgun frames, and ammunition to verify the transactions that they complete with a consumer is a permissible, lawful transaction and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frames, or handgun ammunition in violation of Federal or State law.

338. Defendant Brownells, Inc. did not verify that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of handgun parts or handgun ammunition, as it had failed to do so for others who had purchased handgun ammunition from its online retail store prior to this incident.

339. Defendant Brownells, Inc. did in fact sell to Atilio Delgado handgun parts and handgun ammunition as defined by Federal and State law.

340. Defendant Brownells, Inc. did take money from Visa gift cards in exchange for this transfer of ownership of handgun parts and handgun ammunition from Brownells, Inc. to Atilio Delgado.

341. Defendant Brownells, Inc. did cause, through shipping the handgun parts and handgun ammunition Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor, without verifying his eligibility to legally possess those items.

342. But for the actions of Brownells, Inc., Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and handgun ammunition.

343. But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

344. Defendant Brownells, Inc. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and handgun ammunition in violation of Federal and State laws when it shipped three (3) shipments to Atilio Delgado that contained any combination of handgun parts or handgun ammunition.

345. Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney,

and to the general public, by, including but not limited to, transferring to a minor handgun parts and handgun ammunition.

346. Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney, as well as to the general public, by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to purchase the products he purchased from the Brownells.com website, which were ultimately purchased, transferred, and furnished in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of his purchase, as required by Federal law and as required of an FFL.

347. Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney, as well as to the general public, by, including but not limited to, failing to ensure the transfer of handgun parts and handgun ammunition was lawful upon delivery due to the lack of appropriate instructions, packaging marking, shipping requirements, FFL transfer requirements, and/or direction to the shipping carrier service used to transfer the package from Brownells, Inc.'s possession to Atilio Delgado, to ensure the transfer of ownership from Brownells, Inc. to Atilio Delgado was lawful and completed only if compliant with Federal law.

348. This breach of duty by Brownells, Inc. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts, and handgun ammunition so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

349. As a direct and proximate cause of Defendant Brownells, Inc.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney, killing him.

350. Defendant Brownells, Inc. intentionally took steps through this transaction to conceal the origin of the purchased goods, shipping them in such a manner that it would not appear possible to retrace the package back to the Brownells, Inc. company.

351. Defendant Brownells, Inc. intentionally took steps to conceal the fact that

ammunition was sold and shipped in this instance, as it had done in many previous orders from its online retail store.

352. Defendant Brownells, Inc.'s conduct in the intentional methods implemented by Brownells, Inc.'s systems to circumvent its known legal requirements for the sale of handgun ammunition within the United States illustrates a clear indifference to the Federal and State laws for providing through commercial purchase handgun parts and handgun ammunition in exchange for money.

353. This action constitutes an implied malice against the Plaintiff, as well as against the wellbeing of the general public and citizens of he United States, showing a blatant disregard of federal law at the cost of the safety of the general public, in exchange for profits.

354. The conduct by Defendant Brownells, Inc. is unconscionable and outrageous conduct.

355. Defendant Brownells, Inc.'s conduct was deliberate in that no age verification or eligibility verification was sufficiently performed on Atilio Delgado to ensure Brownells, Inc. complied with Federal or State law prior to shipping the items purchased by Atilio Delgado to him.

356. This deliberate conduct was so outrageous and was such a clear circumvention of the Federal laws that regulate Defendant Brownells, Inc. that it constitutes implied malice toward not only the Plaintiff, but to the entire public.

357. Defendant Brownells, Inc. has still, to this day, not put into place adequate eligibility confirmation criteria that are sufficient to comply with the Federal law and its age and eligibility requirements to preclude minors or prohibited persons from obtaining handgun ammunition, as they can order handgun ammunition online through Brownells, Inc.'s website and receive it delivered to their doorstep through the mail without ever providing eligibility or age verification.

358. Defendant Brownells, Inc. acted and continues to act in a deliberate and intentional manner when its sale of handgun parts and ammunition to Atilio Delgado, an individuals who obtained their products without Defendant Brownells, Inc. requiring age or eligibility verifications for the purchase, is an incomprehensible intentional act on its part to sell

product to receive profits of $69.01, $26.81, and $52.12 over the safety of the public and over compliance with its requirements under Federal and State laws.

359. Defendant Brownells, Inc.'s conduct in selling prohibited items to the legal minor Atilio Delgado is intolerable conduct that Plaintiff intends to pursue punitive damages through application of the laws of the home state of Brownells, Inc., the State of Iowa, which permits the application of punitive damages in causes of action such as this to punish and deter Brownells Inc.'s conduct, and to deter others similar conduct.

**WHEREFORE** Plaintiff seeks judgement against Defendant Brownells, Inc. for Count V and punitive damages under Iowa Law in an amount that will sufficiently punish and deter this conduct by the Defendant and send a message to others similarly conducting business as the Defendant intentionally did.

## COUNT VI

## PUNITIVE DAMAGES AGAINST BROWNELLS, INC. – WRONGFUL DEATH

360. Plaintiffs repeats and re-alleges the above allegations as if set forth herein in full.

361. Defendant Brownells, Inc., owed Decedent and Mrs. Cluney, as well as ato the general public, a duty as a distributor of both handguns, handgun frames, and ammunition for handguns to ensure that it was compliant with Federal law and not place either handguns, handgun frames, or handgun ammunition into the hands of a minor who was precluded by law from possessing those items.

362. Defendant Brownells, Inc. owed Decedent and Mrs. Cluney, as well as the general public, a duty as a retail supplier of handguns, handgun frames, and ammunition to verify the transactions that they complete with a consumer is a permissible, lawful transaction and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frames, or handgun ammunition in violation of Federal or State law.

363. Defendant Brownells, Inc. did not verify that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of handgun parts or handgun ammunition, as it had failed to do so for others who had purchased handgun

ammunition from its online retail store prior to this incident.

364. Defendant Brownells, Inc. did in fact sell to Atilio Delgado handgun parts and handgun ammunition as defined by Federal and State law.

365. Defendant Brownells, Inc. did take money from Visa gift cards in exchange for this transfer of ownership of handgun parts and handgun ammunition from Brownells, Inc. to Atilio Delgado.

366. Defendant Brownells, Inc. did cause, through shipping the handgun parts and handgun ammunition Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor, without verifying his eligibility to legally possess those items.

367. But for the actions of Brownells, Inc., Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and handgun ammunition.

368. But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

369. Defendant Brownells, Inc. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and handgun ammunition in violation of Federal and State laws when it shipped three (3) shipments to Atilio Delgado that contained any combination of handgun parts or handgun ammunition.

370. Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney, and to the general public, by, including but not limited to, transferring to a minor handgun parts and handgun ammunition.

371. Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney, as well as to the general public, by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to purchase the products he purchased from the Brownells.com website, which were ultimately purchased, transferred, and furnished in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of his purchase, as required by Federal law and as required of an FFL.

372. Defendant Brownells, Inc. breached the duty owed to Decedent and Mrs. Cluney, as well as to the general public, by, including but not limited to, failing to ensure the transfer of handgun parts and handgun ammunition was lawful upon delivery due to the lack of appropriate instructions, packaging marking, shipping requirements, FFL transfer requirements, and/or direction to the shipping carrier service used to transfer the package from Brownells, Inc.'s possession to Atilio Delgado, to ensure the transfer of ownership from Brownells, Inc. to Atilio Delgado was lawful and completed only if compliant with Federal law.

373. This breach of duty by Brownells, Inc. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts, and handgun ammunition so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

374. As a direct and proximate cause of Defendant Brownells, Inc.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney, killing him.

375. Defendant Brownells, Inc. intentionally took steps through this transaction to conceal the origin of the purchased goods, shipping them in such a manner that it would not appear possible to retrace the package back to the Brownells, Inc. company.

376. Defendant Brownells, Inc. intentionally took steps to conceal the fact that ammunition was sold and shipped in this instance, as it had done in many previous orders from its online retail store.

377. Defendant Brownells, Inc.'s conduct in the intentional methods implemented by Brownells, Inc.'s systems to circumvent its known legal requirements for the sale of handgun ammunition within the United States illustrates a clear indifference to the Federal and State laws for providing through commercial purchase handgun parts and handgun ammunition in exchange for money.

378. This action constitutes an implied malice against the Plaintiff, as well as against the wellbeing of the general public and citizens of he United States, showing a blatant disregard

of federal law at the cost of the safety of the general public, in exchange for profits.

379. The conduct by Defendant Brownells, Inc. is unconscionable and outrageous conduct.

380. Defendant Brownells, Inc.'s conduct was deliberate in that no age verification or eligibility verification was sufficiently performed on Atilio Delgado to ensure Brownells, Inc. complied with Federal or State law prior to shipping the items purchased by Atilio Delgado to him.

381. This deliberate conduct was so outrageous and was such a clear circumvention of the Federal laws that regulate Defendant Brownells, Inc. that it constitutes implied malice toward not only the Plaintiff, but to the entire public.

382. Defendant Brownells, Inc. has still, to this day, not put into place adequate eligibility confirmation criteria that are sufficient to comply with the Federal law and its age and eligibility requirements to preclude minors or prohibited persons from obtaining handgun ammunition, as they can order handgun ammunition online through Brownells, Inc.'s website and receive it delivered to their doorstep through the mail without ever providing eligibility or age verification.

383. Defendant Brownells, Inc. acted and continues to act in a deliberate and intentional manner when its sale of handgun parts and ammunition to Atilio Delgado, an individuals who obtained their products without Defendant Brownells, Inc. requiring age or eligibility verifications for the purchase, is an incomprehensible intentional act on its part to sell product to receive profits of $69.01, $26.81, and $52.12 over the safety of the public and over compliance with its requirements under Federal and State laws.

384. Defendant Brownells, Inc.'s conduct in selling prohibited items to the legal minor Atilio Delgado is intolerable conduct that Plaintiff intends to pursue punitive damages through application of the laws of the home state of Brownells, Inc., the State of Iowa, which permits the application of punitive damages in causes of action such as this to punish and deter Brownells Inc.'s conduct, and to deter others similar conduct.

385. Defendant Brownells, Inc.'s conduct in the indifference to the Federal and State laws for providing through commercial purchase handgun parts and handgun ammunition in

exchange for money constitutes an implied malice against the Plaintiff and their safety and is unconscionable and outrageous conduct as applicable to the award of punitive damages in wrongful death actions.

386. This deliberate conduct was so outrageous and was such a clear circumvention of the Federal laws that regulate Defendant Brownells, Inc. that it constitutes implied malice toward Mr. Cluney, causing his wrongful death.

387. Defendant Brownells, Inc.'s conduct in selling prohibited items to the legal minor Atilio Delgado is intolerable conduct that Iowa Law permits the application of punitive damages for the wrongful death to Mr. Cluney to deter theirs and others similar conduct.

**WHEREFORE** Plaintiff seeks judgement against the Defendant Brownells, Inc. for Count VI and punitive damages applying Iowa Law in the full amount authorized under Iowa law to punish Defendant for its outrageous conduct that contributed to the death of Mr. Cluney.

## COUNT VII
## NEGLIGENCE OF MDX CORP.

388. Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

389. Defendant MDX Corp. owed Decedent and Mrs. Cluney a duty as a retail supplier of handguns, handgun frames, and handgun kits or parts to verify the transactions that they complete with a consumer is a permissible, lawful transaction and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frames, or handgun parts in violation of Federal or State law.

390. Defendant MDX Corp. did not verify that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of a handgun, a handgun frame, or handgun parts.

391. Defendant MDX Corp. did in fact sell to Atilio Delgado a handgun, a handgun frame, and/or handgun parts as defined by Federal and State law.

392. Defendant MDX Corp. did take money from a Visa gift card in exchange for this transfer of ownership of a handgun, a handgun frame, and/or handgun parts from MDX Corp. to

Atilio Delgado.

393. Defendant MDX Corp. did cause, through shipping the handgun, handgun frame, and/or handgun parts Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor without verifying his eligibility to legally possess those items.

394. But for the actions of MDX Corp. Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and/or handgun ammunition.

395. But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

396. Defendant MDX Corp. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and handgun ammunition in violation of Federal and State laws when it shipped one (1) shipment to Atilio Delgado that contained any combination of a handgun frame, handgun parts, or handgun ammunition.

397. Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor a handgun, handgun frame, and/or handgun parts.

398. Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to purchase the products he purchased from the MDX Corp. website, which were ultimately purchased transferred, and furnished in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of his purchase, as required by Federal law and as required of an FFL.

399. Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of a handgun, handgun frame, and/or handgun parts was lawful upon delivery due to the lack of appropriate instructions, packaging marking, shipping requirements, FFL transfer requirements, and/or direction to the shipping carrier service used to transfer the package from MDX Corp.'s possession to Atilio Delgado, to ensure the transfer of ownership from MDX Corp. to Atilio Delgado was lawful and completed

only if compliant with Federal law.

400. This breach of duty by MDX Corp. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts, and handgun ammunition so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

401. As a direct and proximate cause of Defendant MDX Corp.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney.

402. As a direct and proximate cause of Defendant MDX Corp.'s negligent, careless, and/or reckless conduct, Decedent experienced physical and emotional injuries, pre-incident fear and terror, fear of imminent and impending death, loss of enjoyment of life, lost opportunities, conscious pain and suffering, and other economic and non-economic damages.

403. Upon hearing the shot, Mrs. Cluney experienced immediate terror and fear.

404. Upon seeing her husband shot, Mrs. Cluney experienced immense emotional distress and fear for the safety of herself, her children, and her injured husband.

405. After getting to her husband, Mrs. Cluney experienced unimaginable emotional distress as a result of holding her husband as he died in her arms.

406. As a direct and proximate cause of Defendant MDX Corp.'s negligent, careless, and/or reckless conduct, Mrs. Cluney experienced imminent fear of bodily injury, post-incident terror, pain and suffering, hedonic damages relating to the lost value of Mr. Cluney's contributions to the household as a father, provider, and husband, and other non-economic and economic damages.

**WHEREFORE** Plaintiff seeks judgement against the Defendant MDX Corp. for Count VII and all damages that may be given by a Jury to the Plaintiff under the law.

## COUNT VIII

**NEGLIGENCE OF MDX CORP. – WRONGFUL DEATH**

407. Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

408. Defendant MDX Corp. owed Decedent and Mrs. Cluney a duty as a distributor of both handguns, handgun frames, and handgun kits or parts for handguns to ensure that it was compliant with Federal law and not place either handguns, handgun frames, or handgun kits or parts into the hands of a minor who was precluded by law from possessing those items.

409. Defendant MDX Corp. owed Decedent and Mrs. Cluney a duty as a retail supplier of handguns, handgun frames, and handgun kits or parts to verify the transactions that they complete with a consumer is a permissible, lawful transaction and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frames, or handgun ammunition in violation of Federal or State law.

410. Defendant MDX Corp. did not verify that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of a handgun, a handgun frame, handgun parts, or handgun kits or parts.

411. Defendant MDX Corp. did in fact sell to Atilio Delgado a handgun, a handgun frame, handgun parts, and/or a handgun kit as defined by Federal and State law.

412. Defendant MDX Corp. did take money from a Visa gift card in exchange for this transfer of ownership of a handgun, a handgun frame, handgun parts, and/or a handgun kit from MDX Corp. to Atilio Delgado.

413. Defendant MDX Corp. did cause, through shipping the handgun, handgun frame, handgun parts, and/or a handgun kit Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor without verifying his eligibility to legally possess those items.

414. But for the actions of MDX Corp., Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and/or handgun ammunition.

415. But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

416. Defendant MDX Corp. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and handgun ammunition in violation of Federal and State laws when it shipped one (1) shipment to Atilio Delgado that contained any combination of a handgun, a handgun frame, handgun parts, or a handgun kit.

417. Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor a handgun, handgun frame, handgun parts, and/or a handgun kit.

418. Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to purchase the products he purchased from the MDX Corp. website, which were ultimately purchased transferred, and furnished in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of his purchase, as required by Federal law and as required of an FFL.

419. Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of a handgun, handgun frame, handgun parts, and/or a handgun kit was lawful upon delivery due to the lack of appropriate instructions, packaging marking, shipping requirements, FFL transfer requirements, and/or direction to the shipping carrier service used to transfer the package from MDX Corp.'s possession to Atilio Delgado, to ensure the transfer of ownership from MDX Corp. to Atilio Delgado was lawful and completed only if compliant with Federal law.

420. This breach of duty by MDX Corp. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts, and handgun ammunition so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

421. As a direct and proximate cause of Defendant MDX Corp.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney, killing him.

422. As a direct and proximate cause of Defendant MDX Corp.'s negligent, careless, and/or reckless conduct, Decedent experienced his untimely and wrongful death.

**WHEREFORE** Plaintiff seeks judgement against the Defendant MDX Corp. for Count VIII and all damages that may be given by a Jury for Wrongful Death to the Plaintiff under the law.

## COUNT IX

## NEGLIGENCE AGAINST MDX CORP. – WRONGFUL DEATH – CONSCIOUS PAIN AND SUFFERING

423. Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

424. Defendant MDX Corp. owed Decedent and Mrs. Cluney a duty as a distributor of both handguns, handgun frames, and kits or parts for handguns to ensure that it was compliant with Federal law and not place either handguns, handgun frames, or handgun ammunition into the hands of a minor who was precluded by law from possessing those items.

425. Defendant MDX Corp. owed Decedent and Mrs. Cluney a duty as a retail supplier of handguns, handgun frames, and kits or parts for handguns to verify the transactions that they complete with a consumer is a permissible, lawful transaction and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frames, or handgun kits or parts in violation of Federal or State law.

426. Defendant MDX Corp. did not verify that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of a handgun, a handgun frame, handgun parts, or handgun kits or parts.

427. Defendant MDX Corp. did in fact sell to Atilio Delgado a handgun, a handgun frame, handgun parts, and/or a handgun kit as defined by Federal and State law.

428. Defendant MDX Corp. did take money from a Visa gift card in exchange for this transfer of ownership of a handgun, a handgun frame, handgun parts, and/or a handgun kit from MDX Corp. to Atilio Delgado.

429. Defendant MDX Corp. did cause, through shipping the handgun, handgun frame, handgun parts, and/or a handgun kit Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other defendant's, despite his legal status as a minor without verifying his eligibility to legally possess those items.

430. But for the actions of MDX Corp., Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and/or a handgun kit.

431. But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

432. Defendant MDX Corp. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and a handgun kit in violation of Federal and State laws when it shipped one (1) shipment to Atilio Delgado that contained any combination of a handgun frame, handgun parts, or a handgun kit.

433. Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor a handgun, handgun frame, handgun parts, and/or a handgun kit.

434. Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to purchase the products he purchased from the MDX Corp. website, which were ultimately purchased transferred, and furnished in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of his purchase, as required by Federal law and as required of an FFL.

435. Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of a handgun, handgun frame, handgun parts, and/or a handgun kit was lawful upon delivery due to the lack of appropriate instructions, packaging marking, shipping requirements, FFL transfer requirements, and/or direction to the shipping carrier service used to transfer the package from MDX Corp.'s possession to Atilio Delgado, to ensure the transfer of ownership from MDX Corp. to Atilio Delgado was lawful and completed only if compliant with Federal law.

436. This breach of duty by MDX Corp. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts, and a handgun kit so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

437. As a direct and proximate cause of Defendant MDX Corp.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney.

438. Upon the weapon being brandished by Atilio Delgado, Decedent James Cluney experienced terror and fear of imminent serious bodily injury, and the terror and fear of imminent death in the moments prior to being shot.

439. Upon being shot, Decedent James Cluney experienced indescribable pain and suffering as the bullet fired from the handgun pierced his flesh and organs.

440. Upon being shot, Decedent James Cluney suffered conscious pain and suffering, and the fear of losing his life and his family prior to dying.

441. After being shot, Decedent James Cluney experienced conscious pain and suffering from the gunshot wound as he lay on his own property until he died.

442. The emotional distress, conscious pain and suffering, and fear of imminent death suffered by the Decedent James Cluney was severe and no reasonable person could be expected to endure it.

443. As a direct and proximate cause of Defendant MDX Corp.'s negligent, careless, and/or reckless conduct, Decedent James Cluney experienced significant conscious pain and suffering and conscious terror and fear of imminent serious bodily injury and death until his untimely and wrongful death.

**WHEREFORE** Plaintiff seeks judgement against the Defendant MDX Corp. for Count IX and all damages that may be given by a Jury to the Plaintiff under the law.

## COUNT X

## NEGLIGENCE AGAINST MDX CORP. – LOSS OF CONSORTIUM

444. Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

445. Defendant MDX Corp. owed Decedent and Mrs. Cluney a duty as a distributor of both handguns, handgun frames, and kits or parts for handguns to ensure that it was compliant with Federal law and not place either handguns, handgun frames, or a handgun kit and parts into the hands of a minor who was precluded by law from possessing those items.

446. Defendant MDX Corp. owed Decedent and Mrs. Cluney a duty as a retail supplier of handguns, handgun frames, and kits or parts for handguns to verify the transactions that they complete with a consumer is a permissible, lawful transaction and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frames, or a handgun kit and parts in violation of Federal or State law.

447. Defendant MDX Corp. did not verify that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of a handgun, a handgun frame, handgun parts, or a handgun kit.

448. Defendant MDX Corp. did in fact sell to Atilio Delgado a handgun, a handgun frame, handgun parts, and/or a handgun kit as defined by Federal and State law.

449. Defendant MDX Corp. did take money from a Visa gift card in exchange for this transfer of ownership of a handgun, a handgun frame, handgun parts, and/or a handgun kit from MDX Corp. to Atilio Delgado.

450. Defendant MDX Corp. did cause, through shipping the handgun, handgun frame, handgun parts, and/or a handgun kit Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor without verifying his eligibility to legally possess those items.

451. But for the actions of MDX Corp., Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and/or a handgun kit.

452. But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

453. Defendant MDX Corp. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and a handgun kit in violation of Federal and State laws when it shipped one (1) shipment to Atilio Delgado that contained any combination of a handgun frame, handgun parts, or a handgun kit.

454. Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor a handgun, handgun frame, handgun parts, and/or a handgun kit.

455. Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to purchase the products he purchased from the MDX Corp. website, which were ultimately purchased transferred, and furnished in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of his purchase, as required by Federal law and as required of an FFL.

456. Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of a handgun, handgun frame, handgun parts, and/or a handgun kit was lawful upon delivery due to the lack of appropriate instructions, packaging marking, shipping requirements, FFL transfer requirements, and/or direction to the shipping carrier service used to transfer the package from MDX Corp.'s possession to Atilio Delgado, to ensure the transfer of ownership from MDX Corp. to Atilio Delgado was lawful and completed only if compliant with Federal law.

457. This breach of duty by MDX Corp. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts, and a handgun kit so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

458. As a direct and proximate cause of Defendant MDX Corp.'s negligent, careless,

and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney, killing him.

459. As a direct and proximate cause of Defendant MDX Corp.'s negligent, careless, and/or reckless conduct, Mrs. Cluney experienced the death of her husband and the deprivation of his companionship, loss of his portion of household duties, loss of caregiving for Mrs. Cluney and their two (2) children, and the permanent loss of his sexual intimacy.

**WHEREFORE** Plaintiff seeks judgement against the Defendant MDX Corp. for Count X and all damages that may be given by a Jury to the Plaintiff under the law.

## COUNT XI

## PUNITIVE DAMAGES AGAINST MDX CORP.

460. Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

461. Defendant MDX Corp. owed Decedent and Mrs. Cluney, as well as the general public, a duty as a distributor of both handguns, handgun frames, and kits or parts for handguns to ensure that it was compliant with Federal law and not place either handguns, handgun frames, or a handgun kit or parts into the hands of a minor who was precluded by law from possessing those items.

462. Defendant MDX Corp. owed Decedent and Mrs. Cluney, as well as the general public, a duty as a retail supplier of handguns, handgun frames, and handgun kits or parts to verify the transactions that they complete with a consumer is a permissible, lawful transaction and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frames, or a handgun kit or parts in violation of Federal or State law.

463. Defendant MDX Corp. did not verify that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of a handgun, a handgun frame, handgun parts, or a handgun kit.

464. Defendant MDX Corp.'s conduct in not verifying that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of a

handgun, handgun frame, handgun parts, or a handgun kit was done with the intent to circumvent the legal requirements put in place by Federal and State laws to prevent prohibited individuals from obtaining or possessing a handgun, handgun frame, handgun parts, or a handgun kit.

465. Defendant MDX Corp. did in fact sell to Atilio Delgado a handgun, a handgun frame, handgun parts, and/or a handgun kit as defined by Federal and State law.

466. Defendant MDX Corp. did take money from a Visa gift card in exchange for this transfer of ownership of a handgun, a handgun frame, handgun parts, and/or a handgun kit from MDX Corp. to Atilio Delgado.

467. Defendant MDX Corp. did cause, through shipping the handgun, handgun frame, handgun parts, and/or a handgun kit Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor without verifying his eligibility to legally possess those items.

468. But for the actions of MDX Corp., Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and/or a handgun kit.

469. But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

470. Defendant MDX Corp. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and a handgun kit in violation of Federal and State laws when it shipped one (1) shipment to Atilio Delgado that contained any combination of a handgun frame, handgun parts, or a handgun kit.

471. Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney, as well as to the general public, by, including but not limited to, transferring to a minor a handgun, handgun frame, handgun parts, and/or a handgun kit.

472. Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney, as well as to the general public, by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to purchase the products he purchased from the MDX Corp. website, which were ultimately purchased transferred, and furnished in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks

at the time of his purchase, as required by Federal law and as required of an FFL.

473. Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney, as well as to the general public, by, including but not limited to, failing to ensure the transfer of a handgun, handgun frame, handgun parts, and/or a handgun kit was lawful upon delivery due to the lack of appropriate instructions, packaging marking, shipping requirements, FFL transfer requirements, and/or direction to the shipping carrier service used to transfer the package from MDX Corp.'s possession to Atilio Delgado, to ensure the transfer of ownership from MDX Corp. to Atilio Delgado was lawful and completed only if compliant with Federal law.

474. This breach of duty by MDX Corp. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts, and a handgun kit so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

475. As a direct and proximate cause of Defendant MDX Corp.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney, killing him.

476. Defendant MDX Corp.'s conduct in the indifference to the Federal and State laws for providing through commercial purchase a handgun, handgun frame, handgun parts, or a handgun kit in exchange for money, without conducting any verification of age or eligibility, constitutes an implied malice against the Plaintiff and their safety and is unconscionable and outrageous conduct.

477. Defendant MDX Corp.'s conduct was deliberate in that no age verification or eligibility verification was sufficiently performed on Atilio Delgado to ensure MDX Corp. complied with Federal or State law prior to shipping the items purchased by Atilio Delgado to him, in clear defiance of both Federal and State laws.

478. This deliberate conduct was so outrageous and was such a clear circumvention of the Federal laws that regulate Defendant MDX Corp. that it constitutes implied malice toward not only the Plaintiff, but to the entire public.

479. Defendant MDX Corp. has still, to this day, not put into place adequate eligibility confirmation criteria that are sufficient to comply with the Federal law and its age and eligibility requirements to preclude minors or prohibited persons from obtaining a handgun kit, as they can order a handgun kit online through MDX Corp.'s website and receive it delivered to their doorstep through the mail without ever providing eligibility or age verification.

480. Defendant MDX Corp. acted and continues to act in a deliberate and intentional manner when its sale of a handgun, handgun frame, and handgun parts to Atilio Delgado, an individual who obtained their products without Defendant MDX Corp. requiring age or eligibility verifications for the purchase, is an incomprehensible intentional act on its part to sell product to receive profits of $434.74 over the safety of the public and over compliance with its requirements under Federal and State laws.

481. Defendant MDX Corp.'s conduct in selling prohibited items to the legal minor Atilio Delgado is intolerable conduct that California law, the jurisdiction where the negligent conduct of MDX Corp. occurred, permits the application of punitive damages to deter theirs and others similar conduct.

**WHEREFORE** Plaintiff seeks judgement against the Defendant MDX Corp. for Count XI and punitive damages applying California law in an amount that will sufficiently punish and deter this conduct by the Defendant and send a message to others similarly conducting business as the Defendant intentionally did.

## COUNT XII

## PUNITIVE DAMAGES AGAINST MDX CORP. – WRONGFUL DEATH

482. Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

483. Defendant MDX Corp. owed Decedent and Mrs. Cluney, as well as to the general public, a duty as a distributor of both handguns, handgun frames, and kits or parts for handguns to ensure that it was compliant with Federal law and not place either handguns, handgun frames, or a handgun kit or parts into the hands of a minor who was precluded by law from possessing those items.

484. Defendant MDX Corp. owed Decedent and Mrs. Cluney, as well as to the general

public, a duty as a retail supplier of handguns, handgun frames, and ammunition to verify the transactions that they complete with a consumer is a permissible, lawful transaction and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frames, or a handgun kit or parts in violation of Federal or State law.

485. Defendant MDX Corp. did not verify that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of a handgun, a handgun frame, handgun parts, or a handgun kit.

486. Defendant MDX Corp.'s conduct in not verifying that Atilio Delgado was legally eligible under Federal and State law to purchase, receive, own, possess, or obtain transfer of a handgun, handgun frame, handgun parts, or a handgun kit was done with the intent to circumvent the legal requirements put in place by Federal and State laws to prevent prohibited individuals from obtaining or possessing a handgun, handgun frame, handgun parts, or a handgun kit.

487. Defendant MDX Corp. did in fact sell to Atilio Delgado a handgun, a handgun frame, handgun parts, and/or a handgun kit as defined by Federal and State law.

488. Defendant MDX Corp. did take money from a Visa gift card in exchange for this transfer of ownership of a handgun, a handgun frame, handgun parts, and/or a handgun kit from MDX Corp. to Atilio Delgado.

489. Defendant MDX Corp. did cause, through shipping the handgun, handgun frame, handgun parts, and/or a handgun kit Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor without verifying his eligibility to legally possess those items.

490. But for the actions of MDX Corp., Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and/or a handgun kit.

491. But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

492. Defendant MDX Corp. independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and a handgun kit in violation of Federal and State

laws when it shipped one (1) shipment to Atilio Delgado that contained any combination of a handgun frame, handgun parts, or a handgun kit.

493. Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney, as well as to the general public, by, including but not limited to, transferring to a minor a handgun, handgun frame, handgun parts, and/or a handgun kit.

494. Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney, as well as to the general public, by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to purchase the products he purchased from the MDX Corp. website, which were ultimately purchased transferred, and furnished in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of his purchase, as required by Federal law and as required of an FFL.

495. Defendant MDX Corp. breached the duty owed to Decedent and Mrs. Cluney, as well as to the general public, by, including but not limited to, failing to ensure the transfer of a handgun, handgun frame, handgun parts, and/or a handgun kit was lawful upon delivery due to the lack of appropriate instructions, packaging marking, shipping requirements, FFL transfer requirements, and/or direction to the shipping carrier service used to transfer the package from MDX Corp.'s possession to Atilio Delgado, to ensure the transfer of ownership from MDX Corp. to Atilio Delgado was lawful and completed only if compliant with Federal law.

496. This breach of duty by MDX Corp. caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts, and a handgun kit so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

497. As a direct and proximate cause of Defendant MDX Corp.'s negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney, killing him.

498. Defendant MDX Corp.'s conduct in the indifference to the Federal and State laws for providing through commercial purchase a handgun, handgun frame, handgun parts, or a

handgun kit in exchange for money constitutes an implied malice against the Plaintiff and their safety and is unconscionable and outrageous conduct as applicable to the award of punitive damages in wrongful death actions.

499. Defendant MDX Corp.'s conduct was deliberate in that no age verification or eligibility verification was sufficiently performed on Atilio Delgado to ensure MDX Corp. complied with Federal or State law prior to shipping the items purchased by Atilio Delgado to him which was the proximate cause of Mr. Cluney's wrongful death.

500. This deliberate conduct was so outrageous and was such a clear circumvention of the Federal laws that regulate Defendant MDX Corp. that it constitutes implied malice toward Mr. Cluney, causing his wrongful death.

501. Defendant MDX Corp. acted and continues to act in a deliberate and intentional manner when its sale of a handgun, handgun frame, handgun parts, and/or ammunition to Atilio Delgado, an individual who obtained their products without Defendant MDX Corp. requiring age or eligibility verifications for the purchase, is an incomprehensible intentional act on its part to sell product to receive profits of $434.74 over the safety of the public and over compliance with its requirements under Federal and State laws.

502. Defendant MDX Corp.'s conduct in selling prohibited items to the legal minor Atilio Delgado is intolerable conduct that California law permits the application of punitive damages for the wrongful death to Mr. Cluney to deter theirs and others similar conduct.

**WHEREFORE** Plaintiff seeks judgement against the Defendant MDX Corp. for Count XII and punitive damages in the full amount authorized under California law to punish Defendant for its outrageous conduct that contributed to the death of Mr. Cluney.

## COUNT XIII
## NEGLIGENCE OF FEDERAL EXPRESS CORPORATION

503. Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

504. Defendant Federal Express Corporation owed Decedent and Mrs. Cluney a duty as a shipping carrier for Brownells, Inc., who is known or should reasonably be known by FedEx to sell handguns, handgun frames, handgun parts or kits, and ammunition for handguns, and who

require contracts from entities as FFL shippers and dealers in firearms or handguns, to ensure that it was compliant with Federal law and not place a handgun, handgun frame, handgun parts or kits, or handgun ammunition into the hands of a minor who was precluded by law from possessing those items.

505. Defendant Federal Express Corporation owed Decedent and Mrs. Cluney a duty as a shipping carrier for Brownells, Inc., who is known or should reasonably be known by FedEx to sell handguns, handgun frames, handgun parts or kits, and ammunition, and who require contracts from entities as FFL shippers and dealers in firearms or handguns, to verify every transaction that they transport and deliver to a consumer is a permissible and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frame, handgun parts or kits, or handgun ammunition in violation of Federal or State law.

506. Defendant Federal Express Corporation did accept a package from a fictional location in Grinnell, Iowa, which is located at or around the distribution center for Brownells, Inc.

507. Defendant Federal Express Corporation did have knowledge and opportunity to inspect the package and identify it as originating from a fictitious place and fictitious location prior to taking the funds from Brownells, Inc. to ship the package.

508. Defendant Federal Express Corporation did not question the packages obtained from Brownells, Inc., through the location identified as the Grinnell Distribution Center at 170 Lang Creek Avenue in Grinnell, Iowa, and proceeded to ship the package, as well as countless others, to its stated destination, all without ever questioning in the contents of the package and whether it required age verification of eligibility to provide the package to the described recipient or location under Federal law, or if it required delivery to an FFL facility.

509. Defendant Federal Express Corporation did not verify that Atilio Delgado was legally eligible under Federal and State law to receive, own, possess, or obtain transfer of a handgun, a handgun frame, handgun parts or kits, or handgun ammunition.

510. Defendant Federal Express Corporation did, in fact, transport and deliver to Atilio Delgado handgun parts and handgun ammunition as defined by Federal and State law from

Brownells, Inc. under an account that was not affiliated with Brownells, Inc.'s FFL corporate account.

511. Defendant Federal Express Corporation did take money from Brownells, Inc. in exchange for this shipping carrier transaction and transfer of handgun parts and handgun ammunition from Federal Express Corporation to Atilio Delgado.

512. Defendant Federal Express Corporation did cause, through shipping the handgun parts and handgun ammunition, Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor without verifying his eligibility to legally possess those items.

513. But for the actions of Federal Express Corporation, Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and handgun ammunition.

514. But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

515. Defendant Federal Express Corporation independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and handgun ammunition in violation of Federal and State laws when it failed to verify the legality of the delivery of the packages processed from Brownells, Inc., a business known or reasonably foreseeable to FedEx that shipments of firearms, handgun frames, handgun parts or kits, or handgun ammunition were likely to be delivered from that entity, when it received, processed, carried, and delivered three (3) shipments to Atilio Delgado that contained any combination of handgun parts or handgun ammunition, without verifying the recipient's age or eligibility to possess those items, with an fictitious origination location on its shipping label.

516. Defendant Federal Express Corporation breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor handgun parts and handgun ammunition.

517. Defendant Federal Express Corporation breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to receive the products shipped from Brownells, Inc., which were ultimately transferred and

furnished to him by FedEx in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of the delivery of those items, as required by Federal law and as required of an FFL shipping company or carrier.

518. Defendant Federal Express Corporation breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of handgun parts and handgun ammunition was lawful upon delivery to the residence due to the lack of appropriate inquiry or insight into the contents of the shipments, failure to obtain appropriate instructions, failure to ensure the packaging had appropriate markings, failing to obtain confirmation that there were no required shipping provisions under the FFL that had to be enforced or verified by FedEx, and failure to confirm eligibility to receive the packages under the FFL when possession was transferred from FedEx to Atilio Delgado.

519. This breach of duty by Federal Express Corporation caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts or kit, and handgun ammunition so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

520. As a direct and proximate cause of Defendant Federal Express Corporation's negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney, killing him.

521. As a direct and proximate cause of Defendant Federal Express Corporation's negligent, careless, and/or reckless conduct, Decedent experienced physical and emotional injuries, pre-incident fear and terror, fear of imminent and impending death, loss of enjoyment of life, lost opportunities, conscious pain and suffering, and other economic and non-economic damages.

522. Upon hearing the shot, Mrs. Cluney experienced immediate terror and fear.

523. Upon seeing her husband shot, Mrs. Cluney experienced immense emotional distress and fear for the safety of herself, her children, and her injured husband.

524. After getting to her husband, Mrs. Cluney experienced unimaginable emotional

distress as a result of holding her husband as he died in her arms.

525. As a direct and proximate cause of Defendant Federal Express Corporation's negligent, careless, and/or reckless conduct, Mrs. Cluney experienced imminent fear of bodily injury, post-incident terror, pain and suffering, hedonic damages relating to the lost value of Mr. Cluney's contributions to the household as a father, provider, and husband, and other non-economic and economic damages.

**WHEREFORE** Plaintiff seeks judgement against the Defendant Federal Express Corporation for Count XIII and all damages that may be given by a Jury to the Plaintiff under the law.

## COUNT XIV

## NEGLIGENCE OF FEDERAL EXPRESS CORPORATION – WRONGFUL DEATH

526. Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

527. Defendant Federal Express Corporation owed Decedent and Mrs. Cluney a duty as a shipping carrier for Brownells, Inc., who is known or should reasonably be known by FedEx to sell handguns, handgun frames, handgun parts or kits, and ammunition for handguns, and who require contracts from entities as FFL shippers and dealers in firearms or handguns, to ensure that it was compliant with Federal law and not place a handgun, handgun frame, handgun parts or kits, or handgun ammunition into the hands of a minor who was precluded by law from possessing those items.

528. Defendant Federal Express Corporation owed Decedent and Mrs. Cluney a duty as a shipping carrier for Brownells, Inc., who is known or should reasonably be known by FedEx to sell handguns, handgun frames, handgun parts or kits, and ammunition, and who require contracts from entities as FFL shippers and dealers in firearms or handguns, to verify every transaction that they transport and deliver to a consumer is a permissible and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frame, handgun parts or kits, or handgun ammunition in violation of Federal or State law.

529. Defendant Federal Express Corporation did accept a package from a fictional location in Grinnell, Iowa, which is located at or around the distribution center for Brownells, Inc.

530. Defendant Federal Express Corporation did have knowledge and opportunity to inspect the package and identify it as originating from a fictitious place and fictitious location prior to taking the funds from Brownells, Inc. to ship the package.

531. Defendant Federal Express Corporation did not question the packages obtained from Brownells, Inc., through the location identified as the Grinnell Distribution Center at 170 Lang Creek Avenue in Grinnell, Iowa, and proceeded to ship the package, as well as countless others, to its stated destination, all without ever questioning in the contents of the package and whether it required age verification of eligibility to provide the package to the described recipient or location under Federal law, or if it required delivery to an FFL facility.

532. Defendant Federal Express Corporation did not verify that Atilio Delgado was legally eligible under Federal and State law to receive, own, possess, or obtain transfer of a handgun, a handgun frame, handgun parts or kits, or handgun ammunition.

533. Defendant Federal Express Corporation did, in fact, transport and deliver to Atilio Delgado handgun parts and handgun ammunition as defined by Federal and State law from Brownells, Inc. under an account that was not affiliated with Brownells, Inc.'s FFL corporate account.

534. Defendant Federal Express Corporation did take money from Brownells, Inc. in exchange for this shipping carrier transaction and transfer of handgun parts and handgun ammunition from Federal Express Corporation to Atilio Delgado.

535. Defendant Federal Express Corporation did cause, through shipping the handgun parts and handgun ammunition, Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor without verifying his eligibility to legally possess those items.

536. But for the actions of Federal Express Corporation, Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and handgun ammunition.

537. But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

538. Defendant Federal Express Corporation independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and handgun ammunition in violation of Federal and State laws when it failed to verify the legality of the delivery of the packages processed from Brownells, Inc., a business known or reasonably foreseeable to FedEx that shipments of firearms, handgun frames, handgun parts or kits, or handgun ammunition were likely to be delivered from that entity, when it received, processed, carried, and delivered three (3) shipments to Atilio Delgado that contained any combination of handgun parts or handgun ammunition, without verifying the recipient's age or eligibility to possess those items, with an fictitious origination location on its shipping label.

539. Defendant Federal Express Corporation breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor handgun parts and handgun ammunition.

540. Defendant Federal Express Corporation breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to receive the products shipped from Brownells, Inc., which were ultimately transferred and furnished to him by FedEx in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of the delivery of those items, as required by Federal law and as required of an FFL shipping company or carrier.

541. Defendant Federal Express Corporation breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of handgun parts and handgun ammunition was lawful upon delivery to the residence due to the lack of appropriate inquiry or insight into the contents of the shipments, failure to obtain appropriate instructions, failure to ensure the packaging had appropriate markings, failing to obtain confirmation that there were no required shipping provisions under the FFL that had to be enforced or verified by FedEx, and failure to confirm eligibility to receive the packages under the FFL when possession was transferred from FedEx to Atilio Delgado.

542. This breach of duty by Federal Express Corporation caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts or kit, and

handgun ammunition so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

543. As a direct and proximate cause of Defendant Federal Express Corporation's negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney, killing him.

544. As a direct and proximate cause of Defendant Federal Express Corporation's negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney, killing him.

545. As a direct and proximate cause of Defendant Federal Express Corporation's negligent, careless, and/or reckless conduct, Decedent experienced his untimely and wrongful death.

**WHEREFORE** Plaintiff seeks judgement against the Defendant Federal Express Corporation for Count XIV and all damages that may be given by a Jury for Wrongful Death to the Plaintiff under the law.

## COUNT XV

## NEGLIGENCE AGAINST FEDERAL EXPRESS CORPORATION – WRONGFUL DEATH - CONSCIOUS PAIN AND SUFFERING

546. Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

547. Defendant Federal Express Corporation owed Decedent and Mrs. Cluney a duty as a shipping carrier for Brownells, Inc., who is known or should reasonably be known by FedEx to sell handguns, handgun frames, handgun parts or kits, and ammunition for handguns, and who require contracts from entities as FFL shippers and dealers in firearms or handguns, to ensure that it was compliant with Federal law and not place a handgun, handgun frame, handgun parts or kits, or handgun ammunition into the hands of a minor who was precluded by law from possessing those items.

548. Defendant Federal Express Corporation owed Decedent and Mrs. Cluney a duty as a shipping carrier for Brownells, Inc., who is known or should reasonably be known by FedEx to sell handguns, handgun frames, handgun parts or kits, and ammunition, and who require contracts from entities as FFL shippers and dealers in firearms or handguns, to verify every transaction that they transport and deliver to a consumer is a permissible and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frame, handgun parts or kits, or handgun ammunition in violation of Federal or State law.

549. Defendant Federal Express Corporation did accept a package from a fictional location in Grinnell, Iowa, which is located at or around the distribution center for Brownells, Inc.

550. Defendant Federal Express Corporation did have knowledge and opportunity to inspect the package and identify it as originating from a fictitious place and fictitious location prior to taking the funds from Brownells, Inc. to ship the package.

551. Defendant Federal Express Corporation did not question the packages obtained from Brownells, Inc., through the location identified as the Grinnell Distribution Center at 170 Lang Creek Avenue in Grinnell, Iowa, and proceeded to ship the package, as well as countless others, to its stated destination, all without ever questioning in the contents of the package and whether it required age verification of eligibility to provide the package to the described recipient or location under Federal law, or if it required delivery to an FFL facility.

552. Defendant Federal Express Corporation did not verify that Atilio Delgado was legally eligible under Federal and State law to receive, own, possess, or obtain transfer of a handgun, a handgun frame, handgun parts or kits, or handgun ammunition.

553. Defendant Federal Express Corporation did, in fact, transport and deliver to Atilio Delgado handgun parts and handgun ammunition as defined by Federal and State law from Brownells, Inc. under an account that was not affiliated with Brownells, Inc.'s FFL corporate account.

554. Defendant Federal Express Corporation did take money from Brownells, Inc. in exchange for this shipping carrier transaction and transfer of handgun parts and handgun

ammunition from Federal Express Corporation to Atilio Delgado.

555. Defendant Federal Express Corporation did cause, through shipping the handgun parts and handgun ammunition, Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor without verifying his eligibility to legally possess those items.

556. But for the actions of Federal Express Corporation, Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and handgun ammunition.

557. But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

558. Defendant Federal Express Corporation independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and handgun ammunition in violation of Federal and State laws when it failed to verify the legality of the delivery of the packages processed from Brownells, Inc., a business known or reasonably foreseeable to FedEx that shipments of firearms, handgun frames, handgun parts or kits, or handgun ammunition were likely to be delivered from that entity, when it received, processed, carried, and delivered three (3) shipments to Atilio Delgado that contained any combination of handgun parts or handgun ammunition, without verifying the recipient's age or eligibility to possess those items, with an fictitious origination location on its shipping label.

559. Defendant Federal Express Corporation breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor handgun parts and handgun ammunition.

560. Defendant Federal Express Corporation breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to receive the products shipped from Brownells, Inc., which were ultimately transferred and furnished to him by FedEx in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of the delivery of those items, as required by Federal law and as required of an FFL shipping company or carrier.

561. Defendant Federal Express Corporation breached the duty owed to Decedent and

Mrs. Cluney by, including but not limited to, failing to ensure the transfer of handgun parts and handgun ammunition was lawful upon delivery to the residence due to the lack of appropriate inquiry or insight into the contents of the shipments, failure to obtain appropriate instructions, failure to ensure the packaging had appropriate markings, failing to obtain confirmation that there were no required shipping provisions under the FFL that had to be enforced or verified by FedEx, and failure to confirm eligibility to receive the packages under the FFL when possession was transferred from FedEx to Atilio Delgado.

562. This breach of duty by Federal Express Corporation caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts or kit, and handgun ammunition so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

563. As a direct and proximate cause of Defendant Federal Express Corporation's negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition when he confronted the Decedent, Mr. James Cluney.

564. Upon the weapon being brandished by Atilio Delgado, Decedent James Cluney experienced terror and fear of imminent serious bodily injury, and the terror and fear of imminent death in the moments prior to being shot.

565. Upon being shot, Decedent James Cluney experienced indescribable pain and suffering as the bullet fired from the handgun pierced his flesh and organs.

566. Upon being shot, Decedent James Cluney suffered conscious pain and suffering, and the fear of losing his life and his family prior to dying.

567. After being shot, Decedent James Cluney experienced conscious pain and suffering from the gunshot wound as he lay on his own property until he died.

568. The emotional distress, conscious pain and suffering, and fear of imminent death suffered by the Decedent James Cluney was severe and no reasonable person could be expected to endure it.

569. As a direct and proximate cause of Defendant Federal Express Corporation's

negligent, careless, and/or reckless conduct, Decedent James Cluney experienced significant conscious pain and suffering and conscious terror and fear of imminent serious bodily injury and death until his untimely and wrongful death.

**WHEREFORE** Plaintiff seeks judgement against the Defendant Federal Express Corporation for Count XV and all damages that may be given by a Jury to the Plaintiff under the law.

## COUNT XVI

## NEGLIGENCE AGAINST FEDERAL EXPRESS CORPORATION – LOSS OF CONSORTIUM

570. Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

571. Defendant Federal Express Corporation owed Decedent and Mrs. Cluney a duty as a shipping carrier for Brownells, Inc., who is known or should reasonably be known by FedEx to sell handguns, handgun frames, handgun parts or kits, and ammunition for handguns, and who require contracts from entities as FFL shippers and dealers in firearms or handguns, to ensure that it was compliant with Federal law and not place a handgun, handgun frame, handgun parts or kits, or handgun ammunition into the hands of a minor who was precluded by law from possessing those items.

572. Defendant Federal Express Corporation owed Decedent and Mrs. Cluney a duty as a shipping carrier for Brownells, Inc., who is known or should reasonably be known by FedEx to sell handguns, handgun frames, handgun parts or kits, and ammunition, and who require contracts from entities as FFL shippers and dealers in firearms or handguns, to verify every transaction that they transport and deliver to a consumer is a permissible and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frame, handgun parts or kits, or handgun ammunition in violation of Federal or State law.

573. Defendant Federal Express Corporation did accept a package from a fictional location in Grinnell, Iowa, which is located at or around the distribution center for Brownells, Inc.

574. Defendant Federal Express Corporation did have knowledge and opportunity to inspect the package and identify it as originating from a fictitious place and fictitious location prior to taking the funds from Brownells, Inc. to ship the package.

575. Defendant Federal Express Corporation did not question the packages obtained from Brownells, Inc., through the location identified as the Grinnell Distribution Center at 170 Lang Creek Avenue in Grinnell, Iowa, and proceeded to ship the package, as well as countless others, to its stated destination, all without ever questioning in the contents of the package and whether it required age verification of eligibility to provide the package to the described recipient or location under Federal law, or if it required delivery to an FFL facility.

576. Defendant Federal Express Corporation did not verify that Atilio Delgado was legally eligible under Federal and State law to receive, own, possess, or obtain transfer of a handgun, a handgun frame, handgun parts or kits, or handgun ammunition.

577. Defendant Federal Express Corporation did, in fact, transport and deliver to Atilio Delgado handgun parts and handgun ammunition as defined by Federal and State law from Brownells, Inc. under an account that was not affiliated with Brownells, Inc.'s FFL corporate account.

578. Defendant Federal Express Corporation did take money from Brownells, Inc. in exchange for this shipping carrier transaction and transfer of handgun parts and handgun ammunition from Federal Express Corporation to Atilio Delgado.

579. Defendant Federal Express Corporation did cause, through shipping the handgun parts and handgun ammunition, Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor without verifying his eligibility to legally possess those items.

580. But for the actions of Federal Express Corporation, Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and handgun ammunition.

581. But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

582. Defendant Federal Express Corporation independently created the dangerous

situation by allowing a minor to possess a handgun, handgun parts, and handgun ammunition in violation of Federal and State laws when it failed to verify the legality of the delivery of the packages processed from Brownells, Inc., a business known or reasonably foreseeable to FedEx that shipments of firearms, handgun frames, handgun parts or kits, or handgun ammunition were likely to be delivered from that entity, when it received, processed, carried, and delivered three (3) shipments to Atilio Delgado that contained any combination of handgun parts or handgun ammunition, without verifying the recipient's age or eligibility to possess those items, with an fictitious origination location on its shipping label.

583. Defendant Federal Express Corporation breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, transferring to a minor handgun parts and handgun ammunition.

584. Defendant Federal Express Corporation breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to receive the products shipped from Brownells, Inc., which were ultimately transferred and furnished to him by FedEx in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of the delivery of those items, as required by Federal law and as required of an FFL shipping company or carrier.

585. Defendant Federal Express Corporation breached the duty owed to Decedent and Mrs. Cluney by, including but not limited to, failing to ensure the transfer of handgun parts and handgun ammunition was lawful upon delivery to the residence due to the lack of appropriate inquiry or insight into the contents of the shipments, failure to obtain appropriate instructions, failure to ensure the packaging had appropriate markings, failing to obtain confirmation that there were no required shipping provisions under the FFL that had to be enforced or verified by FedEx, and failure to confirm eligibility to receive the packages under the FFL when possession was transferred from FedEx to Atilio Delgado.

586. This breach of duty by Federal Express Corporation caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts or kit, and handgun ammunition so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio

Delgado from illegally purchasing and possessing handguns.

587. As a direct and proximate cause of Defendant Federal Express Corporation's negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney, killing him.

588. As a direct and proximate cause of Defendant Federal Express Corporation's negligent, careless, and/or reckless conduct, Mrs. Cluney experienced the death of her husband and the deprivation of his companionship, loss of his function of household duties, loss of caregiving for Mrs. Cluney and their two (2) children, and loss of his sexual intimacy.

**WHEREFORE** Plaintiff seeks judgement against the Defendant Federal Express Corporation for Count XVI and all damages that may be given by a Jury to the Plaintiff under the law.

## COUNT XVII

## PUNITIVE DAMAGES AGAINST FEDERAL EXPRESS CORPORATION

589. Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

590. Defendant Federal Express Corporation owed Decedent and Mrs. Cluney, as well as the general public, a duty as a shipping carrier for Brownells, Inc., who is known or should reasonably be known by FedEx to sell handguns, handgun frames, handgun parts or kits, and ammunition for handguns, and who require contracts from those entities as FFL shippers and dealers in firearms or handguns, to ensure that it was compliant with Federal law and not place a handgun, handgun frame, handgun parts or kits, or handgun ammunition into the hands of a minor who was precluded by law from possessing those items.

591. Defendant Federal Express Corporation owed Decedent and Mrs. Cluney, as well as the general public, a duty as a shipping carrier for Brownells, Inc., who is known or should reasonably be known by FedEx to sell handguns, handgun frames, handgun parts or kits, and ammunition, and who require contracts from those entities as FFL shippers and dealers in firearms or handguns, to verify every transaction that they transport and deliver to a consumer is a permissible and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frame,

handgun parts or kits, or handgun ammunition in violation of Federal or State law.

592. Defendant Federal Express accepted packages from Brownells, Inc. that did not state that they came from Brownells, Inc.

593. Defendant Federal Express took money in exchange for the delivery of those packages without asking Brownells, Inc. to verify that the contents were legal for FedEx to take possession of for transport and delivery.

594. Defendant Federal Express Corporation did not verify that Atilio Delgado was legally eligible under Federal and State law to receive, own, possess, or obtain transfer of a handgun parts or handgun ammunition.

595. Defendant Federal Express Corporation did, in fact, transport and deliver to Atilio Delgado handgun parts and handgun ammunition as defined by Federal and State law from Brownells, Inc. and/or MDX Corp.

596. Defendant Federal Express Corporation did take money from Brownells, Inc. in exchange for this shipping carrier transaction and transfer of handgun parts and handgun ammunition from Federal Express Corporation to Atilio Delgado, despite the origin of the packages coming from a fictitious location and not originating through Brownells, Inc.'s FFL corporate account.

597. Defendant Federal Express Corporation did in fact cause, through shipping handgun parts and handgun ammunition, Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor without verifying his eligibility to legally possess those items.

598. But for the actions of Federal Express Corporation, Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and/or handgun ammunition.

599. But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

600. Defendant Federal Express Corporation independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and handgun ammunition in

violation of Federal and State laws when it failed to verify the legality of the shipments processed from Brownells, Inc., a business known or reasonably foreseeable to FedEx that shipments of firearms, handgun frames, handgun parts or kits, or handgun ammunition were likely to be delivered from those entities when it received, processed, carried, and delivered three (3) shipments to Atilio Delgado that contained any combination of handgun parts or handgun ammunition, without verifying the recipient's age or eligibility to possess those items.

601. Defendant Federal Express Corporation breached the duty owed to Decedent and Mrs. Cluney, and to the general public, by, including but not limited to, transferring to a minor handgun parts and handgun ammunition.

602. Defendant Federal Express Corporation breached the duty owed to Decedent and Mrs. Cluney, and to the general public, by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to receive the products shipped from Brownells, Inc., which were ultimately transferred and furnished to him by FedEx in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of the delivery of those items, as required by Federal law and as required of an FFL shipping company or carrier.

603. Defendant Federal Express Corporation breached the duty owed to Decedent and Mrs. Cluney, and to the general public, by, including but not limited to, failing to ensure the transfer of handgun parts and handgun ammunition was lawful upon delivery to the residence due to the lack of appropriate inquiry or insight into the contents of the shipments, failure to obtain appropriate instructions, failure to ensure the packaging had appropriate markings, failing to obtain confirmation that there were no required shipping provisions under the FFL that had to be enforced or verified by FedEx, and failure to confirm eligibility to receive the packages under the FFL when possession was transferred from FedEx to Atilio Delgado.

604. This breach of duty by Federal Express Corporation caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts or kit, and handgun ammunition so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

605. As a direct and proximate cause of Defendant Federal Express Corporation's negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney.

606. Defendant Federal Express Corporation's conduct in the indifference to the Federal and State laws for providing through commercial shipping carrier transport a handgun, handgun frame, handgun parts or kit, or handgun ammunition in exchange for money constitutes an implied malice against the Plaintiff and their safety and is unconscionable and outrageous conduct.

607. Defendant Federal Express Corporation's conduct was deliberate in that no questions were asked of Brownells, Inc., who originated the shipping requests, to verify the contents of the package were legal for transportation.

608. Defendant Federal Express Corporate's conduct in not returning the packages back to Brownells, Inc. when they were registered to ship from a fictitious location at an empty field located at 170 Lang Creek Avenue in Grinnell, Iowa placed profits over the safety of the Decedent, Mrs. Cluney, and the general public.

609. Defendant Federal Express Corporation failed to obtain age verification or eligibility verification on the recipient Atilio Delgado to ensure Federal Express Corporation complied with Federal or State law prior to transferring ownership of the items purchased from Brownells, Inc.

610. This deliberate conduct was so outrageous and was such a clear circumvention of the Federal laws that regulate Defendant Federal Express Corporation that it constitutes implied malice toward not only the Plaintiff, but to the entire public.

611. Defendant Federal Express Corporation has still, to this day, not put into place adequate eligibility confirmation criteria that are sufficient to comply with the Federal law and its age and eligibility requirements to preclude minors or prohibited persons from obtaining handgun ammunition, as handgun ammunition can be ordered online and shipped from known distributors of handgun ammunition through Federal Express Corporation and received, delivered to their doorstep, without ever verifying eligibility or age.

612. Defendant Federal Express Corporation acted and continues to act in a deliberate

and intentional manner when its transfer of a handgun, handgun frame, handgun parts, and/or ammunition to Atilio Delgado, and other individuals who obtain illegal products without Defendant Federal Express Corporation requiring age or eligibility verifications for the purchase, is an incomprehensible intentional act on its part to ship packages from known contracted FFL vendors to private residences without verifying age or eligibly, in exchange for profits., placing profit over the safety of the public and over compliance with its requirements under Federal and State laws.

613. Defendant Federal Express Corporations substantive punishable conduct occurred within the state of Iowa, and therefore may be assessed under Iowa Law for the application of punitive damages.

614. Defendant Federal Express Corporation's conduct in shipping and transferring prohibited items to the minor Atilio Delgado is intolerable conduct that Iowa Law, the jurisdiction in which the negligence of FedEx occurred, permits the application of punitive damages to deter theirs and others similar conduct.

**WHEREFORE** Plaintiff seeks judgement against the Defendant Federal Express Corporation for Count XVII and punitive damages under Iowa Law to punish Defendant for its outrageous conduct that contributed to the death of Mr. Cluney.

## COUNT XVIII

## PUNITIVE DAMAGES AGAINST FEDERAL EXPRESS CORPORATION – WRONGFUL DEATH

615. Plaintiff repeats and re-alleges the above allegations as if set forth herein in full.

616. Defendant Federal Express Corporation owed Decedent and Mrs. Cluney, as well as the general public, a duty as a shipping carrier for Brownells, Inc., who is known or should reasonably be known by FedEx to sell handguns, handgun frames, handgun parts or kits, and ammunition for handguns, and who require contracts from those entities as FFL shippers and dealers in firearms or handguns, to ensure that it was compliant with Federal law and not place a handgun, handgun frame, handgun parts or kits, or handgun ammunition into the hands of a minor who was precluded by law from possessing those items.

617. Defendant Federal Express Corporation owed Decedent and Mrs. Cluney, as well as the general public, a duty as a shipping carrier for Brownells, Inc., who is known or should reasonably be known by FedEx to sell handguns, handgun frames, handgun parts or kits, and ammunition, and who require contracts from those entities as FFL shippers and dealers in firearms or handguns, to verify every transaction that they transport and deliver to a consumer is a permissible and lawful transfer of the product within their exclusive authority and control, so as to prevent an individual from unlawfully being furnished with a handgun, handgun frame, handgun parts or kits, or handgun ammunition in violation of Federal or State law.

618. Defendant Federal Express accepted packages from Brownells, Inc. that did not state that they came from Brownells, Inc.

619. Defendant Federal Express took money in exchange for the delivery of those packages without asking Brownells, Inc. to verify that the contents were legal for FedEx to take possession of for transport and delivery.

620. Defendant Federal Express Corporation did not verify that Atilio Delgado was legally eligible under Federal and State law to receive, own, possess, or obtain transfer of a handgun parts or handgun ammunition.

621. Defendant Federal Express Corporation did, in fact, transport and deliver to Atilio Delgado handgun parts and handgun ammunition as defined by Federal and State law from Brownells, Inc. and/or MDX Corp.

622. Defendant Federal Express Corporation did take money from Brownells, Inc. in exchange for this shipping carrier transaction and transfer of handgun parts and handgun ammunition from Federal Express Corporation to Atilio Delgado, despite the origin of the packages coming from a fictitious location and not originating through Brownells, Inc.'s FFL corporate account.

623. Defendant Federal Express Corporation did in fact cause, through shipping handgun parts and handgun ammunition, Atilio Delgado to come into possession of the essential components necessary to construct a loaded and operating handgun, in combination with the other Defendants, despite his legal status as a minor without verifying his eligibility to legally possess those items.

624. But for the actions of Federal Express Corporation, Atilio Delgado would not have been in possession of a handgun, handgun frame, handgun parts, and/or handgun ammunition.

625. But for Atilio Delgado's possession of this illegal handgun and illegal ammunition, Mr. Cluney would not have been shot.

626. Defendant Federal Express Corporation independently created the dangerous situation by allowing a minor to possess a handgun, handgun parts, and handgun ammunition in violation of Federal and State laws when it failed to verify the legality of the shipments processed from Brownells, Inc., a business known or reasonably foreseeable to FedEx that shipments of firearms, handgun frames, handgun parts or kits, or handgun ammunition were likely to be delivered from those entities when it received, processed, carried, and delivered three (3) shipments to Atilio Delgado that contained any combination of handgun parts or handgun ammunition, without verifying the recipient's age or eligibility to possess those items.

627. Defendant Federal Express Corporation breached the duty owed to Decedent and Mrs. Cluney, and to the general public, by, including but not limited to, transferring to a minor handgun parts and handgun ammunition.

628. Defendant Federal Express Corporation breached the duty owed to Decedent and Mrs. Cluney, and to the general public, by, including but not limited to, failing to confirm that Atilio Delgado was of lawful age to receive the products shipped from Brownells, Inc., which were ultimately transferred and furnished to him by FedEx in violation of Federal and State law because of his legal status as a minor, without any verification of his age or background checks at the time of the delivery of those items, as required by Federal law and as required of an FFL shipping company or carrier.

629. Defendant Federal Express Corporation breached the duty owed to Decedent and Mrs. Cluney, and to the general public, by, including but not limited to, failing to ensure the transfer of handgun parts and handgun ammunition was lawful upon delivery to the residence due to the lack of appropriate inquiry or insight into the contents of the shipments, failure to obtain appropriate instructions, failure to ensure the packaging had appropriate markings, failing to obtain confirmation that there were no required shipping provisions under the FFL that had to be enforced or verified by FedEx, and failure to confirm eligibility to receive the packages under

the FFL when possession was transferred from FedEx to Atilio Delgado.

630. This breach of duty by Federal Express Corporation caused Atilio Delgado to unlawfully come into the possession of a handgun, handgun frame, handgun parts or kit, and handgun ammunition so as to construct a fully functioning and armed handgun, unlawfully, as a minor, without subjecting him to the required background and age verification criteria that Federal and State laws were specifically enacted, whose purpose is to prevent minors like Atilio Delgado from illegally purchasing and possessing handguns.

631. As a direct and proximate cause of Defendant Federal Express Corporation's negligent, careless, and/or reckless conduct, Atilio Delgado was in possession of a functioning handgun with ammunition and shot the Decedent, Mr. James Cluney.

632. Defendant Federal Express Corporation's conduct in the indifference to the Federal and State laws for providing through commercial shipping carrier transport a handgun, handgun frame, handgun parts or kit, or handgun ammunition in exchange for money constitutes an implied malice against the Plaintiff and their safety and is unconscionable and outrageous conduct.

633. Defendant Federal Express Corporation's conduct was deliberate in that no questions were asked of Brownells, Inc., who originated the shipping requests, to verify the contents of the package were legal for transportation.

634. Defendant Federal Express Corporate's conduct in not returning the packages back to Brownells, Inc. when they were registered to ship from a fictitious location at an empty field located at 170 Lang Creek Avenue in Grinnell, Iowa placed profits over the safety of the Decedent, Mrs. Cluney, and the general public.

635. Defendant Federal Express Corporation failed to obtain age verification or eligibility verification on the recipient Atilio Delgado to ensure Federal Express Corporation complied with Federal or State law prior to transferring ownership of the items purchased from Brownells, Inc.

636. This deliberate conduct was so outrageous and was such a clear circumvention of the Federal laws that regulate Defendant Federal Express Corporation that it constitutes implied malice toward not only the Plaintiff, but to the entire public.

637. Defendant Federal Express Corporation has still, to this day, not put into place adequate eligibility confirmation criteria that are sufficient to comply with the Federal law and its age and eligibility requirements to preclude minors or prohibited persons from obtaining handgun ammunition, as handgun ammunition can be ordered online and shipped from known distributors of handgun ammunition through Federal Express Corporation and received, delivered to their doorstep, without ever verifying eligibility or age.

638. Defendant Federal Express Corporation acted and continues to act in a deliberate and intentional manner when its transfer of a handgun, handgun frame, handgun parts, and/or ammunition to Atilio Delgado, and other individuals who obtain illegal products without Defendant Federal Express Corporation requiring age or eligibility verifications for the purchase, is an incomprehensible intentional act on its part to ship packages from known contracted FFL vendors to private residences without verifying age or eligibly, in exchange for profits., placing profit over the safety of the public and over compliance with its requirements under Federal and State laws.

639. Defendant Federal Express Corporations substantive punishable conduct occurred within the state of Iowa, and therefore may be assessed under Iowa Law for the application of punitive damages.

640. Defendant Federal Express Corporation's conduct in shipping and transferring prohibited items to the minor Atilio Delgado is intolerable conduct that Iowa Law, the jurisdiction in which the negligence of FedEx occurred, permits the application of punitive damages to deter theirs and others similar conduct for the wrongful death of the Decedent.

**WHEREFORE** Plaintiff seeks judgement against the Defendant Federal Express Corporation for Count XVIII and punitive damages under Iowa law to punish Defendant for its outrageous conduct that contributed to the death of Mr. Cluney.

## RELIEF SOUGHT

WHEREFORE, the Plaintiff Billi-Jo Cluney, individually and as Personal Representative of the Estate of James M. Cluney, Sr., requests judgment in their favor against the Defendants, jointly and severally, their agents and/or employees, on each and every claim to reasonably

compensate her for all pecuniary and non-pecuniary damages allowable under 18-C M.R.S.A. § 2-807 and other laws cited to above in this Complaint, including but not limited to:

a) Fair and just compensation for Billi-Jo Cluney for negligence, intentional infliction of emotional distress, conscious pain and suffering, loss of consortium, comfort and society and companionship of her husband as permitted by Maine Law;

b) Damages to compensate the Estate of James M. Cluney, Sr., for the reasonable expenses of medical hospital care and treatment and for reasonable funeral expenses that it incurred, pursuant to 18-C M.R.S.A. § 2-807;

c) Damages for the conscious pain and suffering endured by the Decedent prior to his death, pursuant to 18-C M.R.S.A. § 2-807;

d) Damages for the Wrongful Death of the Decedent, pursuant to 18-C M.R.S.A. § 2-807;

e) Damages for Loss of Service and Loss of Earnings/Income for Mrs. Cluney for the unfair or deceptive trade practices of Defendants Brownells, Inc. and FedEx;

f) Punitive Damages against each Defendant, as noticed in this Amended Complaint according to the premise of dépeçage for application of the punitive damage laws of the State of California for MDX Corp. and for the State of Iowa for both Brownells, Inc. and FedEx; and

h) Any and all further relief as this Court and/or Jury deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all counts.

Dated at Portland, Maine this 17th day of March, 2026.

Respectfully submitted,

Peter Richard, Esq. – Bar #4674
David Kreisler, Esq. – Bar #8098
*Attorneys for Plaintiff*
GARMEY LAW
482 Congress Street, Suite 402
Portland, ME 04101
(207) 899-4644
dkreisler@garmeylaw.com
prichard@garmeylaw.com

**CERTIFICATE OF SERVICE**

I, Peter Richard, hereby certify that on this 17th day of March, 2026, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to the following:

JASON W. BERNHARDT, JR.
FEDERAL EXPRESS CORPORATION
3620 HACKS CROSS ROAD
BUILDING B, 3RD FLOOR
MEMPHIS, TN 38125
Email: jasonbernhardt@fedex.com

-and-

JULIA BRENNAN MACDONALD
PIERCE ATWOOD LLP
254 COMMERCIAL STREET
PORTLAND, ME 04101
Email: jmacdonald@pierceatwood.com

THOMAS WHITELAW MURREY , JR.
FEDERAL EXPRESS CORPORATION
LITIGATION DEPARTMENT

3620 HACKS CROSS ROAD
BUILDING B
3RD FLOOR
MEMPHIS, TN 38125
901-434-8558
Fax: 901-434-9279
Email: twmurrey@fedex.com
*Attorneys for Defendant FedEx Corporate Services, Inc.*

SIGMUND D. SHUTZ
PRETI FLAHERTY, LLP
P.O. BOX 9546
PORTLAND, ME 04112-9546
Email: sschutz@preti.com

-and-

RYAN L. ERDREICH, ESQ.
PISCIOTTI LALLIS ERDREICH
30 COLUMBIA TURNPIKE, SUITE 205
FLORHAM PARK, NJ 07932
Email: rerdreich@pisciotti.com
*Attorneys for Defendant MDX Corp.*

JEFFREY D. RUSSELL
VERRILL DANA, LLP
ONE PORTLAND SQUARE
PORTLAND, ME 04101
Email: jrussell@verrill-law.com

-and-

CHRISTOPHER RENZULLI, ESQ.
SCOTT C. ALLEN
WILLIAM J. DIGGS
PATRICK WILLIAM MCDONALD
JEFFREY MALSCH
RENZULLI LAW FIRM, LLP
ONE NORTH BROADWAY, SUITE 1005
WHITE PLAINS, NY 10601
Email: crenzulli@renzullilaw.com
Email: sallen@renzullilaw.com
Email: wdiggs@renzullilaw.com
*Attorneys for Defendant Brownells, Inc.*

Peter Richard, Esq.
David Kreisler, Esq.
Maine Bar No. 004674
prichard@garmeylaw.com
dkreisler@garmeylaw.com
GARMEY LAW
482 Congress St. Suite 402
Portland, ME 04101
Phone: 207-899-4644
Fax: 207-541-9242
*Attorneys for Plaintiff, Billi-Jo Cluney Individually and as Personal Representative for the Estate of James Cluney*