UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

BILLI-JO CLUNEY,                                )
individually and as personal                    )
representative for the Estate of                )
James M. Cluney, Sr.,                           )
                                                )        1:24-cv-00207-SDN
                    Plaintiff,                  )
                                                )
v.                                              )
                                                )
BROWNELLS, INC., et al.,

                    Defendants.

## ORDER ON JOINT MOTION TO DISMISS FEDERAL EXPRESS CORPORATION

WHEREAS, Plaintiff and Federal Express Corporation ("FedEx") have entered into an agreement to settle Plaintiff's claims against FedEx;

WHEREAS, as part of that settlement agreement, Plaintiff and FedEx desire to enter into a *Pierringer* Release, as provided for in 14 M.R.S. §§ 156, 163;

WHEREAS, Plaintiff agrees to not seek to recover from any remaining party any damages, in whole or in part, attributable to FedEx's share of responsibility for Plaintiff's damages, if any;

WHEREAS, upon consideration of the joint motion to dismiss all claims against FedEx with prejudice and without costs, filed by Plaintiff and FedEx (the "Motion"), together with the entire record appearing before this Court, it is hereby ORDERED, as follows:

1. The Motion is **GRANTED**.

2. At trial, evidence of the settlement between Plaintiff and FedEx shall not be admissible against any remaining party.

1

3. The Plaintiff shall not be permitted to collect from any remaining party any damages attributable to FedEx's share of responsibility, if any.

4. As provided by 14 M.R.S. §§ 156, 163, each and every claim and cause of action that was or could have been asserted against FedEx in this matter is hereby dismissed with prejudice, including all claims for contribution that may or could have been asserted against FedEx by any remaining parties to this lawsuit, which are hereby barred.

5. The ability of any remaining party to have the liability of FedEx adjudicated, if any such liability exists, is preserved. The following shall apply:

    a. As provided in 14 M.R.S. §§ 156, 163, any remaining defendant has the right through the use of special interrogatories to request the jury to determine the percentage of fault contributed by each defendant, if any, including FedEx.

    b. As provided in 14 M.R.S. §§ 156, 163, any remaining party may conduct discovery against FedEx and invoke evidentiary rules at trial as if FedEx were still a party.

    c. As provided in 14 M.R.S. §§ 156, 163, in apportioning responsibility for claims that are the subject of the settlement agreement between Plaintiff and FedEx, and are presented at trial, a finding on the issue of FedEx's liability binds all parties to this suit, but such a finding shall have no binding effect in other actions relating to any other damage claims.

    d. As provided in 14 M.R.S. § 163, the Court shall reduce any judgment obtained by Plaintiff by either the amount determined at trial to be

attributable to FedEx's share of responsibility, if any was found, or if no such finding is made, then by the value of the consideration given to Plaintiff by FedEx for the settlement.

6. No costs are assessed against FedEx.

**SO ORDERED.**

Dated this 1st day of May, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**