UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| BILLI-JO CLUNEY, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF JAMES M. CLUNEY, SR., | ) | |
| Plaintiff, | ) | 1:24-cv-00207-SDN |
| v. | ) | |
| BROWNELLS, INC., MDX CORP., and FEDERAL EXPRESS CORPORATION, | ) | |
| Defendants. | ) | |

**ORDER GRANTING JOINT MOTION TO DISMISS MDX CORP.**

Plaintiff Billi-Jo Cluney, individually and as personal representative for the Estate of James M. Cluney, Sr. ("Ms. Cluney"), and MDX Corp. ("MDX") jointly move to dismiss all of Ms. Cluney's claims against MDX with prejudice and without costs. ECF No. 75. Ms. Cluney and MDX report to the Court that they have entered into a settlement agreement and desire to enter into a *Pierringer* Release, as provided for in 14 M.R.S. §§ 156, 163. Ms. Cluney agrees to not seek to recover from any remaining party any damages, in whole or in part, attributable to MDX's share of responsibility for Ms. Cluney's damages, if any. Neither Brownells, Inc. nor Federal Express Corporation filed an objection to the motion.

Accordingly, the Court **ORDERS** as follows:

1. The Court **GRANTS** the Joint Motion to Dismiss, ECF No. 75. Ms. Cluney's claims against MDX are **DISMISSED WITH PREJUDICE**.
2. At trial, evidence of the settlement between Ms. Cluney and MDX will not be admissible against any remaining party.

3. Ms. Cluney may not collect from any remaining party any damages attributable to MDX's share of responsibility, if any.

4. As provided by 14 M.R.S. §§ 156, 163, each and every claim and cause of action that was or could have been asserted against MDX in this matter is hereby dismissed with prejudice, including all claims for contribution that may or could have been asserted against MDX by any remaining parties to this lawsuit, which are hereby barred.

5. The Court preserves a fair opportunity for the remaining parties to have MDX's liability adjudicated, as follows:

   a. As provided in 14 M.R.S. §§ 156, 163, the remaining defendants have the right to request the jury, through special interrogatories, determine the percentage of fault contributed by each defendant, if any, including MDX.

   b. As provided in 14 M.R.S. §§ 156, 163, any remaining party may conduct discovery against MDX and invoke evidentiary rules at trial as if MDX were still a party.

   c. As provided in 14 M.R.S. §§ 156, 163, in apportioning responsibility for claims that are the subject of the settlement agreement between Ms. Cluney and MDX, and are presented at trial, a finding on the issue of MDX's liability binds all parties to this suit, but such a finding will have no binding effect in other actions relating to any other damage claims.

   d. As provided in 14 M.R.S. § 163, the Court shall reduce any judgment obtained by Ms. Cluney by either the amount determined at trial to be attributable to MDX's share of responsibility, if any was found, or if no such

finding is made, then by the value of the consideration given to Ms. Cluney by MDX for the settlement.

e. No costs are assessed against MDX.

**SO ORDERED.**

Dated this 17th day of November, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**